UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          Bankruptcy Case No.  15-30125

The Archdiocese of Saint Paul and                    CHAPTER 11 CASE
Minneapolis,

          Debtor.

## APPLICATION BY THE DEBTOR TO EMPLOY CHAPTER 11 COUNSEL (BRIGGS AND MORGAN, P.A.)

TO:   United States Bankruptcy Judge, the United States Trustee, and other parties in interest identified in Local Rule 2014-1.

The Archdiocese of Saint Paul and Minneapolis, debtor and debtor-in-possession (the "Archdiocese" or the "Debtor"), submits this Application for the entry of an order pursuant to sections 327(a), 328(a) and 329(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014(a) authorizing the debtor's retention and employment of Briggs and Morgan, Professional Association ("Briggs and Morgan") as its counsel as of the Petition Date.  This application is filed under Local Rules 2014-1 and 9013-4.  In support of this Application, the Archdiocese respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of the case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On January 16, 2015 (the "Petition Date"), the Archdiocese commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.  The Archdiocese is authorized to continue to manage its affairs as debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 case.

3.      Additional information regarding the circumstances leading to the filing of this Chapter 11 case and the Archdiocese's structure history and activities is contained in the Affidavit of the Very Reverend Father Charles V. Lachowitzer, Vicar General and Moderator of the Curia (the "First Day Affidavit").

## RELIEF REQUESTED

4.      The Archdiocese wishes to employ Briggs and Morgan to represent and assist the Archdiocese during the course of this case in carrying out its duties under the Bankruptcy Code and to perform other legal services necessary to the Archdiocese's continuing operations, as more fully described below.

## BRIGGS AND MORGAN'S QUALIFICATIONS

5.      The Archdiocese has selected Briggs and Morgan as its counsel because of the firm's knowledge of the Archdiocese's operations and financial affairs and because of the firm's extensive general experience and knowledge, including its expertise in business reorganizations under Chapter 11 of the Bankruptcy Code.

6.      Prior to the Petition Date, Briggs and Morgan performed legal work for the Archdiocese and has represented the Archdiocese in its preparation for the filing of this case.  As part of its services, Briggs and Morgan has conducted an extensive analysis of the Archdiocese's leases, trust instruments, medical plans, dental plans, other benefit plans, employee and priest pension plans, hazard and liability insurance policies, and other material contracts, policies, and

obligations.  Briggs and Morgan also represented the Archdiocese in connection with certain matters relating to claims against the Archdiocese concerning abuse allegations, including the settlement of a civil litigation captioned <u>Doe 1 v. Archdiocese of St. Paul and Minneapolis and Diocese of Winona</u>, Court File No. 62-CV-13-4075 (Ramsey County District Court) and the identification and release of Archdiocese files concerning abuse allegations pursuant to various court orders and Archdiocesan policies and procedures.  Briggs and Morgan has also assisted the Archdiocese and its financial advisor in connection with the preparation of schedules and the statement of financial affairs to be filed by the Archdiocese and has represented the Archdiocese in connection with the preparation and filing of the Archdiocese's Chapter 11 petition and related documents.

7.      Briggs and Morgan has also represented the Archdiocese in connection with its ongoing attempts to obtain reimbursement from its insurance carriers for the claims that have been asserted against the Archdiocese on behalf of the alleged victims of sexual misconduct.  As part of this engagement, Briggs and Morgan represents the Archdiocese in connection with certain litigation commenced in the United States District Court for the District of Minnesota on or about November 24, 2014, captioned as <u>Archdiocese of St. Paul and Minneapolis v. The Continental Insurance Company, et al.</u>, Court File No. 14-cv-04852.

8.      The services provided by Briggs and Morgan have required the expertise and assistance of Briggs and Morgan's attorneys practicing in a variety of areas, including general litigation, insurance litigation and analysis, corporate law and employee benefit matters, as well as general bankruptcy matters.  Briggs and Morgan's lawyers are well acquainted with the Archdiocese's history, operations, structure and related matters, and Briggs and Morgan has the necessary background to deal effectively with the potential legal issues and problems that may

arise in the context of this Chapter 11 case. The Archdiocese believes that Briggs and Morgan is well qualified to represent it in connection with the matters set forth herein.

9.     Briggs and Morgan has indicated a willingness to act on behalf of the Archdiocese and to render the necessary professional services as attorneys for the Archdiocese.

## SERVICES TO BE RENDERED

10.     The services rendered or to be rendered by Briggs and Morgan as Chapter 11 counsel include the following:

(a)     To advise and represent the Archdiocese with respect to all matters and proceedings in this Chapter 11 case and to prepare on behalf of the Archdiocese necessary applications, motions, answers, orders, reports, and other legal papers;

(b)     To assist the Archdiocese in all bankruptcy issues which may arise in the administration of the Archdiocese's affairs, including representation at the first meeting of creditors, evaluation of assets, negotiations with creditors, interest groups, and any Official Committee of Unsecured Creditors, verification of claims, and asset disposition;

(c)     To assist the Archdiocese with the preparation of and confirmation of a plan of reorganization;

(d)     To assist the Archdiocese in the evaluation and prosecution of claims and litigation, including insurance coverage issues for the claims asserted against the Archdiocese;

(e)     To provide legal services with respect to general corporate, tax, employee benefit, and other general non-bankruptcy matters to the extent not duplicative of work to be provided by other professionals;

(f)     To provide legal advice with respect to the Archdiocese's powers and duties as trustee where real, personal, or mixed property was received by grant, gift, devise or bequest, in trust, to be used for the religious, educational or charitable purposes in accordance with the terms and conditions of said trusts; and

(g)     Perform all other necessary legal services and provide all other necessary legal advice to the Archdiocese in connection with this Chapter 11 case and its business operations.

## BRIGGS AND MORGAN'S DISINTERESTEDNESS

11.     The Archdiocese has reviewed the verified statement of Briggs and Morgan shareholder Richard D. Anderson filed concurrently with this Application (the "Statement"). To the best of the Archdiocese's knowledge, and as set forth more fully in the Statement, the shareholders of, counsel to, and associates of Briggs and Morgan do not hold or represent any interest adverse to the Archdiocese, and do not have any connection with the Archdiocese, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as may be set forth in the Statement.

12.     Based on the Statement, the Archdiocese believes that Briggs and Morgan is a "disinterested person" under Section 327 of the Bankruptcy Code.  The Archdiocese has been informed that Briggs and Morgan will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Briggs and Morgan will supplement its disclosure to the Court.  The Archdiocese does not believe that the information disclosed in the Statement should preclude Briggs and Morgan from representing the Archdiocese in this Chapter 11 case.

13.     The Archdiocese is also filing applications to retain other professionals, including an application to retain Lindquist & Vennum as conflict counsel.  The Archdiocese respectfully submits that the size and complexity of this Chapter 11 case warrants the retention of Lindquist & Vennum as additional bankruptcy counsel to the Archdiocese.  The Archdiocese intends to carefully monitor and coordinate the efforts of all professionals retained by the Archdiocese in this Chapter 11 case and will clearly delineate their respective duties so as to avoid duplication of effort whenever possible.  Moreover, Briggs and Morgan and Lindquist & Vennum have collaborated and coordinated closely together for the Archdiocese in the past, including with respect to certain prepetition matters discussed above.  It is anticipated that the efficient coordination of efforts of the Archdiocese's attorneys and other professionals will greatly add to the progress and to the effective and efficient administration of this Chapter 11 case.

14.     The Archdiocese also intends to file an application to retain Meier Kennedy & Quinn to continue to represent the Archdiocese, as the firm did prior to the Petition Date, regarding issues relating to the Archdiocese's ongoing operations.  The services to be provided by Meier Kennedy & Quinn will be similar in scope to services provided by the firm prior to the Petition Date and will not duplicate services to be provided by Briggs and Morgan or Lindquist & Vennum.

15.     In the event that the United States Trustee, the Court, or other parties assert or are concerned that Briggs and Morgan is not disinterested, the Archdiocese requests that a hearing be scheduled.

## **PROFESSIONAL COMPENSATION**

16.     Briggs and Morgan has agreed to be compensated in accordance with the provisions set forth in Section 330 of the Bankruptcy Code and will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable

-6-

provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, this Court's Instructions for Filing a Chapter 11 Case and orders of this Court.

17.     As set forth more fully in the Statement, and subject to the Court's approval, Briggs and Morgan will provide the Archdiocese with a ten percent (10%) discount on Briggs and Morgan's ordinary and customary hourly rates, or in certain instances, to match the rates approved by the Archdiocese's insurers, and, in any event, to cap the firm's maximum hourly rate at $525.  The application of these discounts means that no Briggs and Morgan attorney will bill the Archdiocese at a rate in excess of $472.50 an hour.  This rate cap shall remain in place for the duration of the Chapter 11 case.  Briggs and Morgan will also bill the Archdiocese for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with the Chapter 11 case, except that Briggs and Morgan will not bill the Archdiocese for any expenses incurred in connection with electronic research, including any Westlaw and Lexis Nexus charges.

18.     In accordance with paragraph 9 of this Court's Instructions for Filing a Chapter 11 Case, the Archdiocese proposes that the court:  (i) authorize Briggs and Morgan to schedule a hearing on its application for allowance of fees and reimbursement of expenses not more than once every ninety (90) days; (ii) allow Briggs and Morgan to submit their regular monthly bills to the Archdiocese, with copies to the Committee of Unsecured Creditors and the Office of the United States Trustee; and (iii) authorize the Archdiocese to pay up to 80% of such fees and 100% of such costs on a monthly basis, subject to later court approval.

19.     All fees and costs incurred prior to the Petition Date have been paid by the Archdiocese from operating funds.

## NOTICE AND PRIOR RELIEF

20.     No previous application has been made for the employment of attorneys.

21.     This Application has been served on the parties specified in Local Rule 2014-1(a).

WHEREFORE, the Archdiocese respectfully requests that this Court enter an order approving employment of Briggs and Morgan as Chapter 11 counsel <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date.


Dated:  January 16, 2015                          THE  ARCHDIOCESE  OF  SAINT  PAUL
                                                  AND MINNEAPOLIS

                                                  BY: _____

                                                  ITS: _____CFO_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No.  15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | CHAPTER 11 CASE |
| Debtor. | |

**VERIFIED STATEMENT OF RICHARD D. ANDERSON IN SUPPORT OF THE APPLICATION BY THE DEBTOR TO EMPLOY CHAPTER 11 COUNSEL (BRIGGS AND MORGAN, P.A.)**

The undersigned makes the following verified statement ("Statement") in support of the application of the Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or "Debtor") to employ Briggs and Morgan, Professional Association ("Briggs and Morgan") as Chapter 11 counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, Local Rule 2014-1 and in compliance with 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b), and Local Rule 1007-1, effective as of January 16, 2015 (the "Petition Date").

1.      I am a shareholder of Briggs and Morgan and am authorized to practice before the courts of the State of Minnesota, and the federal courts for the District of Minnesota.  This Statement is submitted in support of the application of the Archdiocese to employ Briggs and Morgan as Chapter 11 counsel for the Archdiocese in this case (the "Application").  I have read the Application and hereby incorporate its factual statements.

2.      Briggs and Morgan is familiar with the Archdiocese's affairs and many of the potential legal issues that may arise in this Chapter 11 case and has experience in all aspects of proceedings under Chapter 11. Briggs and Morgan has represented debtors, creditors,

committees, and other parties in interest in numerous Chapter 11 proceedings. Briggs and Morgan is qualified to represent the Archdiocese in connection with this Chapter 11 case.

### Services to be Provided

3.      The professional services to be rendered by Briggs and Morgan to the Archdiocese include, but may not be limited to, the following:

(a)      To advise and represent the Archdiocese with respect to all matters and proceedings in this Chapter 11 case and to prepare on behalf of the Archdiocese necessary applications, motions, answers, orders, reports, and other legal papers;

(b)      To assist the Archdiocese in all bankruptcy issues which may arise in the administration of the Archdiocese's affairs, including representation at the first meeting of creditors, evaluation of assets, negotiations with creditors, interest groups, and any Official Committee of Unsecured Creditors, verification of claims, and asset disposition;

(c)      To assist the Archdiocese with the preparation and confirmation of a plan of reorganization;

(d)      To assist the Archdiocese in the evaluation and prosecution of claims and litigation, including insurance coverage issues for the claims asserted against the Archdiocese;

(e)      To provide legal services with respect to general corporate, tax, employee benefit, and other general non-bankruptcy matters to the extent not duplicative of work to be provided by other professionals;

(f)     To provide legal advice with respect to the Archdiocese's powers and duties as trustee where real, personal, or mixed property was received by grant, gift, devise or bequest, in trust, to be used for the religious, educational or charitable purposes in accordance with the terms and conditions of said trusts; and

(g)     Perform all other necessary legal services and provide all other necessary legal advice to the Archdiocese in connection with this Chapter 11 case and its business operations.

**Briggs and Morgan's Disclosure Procedures**

4.     Along with other attorneys at Briggs and Morgan, I have reviewed the list of creditors, persons identified as potential victim claimants, and all other parties in interest provided by the Archdiocese, and checked them against information in the firm's conflicts database.  As part of this process, acting with other attorneys at Briggs and Morgan, I have checked the list of Catholic entities set forth on **Exhibit A** to this Statement against the firm's conflicts data base and have checked the information provided by the Archdiocese with respect to (1) parties to executory contracts and unexpired leases (except that I did not include the names of all employees and former employees or participants in medical and dental plans or pension), (2) utilities, (3) banks, (4) vendors and other entities on the Archdiocese's accounts receivable listing over the last three months having claims at any time exceeding $10,000, (5) taxing authorities, (6) insurers, (7) the trustees and management companies of the Archdiocese's non-priest-employee and priest benefit plans, (8) officers and directors of the Archdiocese, currently and serving within the prior two years, and (9) persons who have identified themselves directly or through counsel as victim claimants or potential victim claimants.  To the extent that I have

learned the identities of lawyers and accountants for any of entities or individuals on the foregoing list, including lawyers who have identified themselves as counsel for potential victim claimants, I have included those firms in the conflict check.

5.     To the best of my knowledge, based on the results of the disclosure procedures outlined above, neither I nor any other attorneys or employees of Briggs and Morgan have any business connections with the Archdiocese, its creditors, their equity security holders, or with any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee, with any Bankruptcy Judge of this District, except as set forth below.

## Briggs and Morgan's Prior Representation of the Archdiocese

6.     Prior to the Petition Date, Briggs and Morgan performed legal work for the Archdiocese and has represented the Archdiocese in its preparation for the filing of this case.  As part of its services, Briggs and Morgan has conducted an analysis of the Archdiocese's leases, and trust instruments, employee and priest benefit plans, hazard and liability insurance policies, and other material contracts.  Briggs and Morgan also represented the Archdiocese in connection with certain matters relating to the pending abuse claims against the Archdiocese, including the identification and public release of the Archdiocese's files concerning abuse allegations pursuant to various court orders and Archdiocesan policies and procedures.  Briggs and Morgan has also assisted the Archdiocese and its financial advisor in connection with the preparation of schedules and the statement of financial affairs to be filed by the Archdiocese and has represented the Archdiocese in connection with the preparation and filing of the Archdiocese's Chapter 11 petition and related documents.

7.    Briggs and Morgan has also represented the Archdiocese in connection with its ongoing attempts to obtain reimbursement from its insurance carriers for the claims that have been asserted against the Archdiocese on behalf of the alleged victims of sexual misconduct.  As part of this engagement, Briggs and Morgan represents the Archdiocese in connection with certain litigation commenced in the United States District Court for the District of Minnesota on or about November 24, 2014, captioned as <u>Archdiocese of St. Paul and Minneapolis v. The Continental Insurance Company, et al.</u>, Court File No. 14-cv-04852.

8.    Briggs and Morgan also represented the Archdiocese in connection with the settlement of certain civil litigation captioned <u>Doe 1 v. Archdiocese of St. Paul and Minneapolis and Diocese of Winona</u>, Court File No. 62-CV-13-4075 (Ramsey County District Court).  As part of the settlement, Briggs and Morgan assisted the Archdiocese in the negotiation and implementation of a set of child protection protocols and procedures ("the "Child Protection Protocols"). The Child Protection Protocols, which include new or revised whistleblower, disclosure and personal conduct policies and procedures, were publically announced in October 2014 and were the subject of extensive media coverage.  <u>See</u>, <u>e.g.</u>, http://www.twincities.com/opinion/ci_26727537/st-paul-archdiocese-toward-trust    and  http://www.startribune.com/local/279015421. html?page=2&c=y.

## Other Connections with the Archdiocese

9.    Brian D. Wenger, formerly a shareholder and Chair of Briggs and Morgan, previously served as a member of the Finance Council of the Archdiocese and served as Chair of the Finance Council prior to June 2012.  Mr. Wenger resigned from the Finance Council in October 2013.  I have reviewed the minutes of meetings of the Finance Council during Mr. Wenger's tenure on it, and asked him specifically about his service on the council.  To the best of

my knowledge, upon such due inquiry, the Finance Council did not consider matters relating to this Chapter 11 case or to a potential Chapter 11 reorganization of the Archdiocese during Mr. Wenger's tenure on the Finance Council.  Mr. Wenger is no longer an attorney with Briggs and Morgan.

10.     Gregory Pulles, the former Director of Development for the Archdiocese, was formerly of counsel to Briggs and Morgan.  Mr. Pulles terminated his positions with both Briggs and Morgan and the Archdiocese prior to the commencement of this Chapter 11 case.  During the period of his employment by the firm, he performed no legal services on any matters for the Archdiocese or adverse to the Archdiocese.

11.     The Archdiocese maintains a mediation and arbitration panel to handle certain mediation and arbitration matters involving the Archdiocese and its employees.  Kristine Boylan, John Degnan and Michael Galvin, shareholders of Briggs and Morgan, have historically served as panel members of the mediation and arbitration panel.  They will not serve as mediators or arbitrators on matters involving the Archdiocese during the pendency of this Chapter 11 proceeding.

**Briggs and Morgan's Connections With Other Catholic Entities**

12.     Briggs and Morgan provided advice to the following entities prior to the Petition Date on general legal matters, including matters relating to corporate governance, some of which relate to the Archdiocese:   Cathedral Heritage Foundation, Catholic Charities of The Archdiocese of Saint Paul and Minneapolis ("Catholic Charities"), St. Thomas Academy, Catholic Finance Corporation, and Catholic Community Foundation of Minnesota.  Briggs and Morgan also provided services in connection with the formation and organization of AHF Catholic Education Foundation.   The general advice rendered by the firm for these entities

included matters relating to corporate governance, some of which related to the Archdiocese, but was not inconsistent with any position taken by the Archdiocese.   Each of these entities is incorporated as a separate non-profit corporation under Chapter 317A of the Minnesota Statutes. Briggs and Morgan has concluded its representation of AHF Catholic Education Foundation, Catholic Community Foundation and Cathedral Heritage Foundation on all matters prior to the Petition Date.   Briggs and Morgan also terminated its representation of all other entities referenced in this paragraph on matters relating to the Archdiocese before the Petition Date. Each of these entities that remains a client of Briggs and Morgan with respect to matters unrelated to the Archdiocese (*i.e.*, Catholic Charities, St. Thomas Academy and Catholic Finance Corporation) has consented to Briggs and Morgan representing the Archdiocese in this case and has waived any conflict of interest without reservations.

13.     The Archdiocese has an interest in certain pooled investment and endowment perpetual trust funds maintained with the Catholic Community Foundation.   The Archdiocese is not aware of any dispute with regard to the Catholic Community Foundation investments.

14.     In addition, certain of the entities identified above are participants in certain medical, dental, general insurance, pension and other programs administered by the Archdiocese, along with several hundred other parishes, schools and other Catholic entities.   The Archdiocese has previously assessed premium payments under its medical, dental and general insurance programs in excess of the amounts needed to pay current claims.   In the case of the medical and benefit payments, these premium payments are held in a rabbi trust established by the Archdiocese in 1991.   The medical and dental benefit trust has retained separate legal counsel to represent its interest in this proceeding.

15.     As described in more detail in the first day motions filed by the Archdiocese on the Petition Date, the Archdiocese will seek to retain these programs during the pendency of this case.  The participants in these plans, however, may hold, or purport to hold, claims against the Archdiocese, or the funds maintained by the Archdiocese, arising out of their participation in the medical, dental, general insurance and other programs administered by the Archdiocese.  Briggs and Morgan has implemented appropriate screening procedures and believes that it has obtained necessary informed consents under Rule 1.7 of the Minnesota Rules of Professional Conduct from the participants in these programs it continues to represent on unrelated matters.  Briggs and Morgan has also obtained the informed consent of the Archdiocese and believes that such consent is reasonable and appropriate, with the participation of conflicts counsel.

16.     In addition to the foregoing, Briggs and Morgan represented Catholic Finance Corporation, a Minnesota nonprofit corporation ("CFC"), in connection with a tax-exempt bond issuance by the Dakota County Community Development Agency (the "CDA"), ultimately for the purpose of financing improvements for Faithful Shepherd Catholic School ("Faithful Shepherd"), a separate Minnesota religious corporation.  The CDA loaned the proceeds of the bonds to CFC, which then loaned the proceeds to the Archdiocese, which further loaned the proceeds to Faithful Shepherd.  All CFC's obligations on the loan were passed through to the Archdiocese.  Most, but not all, of the Archdiocese's obligations on the loan were passed through to Faithful Shepherd.  The bond issuance was in 2002 and, upon information and belief, the bonds were paid in full in 2012, although certain indemnity obligations remain under the documents after repayment.  Briggs and Morgan does not believe that these indemnity obligations impose any material or financial obligation on the part of the Archdiocese.  CFC is also a contingent creditor under certain guaranty obligations described in paragraph 24 below.

17.     In addition to the foregoing, within the last three years, Briggs and Morgan has also represented the Academy of Holy Angels, the Diocese of St. Cloud, the Lawyer's Guild of St. Thomas More, the Church of St. Mary (Diocese of New Ulm), Sisters of Saint Joseph of Carondelet, Saint Catherine University, Common Bond Committees, St. Thomas More Catholic Community (successor by merger to Immaculate Heart of Mary and the Church of St. Luke in St. Paul, Minnesota), St. Thomas Academy, the University of St. Thomas and St. Thomas University School of Law, and St. John Vianney on general legal matters unrelated to this Chapter 11 proceeding.  Each of these parishes and institutions are separately incorporated as a parish corporation under Chapter 315 of the Minnesota Statutes or as a non-profit corporation under Chapter 317A of the Minnesota Statutes.  Two of these entities that remain a current client of Briggs and Morgan (the Academy of Holy Angels and St. Thomas Academy) are also participants in the medical, dental, health, pension or other programs administered by the Archdiocese referenced above.  Both entities have consented to Briggs and Morgan representing the Archdiocese in this case and has waived any conflict of interest without reservations.  Briggs and Morgan will not represent any of the entities identified in this paragraph during the pendency of this Chapter 11 case on any matters related to the Archdiocese.

18.     Certain representatives of the Archdiocese, including the Archbishop, hold appointed and ex office memberships in one or more of the Catholic organizations indentified above.  None of these individuals are separately represented by Briggs and Morgan.

19.     Briggs and Morgan has represented the Dioceses of New Ulm, St. Cloud and Duluth on matters unrelated to the Archdiocese.  Those representations have concluded, but such entities may in the future request the firm to provide representation again.  As with other

-9-

creditors, the firm will not provide advice with respect to any matter related to the Archdiocese during the pendency of this case.

20.     Briggs and Morgan represented the Cathedral of Saint Paul, a separate Minnesota religious parish corporation (the "Cathedral"), in connection with the financing of the Cathedral's improvements in 2001.  The loan for these improvements is secured by a mortgage executed by the Archdiocese on property owned by the Archdiocese and leased to the Cathedral. The Archdiocese is not a guarantor of the Cathedral loan.  Upon information and belief, the Cathedral has paid all installments of principal and interest due on the Cathedral loan through the Petition Date.  Upon information and belief, no issues have been raised with respect to the validity or documentation of the financing transaction referenced in this paragraph.

21.     Briggs and Morgan acted as bond counsel for the City of Fridley, Minnesota in connection with the sale of bonds in 2014 to support improvements for Totino Grace High School.  The bond issued is secured by a mortgage on property owned by the Archdiocese and leased to the high school.  Upon information and belief, Totino Grace High School is separately incorporated under Chapter 315 of the Minnesota Statutes.  It is the obligor on the bond indebtedness, and upon information and belief, it has paid all installments of principal and interest due under the bond obligation through the Petition Date.  Upon information and belief, no issues have been raised with respect to the validity or documentation of the financing transaction referenced in this paragraph.

22.     The Archdiocese maintains a pension plan for the benefit of certain lay employees of the Archdiocese and certain other Catholic organizations.  This pension fund represents an unfunded liability of the Archdiocese and the other participants in the plan.  My spouse is presently employed as a elementary school teacher in a Catholic school and is a participant in the

lay employee pension plan maintained by the Archdiocese  My spouse is not an employee of the

Archdiocese.  My spouse is also not of retirement age and is not currently receiving benefits

under the pension plan.  In addition, upon information and belief, participants under the pension

plan are required to look to the pension plan trust for payment and do not have direct claims

against the Archdiocese.

23.     In addition to the client matters listed above, historically, Briggs and Morgan and

its attorneys have had friendly and non-legal service relationships with Catholic entities, parishes

and priests, deacons, and lay ecclesial administrators, all in connection with matters unrelated to

this reorganization effort.  Briggs and Morgan lawyers have served on the Boards of Directors of

many local, civic and charitable organizations, including Catholic organizations.  This service

includes the following:

| Attorney | Position |
| --- | --- |
| Elizabeth M. Brama | Director / University of St. Thomas Law School |
| William J. Cosgriff | Committee Member / Sisters of the Good Shepherd |
| Ann Huntrods | Member / Saint John's University Board of Regents |
| Michael M. Lafeber | Committee Member / St. Odilia Catholic Church |
| Philip J. Tilton | Committee Member / Basilica of Saint Mary |

None of these attorneys have been involved in any matters concerning the Archdiocese finances

or bankruptcy case, and they have committed to recuse themselves from any consideration of any

such matters.

**Briggs and Morgan's Connection With Other Parties**

24.     The Archdiocese is the guarantor or mortgagor under other financial transactions

involving local Catholic churches and high schools entered into between 1989 and 2010.  Certain

of these guaranty or mortgage obligations are held by current or former clients of Briggs and Morgan.  To the best of my knowledge, upon a review of the firm's conflict database, the transactions described on **Exhibit B** attached hereto are those guaranteed transactions involving the firm's current or former clients.  All work for these current or former clients was on matters unrelated to the Archdiocese, except that (i) Briggs and Morgan represented the lender in connection with the transaction involving Risen Christ Catholic School and the Church of St. Peter of Mendota, and (ii) Briggs and Morgan represented the predecessor by merger to U.S. Bank National Association, as the trustee in the transaction involving Holy Family Catholic High School.  Upon information and belief, the principal obligors under the transactions in this paragraph have continued to pay all installments of principal and interest due under such obligations.  Upon information and belief, no issues have been raised with respect to the validity or documentation of the financing transactions in which Briggs and Morgan had a role.

25.    Briggs and Morgan represents Xcel Energy Corporation, a supplier of utility services to the Archdiocese, on various matters unrelated to the Archdiocese.  Briggs and Morgan proposes to continue to provide services to Xcel Energy Corporation on matters unrelated to the Archdiocese during the course of this case.  Upon information and belief, the Archdiocese is current in its utility payments and does not anticipate any material dispute with Xcel Energy Corporation.  In the event of a dispute under Section 366 of the Bankruptcy Code, the Archdiocese will be represented by another firm, as set forth below.

26.    The Archdiocese maintains a banking relationship with U.S. Bank National Association and Wells Fargo Bank, N.A. (the "Banks"), which are clients of Briggs and Morgan on unrelated matters.  Briggs and Morgan is informed and believes that the Banks are not creditors in this case, except by virtue of contingent claims arising out of the guaranty

-12-

transactions referenced on Exhibit B.   As noted above, upon information and belief, the

transactions identified in Exhibit B are not in default, and, accordingly, the Banks are not

expected to have a significant role in the bankruptcy case.   Briggs and Morgan has never

represented the Banks with respect to any matters arising out of the relationship between the

Banks and the Archdiocese, except as noted in paragraph 24 above.  The Archdiocese has filed a

motion to maintain its banking relationships with the Banks.   Other counsel will represent the

Archdiocese in the event of a dispute with either of the Banks.

27.      The Debtor has a number of possible creditors and vendors for whom Briggs and

Morgan either currently represents, or has represented in the past three (3) years but is not

currently representing, but none of these creditors has asked Briggs and Morgan to represent

them in connection with any matters involving the Debtor.  These possible creditors and vendors

are set forth on **Exhibit C** attached to this Statement.  Briggs and Morgan proposes to continue

to provide services for the creditors and vendors on Exhibit C on matters unrelated to the

Archdiocese during the course of this case.  Upon information and belief, the Debtor is current or

nearly-current on its obligations to its vendors, and the claims of the creditors and vendors listed

on Exhibit C are accordingly not considered material or likely to be disputed.

## Disinterestedness of Professional

28.      I do not believe that any of the foregoing connections disqualify Briggs and

Morgan from representation of the Archdiocese, especially in light of the separate representation

of the various entities noted above and the Archdiocese's engagement of conflicts counsel as

described below.   The creditors and various Catholic entities referenced above will be

represented by counsel other than Briggs and Morgan during this case, to the extent they choose

to engage counsel.  In the event that a dispute arises between one of the Banks or other parties

-13-

referenced above and the Archdiocese, the Archdiocese will be represented by other law firms in this case, as explained below.

29.     The Archdiocese has filed an application to retain Lindquist & Vennum LLP as counsel under Section 327(a) of the Bankruptcy Code to address the volume of work expected in this case and any individual claims by clients of Briggs and Morgan.  Except for situations which Briggs and Morgan has received a valid client consent, Lindquist & Vennum will serve as counsel for the Archdiocese with respect to any adversary proceeding or contested matter in which the Archdiocese becomes adverse to any of the entities identified above, and Briggs and Morgan will not participate in any such adversary proceeding or contested matter.

30.     Briggs and Morgan does not represent nor is it represented by Lindquist & Vennum, and the two firms have no connections other than as co-professionals or opposing professionals on unrelated matters and ordinary social and professional connections unrelated to the Archdiocese.  Briggs and Morgan has retained Terrance Fleming, a partner of Lindquist & Vennum, as an expert witness with respect to a potential legal malpractice claim against another law firm in a matter unrelated to the Archdiocese and this bankruptcy case.  In light of the volume of work expected in this case, Lindquist & Vennum will also be available to serve as co-counsel for the Archdiocese with Briggs and Morgan to handle other, non-conflict matters, as set forth in the application to employ that firm.  As set forth in more detail in the application, Briggs and Morgan and Lindquist & Vennum will coordinate efforts to avoid duplication of work.

31.     The Archdiocese also intends to file an application to retain Meier Kennedy & Quinn to continue to represent the Archdiocese, as the firm did prior to the Petition Date, regarding issues relating to the Archdiocese's ongoing operations, including general corporate governance and other corporate matters, religious immigration, non-bankruptcy contracts,

Catholic cemetery matters, Catholic school law matters, real estate, employment matters pursuant to The Archdiocese Justice in Employment Policy, Constitutional law issues involving employment and real estate matters, parish consolidation, Catholic School closure and merger, and clergy and lay employee pension and benefit work.  The services to be provided by Meier Kennedy & Quinn will be similar in scope to services provided by the firm prior to the Petition Date and will not duplicate services to be provided by Briggs and Morgan or Lindquist & Vennum.

32.    Based upon my review of the disclosures in this Statement and the engagement of conflicts counsel described above, I believe that Briggs and Morgan qualifies as a "disinterested person" for purposes of Section 101(14) of the Bankruptcy Code in that said firm, its shareholders, counsel and associates:

(a)    are not creditors or insiders of the Archdiocese;

(b)    are not and were not, within two (2) years before the date of the filing of the Archdiocese's Chapter 11 petition, directors, officers, or employees of the Archdiocese; and

(c)    do not have an interest materially adverse to the interests of the estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Archdiocese, or for any other reason. Furthermore, based upon the same disclosures and engagement of conflicts counsel, I believe that Briggs and Morgan does not hold or represent an interest adverse to the estate of the Archdiocese.

33.    There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me after diligent inquiry, Briggs and Morgan has represented in particular matters in

-15-

the past.  We agree not to represent such persons who are creditors or other parties in interest in

these cases while representing the Archdiocese, without further disclosure, and we agree to

disclose any connections that we may discover subsequent to the execution of this Statement.

The firm will undertake a supplemental inquiry with respect to any additional creditors and

parties in interest identified when the schedules or any amendments to schedules are filed, and

before any adversary proceeding complaint or answers are filed.  I do not know the identity of

any attorneys or accountants that will appear in this case as counsel for creditors, the Catholic

entities and parishes identified above, or any other party in interest.  When their appearances are

made on the record in this case, their names will be checked against the firm's conflicts database

too, and supplemental disclosures will be made if there are any connections other than

appearance as co-professionals or opposing professionals on unrelated matters or ordinary social

and professional connections unrelated to the Archdiocese.

34.    Promptly following the commencement of this Chapter 11 case, Briggs and

Morgan will also survey all Briggs and Morgan attorneys by email to determine whether they

have within the last two years had any professional or official involvement with the Archdiocese

or any other Catholic organization or parish, including through service on a board of directors or

committee, or any relationship with any Bankruptcy Judge of this District or the United States

Trustee in this region, or any person employed in the Office of the United States Trustee.  Along

with the firm's general counsel, I will follow up to discuss the nature of the connection with any

person responding affirmatively to this survey and ensure that any appropriate supplemental

disclosures are made.

35.    Finally, I do not have any actual knowledge of a representation involving Briggs

and Morgan and any person who has identified him or herself, either directly or through counsel,

as a victim claimant or potential victim claimant.  However, Briggs and Morgan represents many individuals, some of whom have similar or common names with potential victim claimants.  It is impossible to definitively exclude the possibility of a potential conflict without further biographical information on the potential victims.  The firm will make a prompt disclosure in the event that it learns of a conflict involving a potential victim claimant.

### Pre-Petition Date Payments

36.    On April 29, 2014, Briggs and Morgan received an advanced security retainer in the amount of $300,000 (the "Retainer") as security for fees and expenses incurred by Briggs and Morgan.  Pursuant to an April 28, 2014 Agreement for Legal Services between Briggs and Morgan and the Archdiocese (the "Engagement Agreement"), the Retainer was deposited in Briggs and Morgan's general trust account and applied toward the fees and costs incurred in connection with the engagement upon the Archdiocese's written approval of the fees and costs. Briggs and Morgan has billed against the retainer on a monthly basis, but funds are not withdrawn prior to Briggs and Morgan's delivery of a supporting invoice and receipt of the Archdiocese's written approval.  Under the Engagement Agreement, the Archdiocese has replenished the Retainer after each invoice so that the balance in the trust account has remained at a minimum of $250,000.  I have reviewed the invoices and fee payments by the Archdiocese for the period of 90 days prior to the Petition Date.  During that period, the amount of the Retainer has exceeded the fees and expenses owed to Briggs and Morgan by the Debtor.  All invoices during the 90-day period have been timely paid in accordance with the Engagement Agreement.

37.    On January 13, 2015, in advance of the Petition Date, the Archdiocese replenished the Retainer by making a deposit of $750,000 into Briggs and Morgan's general trust

account.   As of the Petition Date, the Retainer has been applied to satisfy any outstanding balances for legal services consistent with the Engagement Agreement.   The remaining trust account balance of approximately $744,593.80 will constitute a general Chapter 11 retainer.   To the extent that there are any unpaid fees and costs for the day or two prior to the Petition Date, these fees and costs will be included and fully disclosed in Briggs and Morgan's first interim fee application.

38.    As of the Petition Date, Briggs and Morgan has been paid approximately $900,224.11 in fees and $3,281.00 in expenses (whether by payment of an invoice or allocation to the Retainer) within one year of the Petition Date on account of legal services rendered in contemplation of or in connection with preparation for a potential bankruptcy filing.   In the interest of full disclosure and to avoid disputes over characterization of work, the foregoing disclosure of fees and expenses includes all fees and all cost reimbursements for any matters arguably related to a potential bankruptcy filing, including fees and expenses incurred by Briggs and Morgan over the preceding twelve (12) months in its: (a) efforts to negotiate global settlements with counsel for the alleged abuse victims and with the providers of insurance coverage for such claims; and (b) analysis and evaluation of various alternatives to avoid bankruptcy.

39.    The balance set forth in Paragraph 38, however, does not include fees and expenses incurred by Briggs and Morgan in connection with: (a) its review of voluminous clergy files in connection with certain orders of the Ramsey County District Court, initiatives adopted by the Archdiocese and ongoing analyses of insurance issues; (b) the voluntary public disclosures of accused clergy members; (c) police reporting; (d) review and analysis of insurance policies and coverage for claims of alleged abuse victims; (e) commencement of insurance

coverage litigation; and (f) the development of child protection policies and protocols. The balance set forth in this paragraph also excludes Briggs and Morgan's efforts to assist the separate litigation counsel in various pending state court litigations, including but not limited to addressing certain discovery issues and coordinating compliance with the disclosure and reporting requirements imposed by the court in one of the prior state court litigations.

40.    I have been informed by the Archdiocese that all payments referred to above were made by the Archdiocese from general operating funds. Briggs and Morgan was not a creditor of the Archdiocese as of the Petition Date. All filing fees have been paid.

## Professional Compensation

41.    Briggs and Morgan intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Briggs and Morgan. Briggs and Morgan requests that it be allowed to schedule fee applications at 90 day intervals and to receive monthly payment from the Archdiocese in accordance with the procedures set out in paragraph 9 of Court's Instructions for Filing a Chapter 11 Case, as requested by the Archdiocese in the application.

42.    At the present time, the range of customary hourly rates at Briggs and Morgan is as follows:

| Title | Rate Per Hour |
| --- | --- |
| Shareholders | $350.00 to $680.00 |
| Associates | $235.00 to $350.00 |
| Paralegals | $165.00 to $270.00 |

-19-

Briggs and Morgan reviews attorney billing rates each year to ensure that they are consistent with those charged by attorneys with similar experience in the legal community. For purposes of this engagement, Briggs and Morgan will limit and discount its customary hour relates as follows in Paragraph 43.

43.     Prior to the Petition Date, it was Briggs and Morgan's practice to provide the Archdiocese with a ten percent (10%) discount on Briggs and Morgan's standard hourly rates, or in certain instances, to match the rates approved by the Archdiocese's insurers, and, in any event, to cap the firm's maximum hourly rate at $525. The application of these discounts means that no Briggs and Morgan attorney presently bills the Archdiocese at a rate in excess of $472.50 an hour. This rate cap shall remain in place for the duration of the Chapter 11 case. Briggs and Morgan has agreed to continue to provide these discounts to the Archdiocese post-petition.

44.     It is Briggs and Morgan's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The firm's hourly rates are determined on the basis that all such expenses will be separately billed to and paid by the respective clients incurring them. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Briggs and Morgan to outside copying services for use in mass mailing, travel expenses, expenses for "working meals," transcription costs.

45.     Briggs and Morgan will charge the Archdiocese for these expenses in a manner and at rates consistent with charges made generally to Briggs and Morgan's other clients. However, Briggs and Morgan will not bill the Archdiocese for any expenses incurred in

connection with electronic research conducted in connection with this Chapter 11 case, including

any Westlaw and Lexis Nexus charges.

46.    There is no agreement of any nature as to any sharing of any compensation to be

paid to Briggs and Morgan.

47.    According to a recent survey by Minnesota Lawyer, Briggs and Morgan is

currently among the five largest law firms in Minnesota. The firm has the financial stability to,

and will, disgorge fees if the Court so orders at any point in this case.

BRIGGS AND MORGAN, P.A.

Dated:  _Jan. 16_, 2015

_Richard Anderson_

Richard D. Anderson (#2306)
randerson@briggs.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

## <u>VERIFICATION</u>

I, Richard D. Anderson, a shareholder in the firm of Briggs and Morgan, Professional Association, declare under the penalty of perjury, that I have read the foregoing Verified Statement and that the foregoing Verified Statement is true and correct according to the best of my knowledge, information and belief.

Dated: _____Jan. 16_____, 2015        _____
                                                            Richard D. Anderson

**EXHIBIT A**

**CATHOLIC ENTITIES**

Academy of Holy Angels
Aim Higher Foundation
All Saints Catholic Church
All Saints School
Annunciation Catholic Church
Annunciation School
Archdiocesan Correctional Ministries
Archdiocesan Council of Catholic Women (ACCW)
Archdiocese of Milwaukee, WI
Archdiocese of Saint Paul and Minneapolis Chancery Offices
Ascension Catholic Church
Ascension School
Association of Coordinators and Religious Educators (ACRE)
Assumption Catholic Church
Assumption Catholic School
Ave Maria Academy
Basilica of Saint Mary Catholic Church
BeFriender Ministries
Benedictine Health Center At Innsbruck
Benedictine Health Center of Minneapolis
Benedictine Senior Living at Steeple Pointe
Benilde-St. Margaret's School
Bethlehem Academy School
Blessed Sacrament Catholic Church
Blessed Trinity School (Nicollet Campus, Gr. 4-8)
Blessed Trinity School (Penn Campus, Gr. PreK-3)
Brainerd Lakes Catholic Churches (Diocese of Duluth)
Calvary Cemetery
Carmelite Hermitage of the Blessed Virgin Mary
Carondelet Catholic School
Casa Guadalupana
Catholic Cemeteries
Catholic Charismatic Renewal Office
Catholic Charities
Catholic Charities Office for Social Justice
Catholic Charities Trafficking Victim Services
Catholic Committee on Scouting
Catholic Community Foundation
Catholic Eldercare 1101 on Main
Catholic Eldercare Mainstreet Lodge
Catholic Eldercare on Main
Catholic Eldercare RiverVillage East

Catholic Eldercare RiverVillage North
Catholic Finance Corporation
Catholic Mutual
Catholic Senior Services
Catholic Youth Camp (CYC)
Center for Mission
Cerenity Senior Care - Marian of Saint Paul
Christ the King Catholic Church
Christ the King Retreat Center
Church of All Saints
Church of St. Mary (Diocese of New Ulm)
College of St. Benedict
College of St. Scholastica
Commission of Black Catholics
Commission on Ecumenism and Interreligious Affairs
CommonBond Communities
Community of Saints Regional Catholic School
Companions of Christ
Convent of the Good Shepherd
Corpus Christi Catholic Church
Cotter Schools (Diocese of Winona, MN)
Courage/EnCourage
Cretin-Derham Hall High School
Cristo Rey Jesuit High School
Curatio: Apostolate of Catholic Health Care Professionals
DeLaSalle High School
Diocese of Crookston
Diocese of Duluth
Diocese of New Ulm
Diocese of St. Cloud
Diocese of Winona
Divine Mercy Catholic Church
Divine Mercy Catholic School
Dunrovin Christian Brothers Retreat Center
Epiphany Catholic Church
Epiphany Catholic School
Faithful Shepherd Catholic School
Franciscan Brothers of Peace
Franciscan Retreats and Spirituality Center
Friends of Catholic Urban Schools
Gethsemene Cemetery
Gichitwaa Kateri Catholic Church
Good Shepherd Catholic Church
Good Shepherd School
Guardian Angels Catholic Church
Guardian Angels Catholic School

Highland Catholic School
Highlands on Graham Senior Apartments
Hill-Murray School
Holy Childhood Catholic Church
Holy Cross Catholic Church
Holy Cross Catholic School
Holy Family Academy
Holy Family Catholic Church
Holy Family Catholic High School
Holy Family Maronite Catholic Church (Eastern Rite)
Holy Name Catholic Church
Holy Name of Jesus Catholic Church
Holy Name of Jesus School
Holy Rosary Catholic Church
Holy Spirit Catholic Church
Holy Spirit Catholic School
Holy Trinity Catholic Church
Holy Trinity School
Immaculate Conception Catholic Church
Immaculate Conception Catholic Church of Marysburg
Immaculate Conception Catholic School
Immaculate Heart of Mary Catholic Church
Incarnation Catholic Church
Jesuit Retreat House – Demontreville
La Mision at Church of the Assumption
LifeCare Center East
Little Sisters of the Poor Holy Family Residence
Loyola Catholic School (Diocese of Winona)
Loyola Spirituality Center
Lumen Christi Catholic Community
Macalester College - Campus Ministry
Mary, Mother of the Church Catholic Church
Mary, Queen of Peace Catholic Church
Mary, Queen of Peace Catholic School
Mary's Pence
Maternity of Mary-St. Andrew Catholic School
Maternity of the Blessed Virgin Catholic Church
Minnesota Catholic Conference
MN Interfaith Power & Light
Most Holy Redeemer Catholic Church
Most Holy Redeemer Catholic School
Most Holy Trinity Catholic Church
National Catholic Rural Life Conference
Nativity Early Learning Center
Nativity of Mary Catholic Church
Nativity of Mary School

Nativity of Our Lord Catholic Church
Nativity of Our Lord School
Nativity of the Blessed Virgin Mary Catholic Church
NET Ministries
New Ulm Area Catholic Schools (Diocese of New Ulm)
Newman Center
Northside Life Care Center
Notre Dame Academy
Organizacion Creciendo Juntos
Our Lady of Grace Catholic Church
Our Lady of Grace Catholic School
Our Lady of Guadalupe Catholic Church
Our Lady of Lourdes Catholic Church
Our Lady of Mount Carmel Catholic Church
Our Lady of Peace Catholic Church
Our Lady of Peace Catholic School
Our Lady of Peace Home
Our Lady of the Lake Catholic Church
Our Lady of the Lake Catholic School
Our Lady of the Prairie Catholic Church
Our Lady of the Prairie School
Our Lady of Victory Catholic Church
Pacem in Terris Retreat Center
Partnership for Youth
Pax Christi Catholic Church
Pope John Paul II Catholic School
Pregnancy Helpline
Presentation of the Blessed Virgin Mary Catholic Church
Presentation of the Blessed Virgin Mary School
Pro-Life Action Ministries
Providence Academy
Regina Medical Center Senior Living
Resurrection Cemetery
Resurrection Cemetery
Risen Christ School
Risen Savior Catholic Church
Riverview Highlands Senior Apartments
Sacred Heart Catholic Church
Sacred Heart Catholic School
Sagrado Corazon de Jesus Catholic Church
Saint Agnes Catholic School
Saint Ambrose of Woodbury Catholic School
Saint Mary's University of Minnesota
Saint Paul's Outreach
Sandcastle Child Care Center & Preschool
School Sisters of Notre Dame

Shakopee Area Catholic School
Society of Saint Vincent de Paul Thrift Store
Ss Joachim and Anne Catholic Church
Ss Peter and Paul Catholic Church
St. Adalbert Catholic Church
St. Agatha Catholic Church
St. Agnes Catholic Church
St. Albert Catholic Church
St. Albert the Great Catholic Church
St. Alphonsus Catholic Church
St. Alphonsus Parish School
St. Ambrose of Woodbury Catholic Church
St. Andrew Catholic Church
St. Andrew Kim Catholic Church
St. Anne - St. Joseph Hien Catholic Church
St. Anne Catholic Church
St. Anne School
St. Anthony Cemetery
St. Austin Campus of St. Bridget Catholic Church
St. Bartholomew Catholic Church
St. Bartholomew Catholic School
St. Bernard Catholic Church
St. Bernard Catholic School
St. Bonaventure Catholic Church
St. Boniface Catholic Church
St. Bridget Catholic Church
St. Bridget Catholic Church and School
St. Bridget of Sweden Catholic Church
St. Brigid's at Hi-Park
St. Canice Campus of Most Holy Redeemer Catholic Church
St. Casimir Catholic Church
St. Catherine University
St. Catherine University - Campus Ministry
St. Cecilia Catholic Church
St. Charles Borromeo Catholic Church
St. Charles Borromeo School
St. Charles Catholic Church
St. Clement Campus of Holy Cross
St. Columba Catholic Church
St. Columbkill Campus of Holy Trinity Catholic Church
St. Constantine Ukrainian Catholic Church (Eastern Rite)
St. Croix Catholic School
St. Cyril and Methodius Catholic Church
St. Dominic Catholic Church
St. Dominic School
St. Edward Catholic Church

St. Elizabeth Ann Seton Catholic Church
St. Elizabeth Ann Seton School
St. Frances Cabrini (Archdiocese of Milwaukee, WI)
St. Frances Cabrini Catholic Church
St. Francis de Sales Catholic Church
St. Francis of Assisi (Diocese of Winona)
St. Francis of Assisi Catholic Church
St. Francis of the Lakes Catholic School
St. Francis Regional Medical Center
St. Francis Xavier Catholic Church
St. Francis Xavier School
St. Gabriel the Archangel Catholic Church
St. Genevieve Catholic Church
St. George Catholic Church
St. Gerard Majella Catholic Church
St. Gertrude's Health & Rehabilitation Center
St. Gregory the Great Catholic Church
St. Hedwig Campus of Holy Cross
St. Helena Catholic Church
St. Helena Catholic School
St. Henry Catholic Church
St. Hubert Catholic Church
St. Hubert School
St. Ignatius Catholic Church
St. James Campus of St. Francis de Sales Catholic Church
St. Jerome Catholic Church
St. Jerome School
St. Joan of Arc Catholic Church
St. John Neumann Catholic Church
St. John the Baptist Byzantine Catholic Church (Eastern Rite)
St. John the Baptist Campus of St. Genevieve
St. John the Baptist Catholic Church
St. John the Evangelist Campus of St. Gabriel the Archangel Catholic Church
St. John the Evangelist Campus of St. Wenceslaus
St. John the Evangelist Catholic Church
St. John the Evangelist School
St. John Vianney College Seminary
St. John's University
St. Joseph Campus of St. Gabriel the Archangel Catholic Church
St. Joseph Catholic Church
St. Joseph Hospital
St. Joseph of the Lakes Catholic Church
St. Joseph School
St. Joseph the Worker Catholic Church
St. Jude of the Lake Catholic Church
St. Jude of the Lake School

St. Katharine Drexel Catholic Church
St. Lawrence Catholic Church
St. Leonard of Port Maurice Catholic Church
St. Louis, King of France Catholic Church
St. Luke Catholic Church
St. Margaret Mary Catholic Church
St. Mark Campus of Ss Joachim and Anne Catholic Church
St. Mark Catholic Church
St. Mark School
St. Maron Maronite Catholic Church (Eastern Rite)
St. Mary Campus of Holy Trinity Catholic Church
St. Mary Campus of Ss Joachim and Anne Catholic Church
St. Mary Catholic Church
St. Mary Junior and Senior High School (Diocese of New Ulm)
St. Mary of Czestochowa Catholic Church
St. Mary of the Lake Catholic Church
St. Mary of the Lake School
St. Mary of the Purification Campus of Ss Joachim and Anne Catholic Church
St. Mary School (Diocese of Winona)
St. Mary's Cemetery
St. Mathias Catholic Church
St. Matthew Catholic Church
St. Michael Catholic Church
St. Monica Parish School (Archdiocese of Milwaukee, WI)
St. Nicholas Catholic Church
St. Odilia Catholic Church
St. Odilia School
St. Olaf Catholic Church
St. Pascal Baylon Catholic Church
St. Pascal Baylon Catholic School
St. Patrick Catholic Church
St. Patrick School (Diocese of Superior, WI)
St. Paul Catholic Church
St. Paul Seminary School of Divinity
St. Paul's Monastery
St. Peter Catholic Church
St. Peter Catholic School
St. Peter Claver Catholic Church
St. Peter School
St. Pius X (Diocese of New Ulm)
St. Pius X Catholic Church
St. Pius X School
St. Plus V Catholic Church
St. Raphael Catholic Church
St. Raphael Catholic School
St. Richard Catholic Church

St. Rita Catholic Church
St. Rose of Lima Catholic Church
St. Rose of Lima Catholic School
St. Scholastica Campus of St. Wenceslaus
St. Sebastian Congregation (Archdiocese of Milwaukee, WI)
St. Stanislaus Catholic Church
St. Stephen Catholic Church
St. Stephen Catholic School
St. Therese at Oxbow Lake
St. Therese at St. Odilia
St. Therese Catholic Church
St. Therese of New Hope
St. Therese School
St. Therese Southwest
St. Thomas Academy
St. Thomas Aquinas Catholic Church
St. Thomas Becket Catholic Church
St. Thomas More Catholic Church
St. Thomas the Apostle Campus of Blessed Sacrament
St. Thomas the Apostle Catholic Church
St. Timothy Catholic Church
St. Timothy School
St. Victoria Catholic Church
St. Vincent de Paul Campus of Cathedral of St. Paul
St. Vincent de Paul Catholic Church
St. Vincent de Paul Catholic School
St. Wenceslaus Catholic Church
St. Wenceslaus Catholic School
St. William Catholic Church
The Catholic Spirit
The Glenn by St. Therese Southwest
The Lawyers Guild of St. Thomas More
The Way of the Shepherd Catholic Montessori
TLC Options for Women
Transfiguration Catholic Church
Transfiguration Catholic School
Twin Cities FertilityCare Center
Twin Cities TEC
University LifeCare Center
University of St. Thomas
University of St. Thomas - Campus Ministry
Venezuelan Mission
Veteran's Health Administration
Visitation Monastery of Minneapolis
Visitation School
Wakota Life Care

**EXHIBIT B**

| Primary Obligor | Guarantor | Lender | Date |
|---|---|---|---|
| The Church of the Blessed Sacrament of St. Paul | Archdiocese of Saint Paul and Minneapolis | Premier Bank | July 10, 2007 |
| Catholic Eldercare | Archdiocese of Saint Paul and Minneapolis | Wells Fargo Bank | June 4, 2010 |
| Various Churches | Archdiocese of Saint Paul and Minneapolis | Catholic United Financial | June 29, 1989 |
| Risen Christ Catholic Church | Archdiocese of Saint Paul and Minneapolis | Catholic Finance Corporation | October 1, 2008 |
| Holy Family Catholic High School | Archdiocese of Saint Paul and Minneapolis | U.S. Bank National Association (as bond trustee) | June 1, 1999 |
| The Church of St. Peter of Mendota | Archdiocese of Saint Paul and Minneapolis | Catholic Finance Corporation | December 30, 2009 |
| The Church of Saint Ambrose of Woodbury | Archdiocese of Saint Paul and Minneapolis | U.S. Bank National Association | September 22, 1999 August 19, 2004 February 22, 2996 December 18, 2006 |

B-1

## EXHIBIT C

Ecolab, Inc.

Fredrikson & Byron, P.A.

Gray Plant Mooty

Green Espel PLLP

Jill Reilly

Minnesota Historical Society

Peoples Electric Company

Sprint Communications Company, L.P.

Sprint Corporation

U.S. Bank Trust National Association

Waste Management of Minnesota, Inc.

Xcel Energy

Catholic Finance Corporation

Ramsey County

City of St. Paul

S&T Office Products, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

Debtor.

Bankruptcy Case No.  15-30125

CHAPTER 11 CASE

## ORDER APPROVING EMPLOYMENT OF CHAPTER 11 COUNSEL
## (BRIGGS AND MORGAN, P.A.)

This matter is before the court upon the application of The Archdiocese of Saint Paul and

Minneapolis (the "Archdiocese") to employ the law firm of Briggs and Morgan, P.A. ("Briggs

and Morgan") in this Chapter 11 case.  It appears that it is necessary for the Archdiocese to

employ Chapter 11 counsel.  It appears that the attorneys selected by the Archdiocese do not

hold or represent an interest adverse to the estate and that they are disinterested within the

meaning of 11 U.S.C. § 327(a).

IT IS ORDERED:

1.      The Archdiocese's employment of Briggs and Morgan to represent the

Archdiocese in carrying out its duties under Title 11 of the United States Code is approved.

2.      Briggs and Morgan is authorized to schedule a hearing for allowance of its

professional fees and expenses under 11 U.S.C. §§ 330 and 331 not more than once every ninety

(90) days; and

3.      In accordance with the procedures set forth in Instruction No. 9(c) of the

Instructions for Filing a Chapter 11 Case, Briggs and Morgan may submit monthly requests for

payment to the Archdiocese, with copies to the Committee of Unsecured Creditors or its counsel

and to the Office of the United States Trustee, and the Archdiocese is authorized to pay 80% of

such fees and 100% of such costs on a monthly basis, subject to later allowance by the court.


Dated:

_____

United States Bankruptcy Judge