UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No. 15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | CHAPTER 11 CASE |
| Debtor. | |

**NOTICE OF HEARING AND VERIFIED MOTION AND REQUEST OF THE ARCHDIOCESE OF SAINT PAUL AND MINNEAPOLIS FOR EXPEDITED RELIEF AND FOR AN ORDER MODIFYING CLAIM PROCEDURES**

TO:   All parties-in-interest as specified in Local Rule 9013-3(a)(2)

The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or the "Debtor") moves the Court for the expedited relief requests below and gives notice of hearing:

## NOTICE OF MOTION

1. The Court will hold a hearing on this motion at 1:00 p.m. on January 20, 2015, before the Honorable Robert J. Kressel in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

2. Local Rule 9006-1(c) provides deadlines for response to this motion. However, given the expedited nature of this motion, the Archdiocese will not object to the filing and service of a response to this motion at any time at or prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This matter is a core proceeding under 28 U.S.C.

§ 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The above-captioned Chapter 11 case was filed on January 16, 2015 (the "Petition Date"), and is now pending in this Court.

2.     This motion arises under Sections 105(a) and 501 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 2003 and 3003(c), and Local Rule 3002-1. This motion is filed under Fed. R. Bankr. P. 9013 and 9014, and Local Rules 9013-1 through -3. Expedited relief is requested pursuant to Fed. R. Bankr. P. 9006(c) and Local Rule 9006-1(e). Notice of the hearing on this motion is provided pursuant to Local Rules 9013-3 and 2002-1(b).

**RELIEF REQUESTED**

3.     The Archdiocese requests that the Court direct the Clerk of Court to modify the standard form of Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines in this case to indicate that the deadline for filing proofs of claim will be established at a later date and that Local Rule 3002-1(c) is suspended as it applies in this case, pending further order of the Court.

4.     The Archdiocese respectfully submits that this motion should be considered by the Court on an expedited basis in light of the applicable deadlines imposed by the Bankruptcy Rules and the Local Rules of this Court.

**FACTS SUPPORTING MOTION**

5.     On the date hereof (the "Petition Date"), the Archdiocese caused its attorneys to file a voluntary petition for Chapter 11 bankruptcy relief under Title 11 of the United States Code (the "Bankruptcy Code"). The Archdiocese is continuing in possession of its property and is operating and managing its business, as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner, and no official committee has been established.

6.      To enable the Archdiocese to minimize the adverse effects of the commencement of this Chapter 11 case on its operations, the Archdiocese has requested various types of relief in "first day" motions (collectively, the "First Day Motions"). The First Day Motions seek relief aimed at, among other things, facilitating a smooth transition to Chapter 11, maintaining employee compensation and morale, and preserving and maximizing the property available to satisfy the Archdiocese's creditors. All of the First Day Motions are vital to the Archdiocese's reorganization efforts, and expedited approval of the First Day Motions is important to the Archdiocese's success in this Chapter 11 case.

7.      For a description of the Archdiocese and its operations, the Archdiocese respectfully refers the Court and parties in interest to the Affidavit of the Very Reverend Father Charles V. Lachowitzer, Vicar General and Moderator of the Curia (the "First Day Affidavit") filed contemporaneously herewith.[1]

8.      As indicated in the First Day Affidavit, some individuals in the Church (defined as the universal Catholic Church seated in the Vatican and headed Pope Francis) have committed acts of sexual abuse in violation of the sacred trust placed in them by the Church and by children and their families. The First Day Affidavit includes an outline of the efforts undertaken by the Archdiocese to respond to the abuse crisis through monetary compensation, counseling, pastoral outreach, and the implementation of improved policies and practices.

9.      In May 2013, Minnesota enacted the Minnesota Child Victims' Act, Minn. Stat. § 541.073 (the "CVA"), which altered, expanded, and in some circumstances eliminated the statute of limitations applicable to civil causes of action for damages based on sexual abuse. The CVA allows victims who were sexually abused when they were younger than 18 years old to bring a

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Affidavit.

civil lawsuit for damages arising from the abuse, regardless of how long ago the abuse occurred. The CVA also provides a three-year window, during which victims whose claims would have been time barred by the previous statute of limitations, may bring civil suits against alleged abusers and the Archdiocese. The enactment of the CVA may give rise to the assertion of a significant number of additional civil claims against the Archdiocese relating to clergy misconduct spanning a time period of more than half a century. The combined circumstances of the civil claims pending and threatened against the Archdiocese, considered in their totality, made clear that reorganization is the only way for the Archdiocese to equitably and fulfill its obligations to all victims and to fulfill its mission.

10. The First Day Affidavit highlights some of the unique features of this case, beginning with the fact that the Archdiocese is a religious—as opposed to commercial—organization. In addition, unlike with most Chapter 11 proceedings, the Archdiocese does not anticipate any significant issues concerning use of cash collateral or adequate protection of secured creditors. Moreover, the Archdiocese is not a tenant under any real estate leases, other than a seminary lease, and has remained current with its utility providers and trade vendors. The overwhelming bulk of the Archdiocese's revenue is derived from contributions from the faithful.

11. Distinct from most Chapter 11 cases filed in this district, this case will focus on the creation of a mechanism for the payment of fair compensation to abuse victims. This case focus will be similar to bankruptcy cases commenced by other dioceses in the United States.

12. The Archdiocese anticipates that a Committee of Unsecured Creditors (the "Committee") will be formed early in this case, and that the Committee will be actively involved in all aspects of the case, as has been true with other diocesan cases throughout the United States.

The Archdiocese intends to consult with the Committee and the United States Trustee with respect to case management matters including issues relating to the following:

    (a)    the procedure for establishing a bar date for claims;

    (b)    the procedure for establishing a form of proof of claim to be employed in this case;

    (c)    the procedure for providing notice of the case and the bar date for claims;

    (d)    the procedures for maintaining the confidentiality of abuse claimants;

    (e)    the advisability of appointing a noticing agent; and

    (f)    the procedure for the appointment of a future claims representative.

13. The Archdiocese anticipates that certain case management issues referenced above will be addressed by separate motion or by request for a status conference under Section 105(d) of the Bankruptcy Code.

14. In the meantime, the Archdiocese believes that it is necessary and appropriate for this Court to alter the procedure specified in Local Rule 3002-1(c) to address three basic concerns, as follows:

15. First, the Archdiocese believes that insurance coverage will be available for a substantial portion of the claims in this case. The Archdiocese's insurance carriers have suggested various forms of questionnaires to be completed by potential abuse victims. The Archdiocese anticipates that the final form of proof of claim in this case will address certain of these requirements. Other diocesan bankruptcy cases have utilized special forms and procedures for these creditors to file proofs of claim.[2]

---

[2] See, e.g., Order, In re Roman Catholic Bishop of Helena, No. 14-60074-11 (Bankr. D. Mont. May 6, 2014), ECF No. 242 (establishing deadlines for filing proofs of claims and approving proof of claim forms); Order, In re Catholic Diocese of Wilmington, Inc., No. 09-13560 (CSS) (Bankr. D. Del. Feb. 1, 2010), ECF No. 308 (same); Order, In re Archdiocese of Milwaukee, No. 11-20059-svk (Bankr. E.D. Wisc. July 14, 2011), ECF No. 331 (same); Order, In re Roman

16. Second, the Archdiocese anticipates that the Committee and the Archdiocese will seek to provide published notice of the bar date and will take other steps to meet due process concerns implicated by the claims process. The Archdiocese wishes to ensure that all potential abuse claimants will be given an opportunity to submit proofs of claim.

17. Finally, the suspension of Local Rule 3002-1(c) is necessary to address the unique nature of this case. For example, a number of the abuse victim claimants have chosen to raise and proceed with their claims anonymously, and other potential abuse victim claimants are unknown or unidentified. As such, the standard procedures for filing proofs of claim are unsuitable for these creditors.

18. The Archdiocese is keenly aware of the risks associated with a prolonged Chapter 11 proceeding. The Archdiocese does not intend to advocate, or support, an open-ended bar date in this case. To the contrary, the Archdiocese intends to move this case forward as quickly as possible in order to minimize professional fees and to maximize the recovery to victims in this case. The Archdiocese intends to move forward as soon as possible with a motion for an order establishing a bar date for claims and approving a form of proof of claim for alleged abuse victims and the procedure for publication and notice of the claim bar date.

## EXPEDITED RELIEF

19. The Archdiocese requests expedited relief in this motion and requests an expedited hearing. Granting this motion on an expedited basis will minimize the disruptions to the Archdiocese's business and minimize potential harm to those creditors who wish to remain publically anonymous. The Archdiocese submits that it has complied with the requirements of Local Rule 9006-1(e) by providing the notice specified below.

---

Catholic Archbishop of Portland in Oregon, No. 04-37154-elp11 (Bankr. D. Or. Jan. 3, 2005), ECF No. 755 (same).

20. Pursuant to Local Rule 9013-2, this motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

21. Pursuant to Local Rule 9013-2, the Archdiocese gives notice that it may, if necessary call Thomas J. Mertens, Chief Financial Officer of the Archdiocese of Saint Paul and Minneapolis, to testify at the hearing on the motion regarding the facts set forth herein. The witness's business address is 328 Kellogg Blvd W, Saint Paul, MN 55102.

## SERVICE OF MOTION

22. Notice of this motion has been given to the parties identified on and in the manner set forth in, the separately-filed certificate of service relating to the First Day Motions. This includes the parties specified in Local Rule 9013-3, all financial institutions with an interest in the accounts referenced in the First Day Motions, the attorneys representing alleged victims of abuse, and all attorneys who have identified themselves as counsel for the parishes or other Non-Debtor Catholic Entities. In light of the nature of the relief requested, the Archdiocese submits that no further notice is required.

## REQUEST FOR RELIEF

WHEREFORE, the Archdiocese respectfully requests the Court to enter an order in the form submitted with this Motion:

(a) Granting expedited relief;

(b) Directing the Clerk of Court to modify the standard form of Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines in this case to indicate that the deadline for filing proofs of claim will be established at a later date and that Local Rule 3002-1(c) is suspended as it applies in this case, pending further order of the Court; and

(c) Providing such other and further relief as the Court may deem just and equitable.

Dated:  January 16, 2015				Respectfully submitted,

						*e/ Richard D. Anderson*

						BRIGGS & MORGAN, P.A.
						Richard D. Anderson (#2306)
						randerson@briggs.com
						John R. McDonald (#168592)
						jmcdonald@briggs.com
						Charles B. Rogers (#0130588)
						crogers@briggs.com
						Benjamin E. Gurstelle (#389968)
						bgurstelle@briggs.com
						2200 IDS Center
						80 South 8th Street
						Minneapolis, MN 55402
						Telephone: (612) 977-8400
						Facsimile: (612) 977-8650

							- and -

						LINDQUIST & VENNUM LLP
						James A. Lodoen (#173605)
						jlodoen@lindquist.com
						Jeffrey D. Smith (#0387035)
						jsmith@lindquist.com
						Charlie E. Nelson (#0392389)
						cnelson@lindquist.com
						4200 IDS Center
						80 South 8th Street
						Minneapolis, MN  55402
						Telephone: (612) 371-3211
						Facsimile: (612) 371-3207

						*Proposed Attorneys for The Archdiocese of Saint Paul and Minneapolis*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

    Debtor.

CHAPTER 11 CASE

**VERIFICATION OF THOMAS J. MERTENS**

I, Thomas J. Mertens, Treasurer / Chief Financial Officer of the Archdiocese of Saint Paul and Minneapolis, do hereby declare and certify under penalty of perjury that the information contained in Notice of Motion and Verified Motion and Request of the Archdiocese of Saint Paul and Minneapolis for Expedited Relief and for an Order Modifying Claim Procedures is true and correct to the best of my knowledge, information, and belief.

Dated: 1/16/15

Thomas J. Mertens

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

        Debtor.

Bankruptcy Case No. 15-30125

CHAPTER 11 CASE

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED MOTION AND REQUEST OF THE ARCHDIOCESE OF SAINT PAUL AND MINNEAPOLIS FOR EXPEDITED RELIEF AND FOR AN ORDER MODIFYING CLAIM PROCEDURES**

## INTRODUCTION

The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or "Debtor") respectfully submits this memorandum in support of its Verified Motion and Request for Expedited Relief and for an Order Modifying Procedures.

## FACTS

The facts relevant to this memorandum are set forth in the Motion. As indicated in the Motion, this bankruptcy case represents one of a number of prior or pending Chapter 11 bankruptcy cases involving dioceses or archdioceses located in the United States. These cases involve a number of similar issues relating to the identification of potential abuse victims and the establishment of a procedure for compensation of these abuse victims.

This Court has previously established a set of procedures relating to the establishment of bar dates for filing claims, providing notice to creditors and other parties in interest, and other similar case management procedures. The Archdiocese respectfully submits that many of the standard procedures in place in this district do not fit the unique circumstances of this case. For this reason, the Archdiocese believes that this Court should modify the requirements of Local

Rule 3002-1(c) to permit proofs of claim to be filed at a date later than the date specified in the Local Rules.  The Archdiocese also believes that this Court should also authorize the Clerk to modify the standard Notice of Chapter 11 Bankruptcy Case to reflect the modification of the Local Rules.

As noted in the motion, the Archdiocese expects to consult with counsel for the Committee of Unsecured Creditors in this case (the "Committee") and the United States Trustee a variety of case management issues, including:

      (a)    the procedure for establishing a bar date for claims;

      (b)    the procedure for establishing a form of proof of claim to be employed in this case;

      (c)    the procedure for providing notice of the case and the bar date for claims;

      (d)    the procedures for maintaining the confidentiality of abuse claimants;

      (e)    the advisability of appointing a noticing agent; and

      (f)    the procedure for the appointment of a future claims representative.

The Archdiocese anticipates that the foregoing issues will be addressed by separate motion or by a request for status conference.

**LEGAL AUTHORITY**

Local Rule 3002-1 provides in part that "in a Chapter 11 case, the last day to timely file a proof of claim is fixed at ninety (90) days after the date first set for the meeting of creditors." Local Rule 9029-1, however, also states that "in the interest of expediting a decision or for other good cause, the Court may suspend the requirements or provisions of any local rule and may order proceedings in accordance with its directions."

The Archdiocese believes that an order granting the relief requested in the motion is fully justified under the circumstances of this case, including the need at the outset of the case to

address confidentiality issues for abuse victims and clergy members against whom unsubstantiated claims have been made, and the need to address certain issues related to how and when proofs of claim should be filed by abuse victims.

Because of certain privacy concerns of abuse victim creditors, the standard procedures for filing proofs of claim may be unsuitable. Other diocesan bankruptcy cases have utilized special forms and procedures for these creditors to file proofs of claim. The Archdiocese intends to work with the Committee and the United States Trustee to similarly create an appropriate proof of claim form and claims submission procedure for these creditors.

Based on the forgoing, the Archdiocese requests that the Court direct the Clerk of Courts to modify the proof of claim deadline portion of the standard Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines regularly issued to state:

> No deadline for proofs of claim will be set at this time. Operation of Local Rule 3002-1(c) is suspended as it applies to this case, pending further order of the court. Claim forms will be distributed to creditors with notice of the deadline for timely filing, once such deadline is set.

Identical language was utilized in the Notice of Case Filing entered by the Clerk of Court in the Petters Company, Inc. chapter 11 case filed in this district. See In re Petters Company, Inc., Case No. 80-45257, ECF No. 55 (Bankr. D. Minn. Nov. 3, 2008) (Notice of Case Filing). The Archdiocese submits that such modification is also appropriate in this case for the reasons identified above.

## CONCLUSION

For the foregoing reasons, the Archdiocese respectfully requests that the Court grant the motion.

Dated: January 16, 2015                    Respectfully submitted,

*e/ Richard D. Anderson*

BRIGGS & MORGAN, P.A.
Richard D. Anderson (#2306)
randerson@briggs.com
John R. McDonald (#168592)
jmcdonald@briggs.com
Charles B. Rogers (#0130588)
crogers@briggs.com
Benjamin E. Gurstelle (#389968)
bgurstelle@briggs.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

- and -

LINDQUIST & VENNUM LLP
James A. Lodoen (#173605)
jlodoen@lindquist.com
Jeffrey D. Smith (#0387035)
jsmith@lindquist.com
Charlie E. Nelson (#0392389)
cnelson@lindquist.com
4200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

*Proposed Attorneys for The Archdiocese of Saint Paul and Minneapolis*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

        Debtor.

Bankruptcy Case No. 15-30125

CHAPTER 11 CASE

**ORDER FOR EXPEDITED RELIEF AND FOR AN ORDER MODIFYING CLAIM PROCEDURES**

The case came before the court upon the Motion of the Archdiocese of Saint Paul and Minneapolis for Expedited Relief and for an Order Modifying Claim Procedures. Appearances were noted on the record.

Based on the motion, the arguments of counsel, all of the files, records and proceedings herein,

**IT IS ORDERED:**

1.    The Archdiocese's motion for expedited relief is granted.

2.    The standard notice of the commencement of this case provided by the Clerk shall be modified to not include a deadline to file proofs of claim and to state as follows: No deadline for proofs of claim will be set at this time. Operation of Local Rule 3002-1(c) is suspended as it applies to this case, pending further order of the court. Claim forms will be distributed to creditors with notice of the deadline for timely filing, once such deadline is set.

DATED:

_____

United States Bankruptcy Judge