## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

_____

In re:

The Archdiocese of Saint Paul and Minneapolis,          Bankruptcy Case No. 15-30125

             Debtor.          Chapter 11 Case

_____

**NOTICE OF HEARING AND VERIFIED MOTION OF THE ARCHDIOCESE OF SAINT PAUL AND MINNEAPOLIS FOR ORDER (1) GRANTING EXPEDITED RELIEF, (2) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (3) WAIVING THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE**

_____

TO:    The Office of the United States Trustee and all parties-in-interest as specified in Local Rule 9013-3(a)(2)

The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or the "Debtor") moves the Court for the expedited relief requests below and gives notice of hearing:

### NOTICE OF MOTION

1.    The Court will hold a hearing on this motion at 1:00 p.m. on January 20, 2015, before the Honorable Robert J. Kressel in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

2.    Local Rule 9006-1(c) provides deadlines for response to this motion. However, given the expedited nature of this motion, the Archdiocese will not object to the filing and service of a response to this motion at any time prior to or at the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

## JURISDICTION

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The above-captioned Chapter 11 case was filed on January 16, 2015 (the "Petition Date"), and is now pending in this Court.

4.      This motion arises under Sections 105(a), 345, 363, 1107 and 1108 of the Bankruptcy Code.  This motion is filed under Fed. R. Bankr. P. 9013 and 9014, and Local Rules 9013-1 through -3.  Expedited relief is requested pursuant to Fed. R. Bankr. P. 9006(c) and Local Rule 9006-1(e).  Notice of the hearing on this motion is provided pursuant to Local Rules 9013-3 and 2002-1(b).

## REQUESTED RELIEF

5.      The Archdiocese seeks a waiver of the United States Trustee's requirement to close prepetition bank accounts and open new postpetition debtor-in-possession bank accounts. Complying with this requirement would be expensive, time-consuming, disruptive, and would divert the Archdiocese's focus on restructuring.  Maintenance of the Archdiocese's Prepetition Bank Accounts and Investment Accounts (as defined below), will facilitate the Archdiocese's transition to Chapter 11 and reorganization.  Maintaining the Prepetition Bank Accounts will also avoid delays in paying postpetition debts as they become due.  Therefore, the Archdiocese should be permitted to maintain its Prepetition Bank Accounts, and, if necessary, to open new accounts and close existing accounts in the ordinary course of business.

6.      The Archdiocese also seeks a waiver of the requirements of Section 345(b) of the Bankruptcy Code on the grounds that the Archdiocese has taken appropriate steps to protect the safety and integrity of its accounts.  All of the Archdiocese's Prepetition Bank Accounts are held

at institutions on the United States Trustee's approved list.  As for the Archdiocese's Investment

Accounts, the Archdiocese will work with the United States Trustee to make any adjustments

necessary to the investments in those accounts.  The Archdiocese understands that its request, if

granted, will be subject to review by the Court on a motion from the United States Trustee or any

other party in interest.

## FACTS SUPPORTING MOTION

7.      On the date hereof (the "Petition Date"), the Archdiocese caused its attorneys to

file a voluntary petition for Chapter 11 bankruptcy relief under Title 11 of the United States

Code (the "Bankruptcy Code").  The Archdiocese is continuing in possession of its property and

is operating and managing its business, as a debtor in possession, pursuant to §§ 1107 and 1108

of the Bankruptcy Code.  No request has been made for the appointment of a trustee or an

examiner, and no official committee has been established.

8.      To enable the Archdiocese to minimize the adverse effects of the commencement

of this Chapter 11 case on its operations, the Archdiocese has requested various types of relief in

"first day" motions (collectively, the "First Day Motions").  The First Day Motions seek relief

aimed at, among other things, facilitating a smooth transition to Chapter 11, maintaining

employee compensation and morale, and preserving and maximizing the property available to

satisfy the Archdiocese's creditors.  All of the First Day Motions are vital to the Archdiocese's

reorganization efforts, and expedited approval of the First Day Motions is important to the

Archdiocese's success in this Chapter 11 case.

9.      For a description of the Archdiocese and its operations, the Archdiocese

respectfully refers the Court and the parties in interest to the Affidavit the Very Reverend Father

Charles V. Lachowitzer, Vicar General and Moderator of the Curia (the "First Day Affidavit")

filed contemporaneously herewith.[1]

10.    Generally, a debtor in a Chapter 11 case is required to:  (a) close all existing bank

accounts and open new debtor in possession bank accounts; (b) establish one debtor-in-

possession account for all estate monies required for the payment of taxes, including payroll

taxes; (c) maintain a separate debtor-in-possession account for cash collateral; and (d) obtain

checks for all debtor in possession accounts bearing the designation "Debtor in Possession," the

bankruptcy case number and the type of account.   The object of these requirements is to

demarcate between prepetition and postpetition claims and payments and protect against the

inadvertent payment of prepetition claims by preventing banks from honoring checks drawn

before the Petition Date.

11.    Before the Petition Date, the Archdiocese, in the ordinary course of its business,

maintained certain bank demand deposit / transaction accounts for various distinct purposes

(collectively, for purposes of this motion, the "Prepetition Bank Accounts").   A schedule

identifying the Prepetition Bank Accounts for which the Archdiocese is seeking relief and the

institutions at which they are held is attached hereto as **Exhibit A**.   The Prepetition Bank

Accounts hold Archdiocese assets, including both restricted and unrestricted funds, as well as

funds held for others.   For those funds held by the Archdiocese that are restricted gifts from

donors that may be used only for specific identified purposes, the Archdiocese acts as a

custodian but has no claim to the assets itself.   As such, those funds are not estate assets.   Exhibit

A includes a brief description of the purpose of each of the Archdiocese's Prepetition Bank

Accounts.   The Archdiocese's Prepetition Bank Accounts are each used for specific purposes,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
First Day Affidavit.

including payment of payroll, health benefits, pension obligations, and other purposes as more fully described in Exhibit A and have separate checks for each account. The banks at which the Prepetition Bank Accounts are held are FDIC insured.

12.     The Prepetition Bank Accounts and the processes and procedures for tracking the funds in the accounts and for transferring money in and out of the accounts are carefully designed to monitor different categories of funds, including restricted funds and funds held for others. These policies and procedures further allow the Archdiocese to coordinate transfers between accounts and fund the mission of the Archdiocese.

13.     The Prepetition Bank Accounts are familiar to the independent certified accountants who audit the Archdiocese's books and records each year. Changing over to new accounts would add expense and uncertainty to the efforts of the Archdiocese's accountants and the preparation of audited financial statements.

14.     The Archdiocese has established detailed procedures for monitoring claims and payments that allow the Archdiocese to separate and demarcate pre-Petition Date and post-Petition Date payment so that each can be treated according to the Bankruptcy Code and this Court's orders. The Archdiocese will work closely with the banks at which the Prepetition Bank Accounts are maintained to ensure that the banks honor only those payments that the Archdiocese is authorized to make.

15.     The Archdiocese is taking and will continue to take steps to stop payment on all pre-Petition Date debts paid by checks which have not cleared the Archdiocese's Prepetition Bank Accounts, except to the extent this Court authorizes certain pre-Petition Date payments by specific order on other first day motions. As a matter of course, the Archdiocese will continue to maintain records regarding all transfers of cash so that all transactions can be ascertained, recorded and traced. The United States Trustee's concerns of creating a clear line of

demarcation between pre-Petition Date and post-Petition Date obligations can be satisfied here without the necessity of closing the Prepetition Bank Accounts. Subject to prohibition against honoring pre-Petition Date checks without specific authorization of this Court, the Archdiocese requests that the Prepetition Bank Accounts be deemed debtor in possession accounts and that the Archdiocese be authorized to maintain and continue the use of these accounts in the same manner and with the same account numbers, styles and forms as those employed pre-Petition Date.

16.     If the relief requested herein is granted, and except as disclosed above, the Archdiocese will not pay, and each of the banks where the Prepetition Bank Accounts are maintained will be directed not to pay, any checks drawn on the Prepetition Bank Accounts pre-Petition Date other than as specifically authorized by this Court.

17.     The Archdiocese also requests that the requirements of Section 345(b) of the Bankruptcy Code be waived in this case given the nature of the institutions used by the Archdiocese to hold its Prepetition Bank Accounts and the steps taken by the Archdiocese to protect the safety and integrity of the Prepetition Bank Accounts.

18.     The Archdiocese also requests, finally, that it be able to continue to use its business forms, which are used in the ordinary course of their businesses, without alteration or change. By virtue of the nature and scope of the businesses in which the Archdiocese is engaged and the number of suppliers with whom the Archdiocese transacts business, it is important for the Archdiocese to continue using the business forms without alteration or change. To prevent unnecessary delay, confusion, and accrual of further expense to its estates, the Archdiocese requests that the Court waive any requirements of adding a "Debtor-in-Possession" legend or number to the business forms other than checks. The Archdiocese will begin using the "Debtor-in-Possession" stamp or legend for all checks as soon as possible. The continued use of existing

business forms employed in the ordinary course of a debtor's prepetition business has been approved in a number of other bankruptcy cases.

19.     The Archdiocese also holds or manages certain accounts that are used for investing (the "Investment Accounts"). The Investment Accounts relating to this motion are described on **Exhibit B**. Several of these accounts hold donor restricted funds which are not estate assets. The investments and perpetual trust assets held at Catholic Community Foundation are pooled with other organizations' funds and invested in diversified portfolios or marketable equity and fixed income securities, as well as limited marketability investments. The Archdiocese initiated discussions with the United States Trustee prior to the Petition Date with respect to these accounts. These discussions are continuing and the Archdiocese anticipates making certain changes in those accounts promptly following filing, where applicable, to meet United States Trustee and Section 345(b) requirements. The Archdiocese seeks only temporary relief with regard to the Investment Accounts at this time to allow the Archdiocese sufficient time to make those adjustments.

## EXPEDITED RELIEF

20.     The Archdiocese requests expedited relief in this motion and requests an expedited hearing. Granting this motion on an expedited basis will minimize the disruptions to the Archdiocese's accounting system and allow the Archdiocese to continue to make and generate timely accounting information. The Archdiocese submits that it has complied with the requirements of Local Rule 9006-1(e) by providing the notice specified below.

21.     Pursuant to Local Rule 9013-2, this motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

22.     Pursuant to Local Rule 9013-2, the Archdiocese gives notice that it may, if necessary call Thomas J. Mertens, Chief Financial Officer of the Archdiocese of Saint Paul and

Minneapolis, to testify at the hearing on the motion regarding the facts set forth herein. The witness's business address is 328 Kellogg Blvd W, Saint Paul, MN 55102.

## SERVICE OF MOTION

23.    Notice of this motion has been given to the parties identified on, and in the manner set forth in, the separately-filed certificate of service relating to the First Day Motions. This includes the parties specified in Local Rule 9013-3, all financial institutions with an interest in the accounts referenced in the First Day Motions, the attorneys representing alleged victims of abuse, and all attorneys who have identified themselves as counsel for the parishes or other Non-Debtor Catholic Entities. In light of the nature of the relief requested, the Archdiocese submits that no further notice is required.

## REQUEST FOR RELIEF

WHEREFORE, the Archdiocese requests entry of an Order:

(a)    Granting expedited relief;

(b)    Authorizing the Archdiocese in the reasonable exercise of its business judgment, to designate, maintain, and continue to use, with the same account numbers, all of the active demand deposit and transaction bank accounts in existence on the Petition Date, including without limitation the Prepetition Bank Accounts;

(c)    Authorizing the Archdiocese, notwithstanding the requirements of 11 U.S.C. § 345(b), to continue using its bank accounts, including the Prepetition Bank Accounts; provided, however, that this modification is subject to review by the court on a motion from the United States Trustee or any other party in interest;

(d)    Authorizing the Archdiocese to temporarily maintain its Investment Accounts and to enter into a process of withdrawing its current investments in those accounts, where applicable, and to reinvest the proceeds thereof in an orderly and expeditious manner into obligations issued by the U.S. Government or fully guaranteed as to principal and interest by the U.S. Government within 30 days of the date of this order, as may be specified and approved by the United States Trustee;

(e)    Authorizing the Archdiocese to use, in their present form, checks and other documents related to the Prepetition Bank Accounts; provided, however, that the Archdiocese shall order business forms and related materials as needed in accordance with the requirements of the Office of the United States Trustee, and authorizing the Archdiocese to treat the Prepetition Bank Accounts for all

purposes as accounts of the Archdiocese as "debtor in possession", and to use a stamp on the checks to indicate debtor in possession status;

(f)      Authorizing and directing each and every bank at which any Prepetition Bank Account is maintained to continue to service and administer such Prepetition Bank Account as an account of the Archdiocese as debtor in possession without interruption and in the usual and ordinary course;

(g)      Authorizing and directing each and every bank at which any Prepetition Bank Account is maintained to receive, process, honor, and pay any and all checks and drafts drawn on the Prepetition Bank Account after the Petition Date by the holders or makers thereof; provided, however, that such banks may not honor and pay any check drawn or used by the Archdiocese before the Petition Date for which the Archdiocese has placed a stop payment in writing;

(h)      Authorizing each and every bank at which any Prepetition Bank Account is maintained to debit the Archdiocese's accounts in the ordinary course of business without need for further order of this court for: (i) all checks, items, and other payment orders drawn on the Archdiocese's accounts which are cashed at the respective banks' counters or exchanged for cashier's checks by the payees thereof prior to the banks' receipt of notice of the filing of the petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Prepetition Bank Accounts prior to the filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Archdiocese was responsible for such items prior to filing of the petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to such banks as service charges for the maintenance of the Prepetition Bank Accounts;

(i)      Authorizing each and every bank at which any Prepetition Bank Account is maintained to rely on the representations of the Archdiocese with respect to whether any check, item, or other payment order drawn or issued by the Archdiocese prior to filing of the petition should be honored pursuant to this or any other order of this court, and such banks shall not have any liability to any party for relying on such representations by the Archdiocese as provided for herein; and

(j)      Granting such other relief as the Court deems proper.

Dated:  January 16, 2015                    Respectfully submitted,

                                            *e/ Richard D. Anderson*

                                            BRIGGS & MORGAN, P.A.
                                            Richard D. Anderson (#2306)
                                            randerson@briggs.com
                                            John R. McDonald (#168592)
                                            jmcdonald@briggs.com
                                            Charles B. Rogers (#0130588)
                                            crogers@briggs.com
                                            Benjamin E. Gurstelle (#389968)
                                            bgurstelle@briggs.com
                                            2200 IDS Center
                                            80 South 8th Street
                                            Minneapolis, MN 55402
                                            Telephone: (612) 977-8400
                                            Facsimile: (612) 977-8650

                                                  - and -

                                            LINDQUIST & VENNUM LLP
                                            James A. Lodoen (#173605)
                                            jlodoen@lindquist.com
                                            Jeffrey D. Smith (#0387035)
                                            jsmith@lindquist.com
                                            Charlie E. Nelson (#0392389)
                                            cnelson@lindquist.com
                                            4200 IDS Center
                                            80 South 8th Street
                                            Minneapolis, MN  55402
                                            Telephone: (612) 371-3211
                                            Facsimile: (612) 371-3207

                                            *Proposed Attorneys for The Archdiocese of Saint*
                                            *Paul and Minneapolis*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          CHAPTER 11 CASE

The Archdiocese of Saint Paul and
Minneapolis,

   Debtor.

## VERIFICATION OF THOMAS J. MERTENS

   I, Thomas J. Mertens, Treasurer / Chief Financial Officer of the Archdiocese of Saint

Paul and Minneapolis, do hereby certify and declare under the penalty of perjury that the facts

contained in the preceding Notice of Hearing and Verified Motion of the Archdiocese of Saint

Paul and Minneapolis for Order (1) Granting Expedited Relief, (2) Authorizing Maintenance of

Existing Bank Accounts and Business Forms, and (3) Waiving the Requirements of Section

345(b) of the Bankruptcy Code are true and correct to the best of my knowledge, information,

and belief.

Dated: 1/16/15

              Thomas J. Mertens

## EXHIBIT A

**Demand Deposit/Transaction Accounts**

| Bank Information | Account Title | Account Number | Description |
|---|---|---|---|
| U S Bank<br>BC-MN-H030<br>800 Nicollet Mall<br>Minneapolis, MN  55402 | General Checking | x xxx xxxx 8928 | General checking |
| | Restricted Checking | x xxx xxxx 2369 | Funds for publication postage fees pulled directly by post office |
| | Payroll | x xxx xxxx 6066 | Payroll impound account |
| | Priest Health | x xxx xxxx 2237 | Funds transferred from general checking to pay claims on priest health (Delta Dental & BCBS) |
| | Priest Life Fund | x xxx xxxx 5816 | Fund for lifetime reimbursement of priest seminary expenses |
| | Evaluating and Validating Academic Excellence Grant Account | x xxx xxxx 8466 | Donor-required separate account for school grant from GHR Foundation (donor restricted) |
| | Venezuela Mission Fund | x xxx xxxx 1798 | Operating account for Venezuela Mission |
| | | | |
| Wells Fargo Bank N.A.<br>Government, Education and Nonprofit Banking<br>MAC N9307-231<br>7900 Xerxes Ave S  Ste 2300<br>Minneapolis, MN  55431 | Priest Pension | xxx-xxx6353 | Transfer account for Priest Pension |
| | Lay Pension | xxx-xxx6361 | Transfer account for Lay Pension |
| | Intl Priest Payments Funds | xxx-xxx5733 | Funds held for International Priest Payments |
| | Tax Deferred Annuity Checking | xxx-xxx9754 | CHS account to collect and remit employee and employer contributions to 403(b) (tax-deferred annuity) plan from all plan participants |
| | Archdiocese Medical Benefit Plan (AMBP) Checking | xxx-xxx8267 | Medical Benefit Trust checking account – AMBP is a separate entity |
| | | | |
| Premier Bank<br>2866 White Bear Ave<br>Maplewood, MN  55109 | Legacy Grant | xxx-4088 | Donor-required separate account for school grant from GHR Foundation (donor restricted) |
| | General Insurance Fund (GIF) savings account | xxx9444 | Savings account for GIF funds |
| | Unrestricted Savings Account | xxx9495 | Operating account |
| | Ward Family Seminary Fund | xxx9508 | Donor Restricted Fund |
| | Ward fund for Priests | xxx9516 | Donor Restricted Fund |
| | Quinn Estate | xxx9524 | Board Designated Fund |

| | | | |
|---|---|---|---|
| | Priest Long Term Care | xxx9559 | Board Designated Fund |
| | MT Hill Orphan | xxx9567 | Donor Restricted Fund |
| | Venezuelan Mission | xxx9575 | Board Designated/Donor Restricted |
| | Cathedral Riley | xxx9583 | Board Designated Fund |
| | | | |
| Bremer Bank 225 S Sixth St., Ste 200 Minneapolis, MN 55402 | General Insurance Fund (GIF) | xxx6143 | GIF Insurance Accounts – Checking Account |
| | Workers' Compensation Payment | xxx6151 | GIF Insurance Accounts – imprest account for workers' compensation claims |
| | Med/Pay | xxx8824 | Fund for payment of medical bills related to injuries on property |
| | | | |

*Certain of the above accounts are pass-through/transfer accounts that hold designated funds collected from Parishes and other Non-Debtor Catholic Entities.  The funds are distributed as designated to the appropriate funds or entities in the ordinary course of business.  In addition, certain of the listed accounts hold donor-restricted funds that are not considered estate assets.

**EXHIBIT B**

## Investment Accounts

| | | | |
|---|---|---|---|
| RBC Wealth Management<br>400 Robert St N, Ste 1400<br>Saint Paul, MN 55101 | Frank Braun Priest Ed Fund | xxxxxx4626 &<br>xxxxx7738 | Donor Restricted Fund |
| Sunrise Banks<br>2171 University Ave W<br>St. Paul, MN 55114 | Strengthening Parishes<br>Together Fund | Acct xxxxxx2501 | Donor Restricted Fund |
| Catholic Community<br>Foundation<br>2610 University Ave W,<br>Court West Ste 500<br>Saint Paul, MN 55114 | General Seminary Fund | Accts xxxxxx4801 | Pooled Endowment –<br>Donor Restricted, receive<br>beneficial interest |
| | Msgr Ambrose Hayden-<br>Seminary Fund | Acct x4801c | Donor Restricted Fund |
| | Fr John Joyce  Fund | Accts x7226a<br>x7226b<br>x7226c<br>x7226d<br>x7226e | Donor Restricted Fund<br>for benefit of 5 specific<br>parishes |
| | Opus Corporation<br>Scholarship Fund | Accts x8226a<br>x8226b | Board Designated Fund<br>accounts for principal<br>balance and interest |
| | MT Hill for Invalid Priests | Accts x1702a<br>x1702b | Beneficial Interest in<br>Perpetual Trust |
| | MT Hill Trust (Christian<br>Brothers) | Acct x1703a | Beneficial Interest in<br>Perpetual Trust |
| | Medical Benefit Plan Trust<br>Account | Acct x6558a | Medical Benefit Trust<br>investment account –<br>AMBP is a separate entity |

*Certain of the above accounts are pass-through/transfer accounts that hold designated funds collected from Parishes and other Non-Debtor Catholic Entities.  The funds are distributed as designated to the appropriate funds or entities in the ordinary course of business.  In addition, certain of the listed accounts hold donor-restricted funds that are not considered estate assets.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

The Archdiocese of Saint Paul and Minneapolis,          Bankruptcy Case No. 15-30125

Debtor.          Chapter 11 Case

---

**MEMORANDUM IN SUPPORT OF VERIFIED MOTION OF THE ARCHDIOCESE OF
SAINT PAUL AND MINNEAPOLIS FOR ORDER (1) GRANTING EXPEDITED
RELIEF, (2) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS
AND BUSINESS FORMS AND (3) WAIVING THE REQUIREMENTS OF
SECTION 345(B) OF THE BANKRUPTCY CODE**

---

## INTRODUCTION

The Archdiocese submits this memorandum of law in support its accompanying verified

motion for the relief set forth herein.  Terms defined in the verified motion shall have the same

meaning in this memorandum.

## FACTS

The facts relevant to this memorandum are set forth in detail in the verified motion.  As

indicated in the verified motion, the Archdiocese has an immediate need to maintain its

Prepetition Bank Accounts and continue to use its prepetition business forms in order to ensure

an orderly transition to Chapter 11.

## DISCUSSION

**I.      DEBTOR'S REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED**

The Archdiocese's request for expedited relief should be granted.  Cause exists to reduce

notice of the hearing on this motion.  The relief sought herein is designed to provide for the

Archdiocese's smooth transition to Chapter 11 and to minimize disruptions to the Archdiocese's

multi-faceted operations.  Moreover, if the Court does not grant expedited relief, the Archdiocese

will be forced into an untenable situation: either maintain the same bank accounts and disregard the United States Trustee's operating guidelines or open new bank accounts rendering this motion moot.  Given the critical need to continue the operations and ministry of the Archdiocese without greater upheaval, this Court should reduce the notice of hearing on this motion.

## II.    THE ARCHDIOCESE SHOULD BE AUTHORIZED TO MAINTAIN ITS EXISTING PREPETITION BANK ACCOUNTS AND BUSINESS FORMS

### A.    The Archdiocese Should Be Granted Authority To Maintain The Prepetition Bank Accounts

Bankruptcy courts have the authority to waive the strict enforcement of bank account closing requirements otherwise imposed under the guidelines adopted by the Office of the United States Trustee.  Such relief is routinely granted, especially in large Chapter 11 cases.  This Court has regularly waived the requirement that a debtor-in-possession close its bank accounts and replaced it with alternative procedures providing the same protections.  See, e.g., In re Antioch Company, LLC, et al., Case No. 13-41898 (Bankruptcy D. Minn. April 19, 2013); In re Duke and King Acquisition Corp., Case No. 10-38652, ECF No. 45 (Bankr. D. Minn. Dec. 9, 2010); In re Intrepid U.S.A. Inc., Case No. 04-40416 (Bankr. D. Minn. Mar. 24, 2004).  The same relief has been routinely granted in diocesan bankruptcy cases around the country.  See, e.g., In re Archdiocese of Milwaukee, Case No. 11-20059-svk, ECF No. 27 (Bankr. E.D. Wis. Jan. 7, 2011) (authorizing, but not directing, the debtor to continue use of bank accounts and business forms). In general, bankruptcy courts often waive new bank account requirements and permit debtors to maintain their existing bank accounts and cash management systems, treating such a request as a relatively "simple matter".  See, e.g., In re Baldwin-United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).

As set forth in the motion, continued use of the Prepetition Bank Accounts and existing business forms is important for the Archdiocese's transition to Chapter 11 and the maintenance

of relationships with Schools, Parish Corporations, and various other Non-Debtor Catholic Entities that operate in the Region served by the Archdiocese.  Requiring the Archdiocese to open new bank accounts at this early juncture would be administratively difficult, expensive, and disruptive to operations.  Consequently, maintaining the Prepetition Bank Accounts is also in the best interests of all creditors and parties-in-interest.

If this motion is granted, the Archdiocese will not pay, and will direct its banks not to pay, any prepetition checks, except as allowed by order of this Court.

**B.**      **Cause Exists for Waiving the Investment and Deposit Guidelines of Section 345**

The Archdiocese believes that its use of the Prepetition Bank Accounts substantially conforms with the approved practices identified in Section 345 of the Bankruptcy Code and that all deposits in the Prepetition Bank Accounts are safe, prudent, and with institutions approved by the United States Trustee's Office.  Nonetheless, out of an abundance of caution, to the extent that such deposits do not conform with the approved practices identified in section 345 of the Bankruptcy Code, the Archdiocese seeks a waiver of such requirements.

Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety.  See id. § 345(b).

A court may, however, relieve a debtor-in-possession of the restrictions imposed by section 345(b) of the Bankruptcy Code for "cause."  See In re Service Merchandise Co., Inc.,

240 B.R. 894, 896-97 (Bankr. M.D. Tenn. 1999) (finding that cause existed to waive requirements of section 345(b) for large sophisticated debtors that had complex cash management system and internal investment monitoring mechanisms, and that failure to waive such requirements would "needlessly handcuff" the debtors' reorganization efforts).  To the extent necessary, the Archdiocese believes that "cause" exists to waive the investment and deposit restrictions under section 345(b) of the Bankruptcy Code.  Similar relief has been granted in other diocese bankruptcy cases.  See, e.g., In re Catholic Diocese of Wilmington, Inc., Case No. 09-13560-CSS, ECF No. 42 (Bankr. D. Del. Oct. 22, 2009) (order granting waiver of deposit guidelines of section 345); In re Diocese of Davenport, Case No. 06-02229-lmj11, ECF No. 22 (Bankr. S.D. Iowa Oct. 16, 2006) (temporarily waiving section 345 requirements); see also In re Roman Catholic Church of the Diocese of Tucson, Case No. 4:04-bk-04721-BMW, ECF No. 101 (Bankr. D. Ariz. Oct. 25, 2004) (order holding that language waiving section 345(b) will be dropped from order because "it is not needed").

The Prepetition Bank Accounts are maintained at U.S. Bank, Wells Fargo Bank, Bremer Bank, and Premier Bank.  See **Exhibit A** to the motion.  The Archdiocese has been informed that each of these institutions is on the approved list kept by the United States Trustee's Office for depository institutions housing debtor in possession accounts.  As such, the Archdiocese submits that cause exists to waive the requirements of section 345(b) as to those Prepetition Bank Accounts.

With respect to the Investment Accounts, the Archdiocese will work with the United States Trustee to make any necessary adjustments to its investment practices and accounts to arrive at a mutually-agreeable resolution for where and how to invest the funds in those accounts. In the case that the Archdiocese may be required to move investments into different approved vehicles, the Archdiocese respectfully requests temporary relief from the section 345(b)

requirements to allow sufficient time to make such changes in a prudent manner.   The

Archdiocese seeks temporary relief of 30 days following the Petition Date to make any such

required changes.

Notwithstanding the foregoing, the Archdiocese has indicated in its proposed order that

its proposed modification of the requirements of Section 345 of the Bankruptcy Code are subject

to review by the Court on a motion from the United States Trustee or any other party in interest.

### C.     The Archdiocese Should Be Granted Authority To Continue Its Accounting Policies And Practices

The Archdiocese also seeks authority to continue its accounting policies and practices.

The existing practices and policies allow the Archdiocese to accurately determine the amount

and location of all of the funds it holds, and whether those funds are the Archdiocese's or are

held in trust.   The policies further allow the Archdiocese to coordinate transfers between

accounts, fund the mission of the Archdiocese, and account for restricted funds and funds held

for others.   The Archdiocese will work closely with the banks at which the Prepetition Bank

Accounts are maintained to ensure that the banks honor only those payments that the

Archdiocese is authorized to make.

The policies and practices are also familiar to the Archdiocese's employees as well as the

public auditors.   Preserving continuity will help in the reorganization process and will avoid

distractions and mistakes that could be associated with substantial revisions in practices.

### D.     The Archdiocese Should Be Granted Authority To Use Existing Business Forms

Allowing the Archdiocese to continue to use its business forms (including checks,

letterhead, purchase orders, and invoices) will minimize expense to the estate.   With regard to

correspondence, business forms and similar items, parties doing business with the Archdiocese

should likely be aware of its status as debtor-in-possession as a result of the size and notoriety of

this Chapter 11 case, general press coverage and the publication notice for this Chapter 11 case. The Archdiocese further requests that it be authorized to use its existing stock of checks, manually modified to note the Archdiocese's status as debtor-in-possession. With respect to checks, replacement of the Archdiocese's check stock could take several weeks. It is unrealistic to expect that the Archdiocese postpone purchases or defer payments pending the stationer's delivery of check stock. A requirement that the Archdiocese change its checks and business forms would be expensive and burdensome to the estate and disruptive to the reorganization.

Other courts in diocesan bankruptcy cases have permitted continued use of checks and business forms with the debtor-in-possession designation manually applied to the checks and forms. See, e.g., In re Catholic Diocese of Wilmington, Inc., Case No. 09-13560-CSS, ECF No. 42 (Bankr. D. Del. Oct. 22, 2009) (order granting continued use of business forms); In re Diocese of Davenport, Case No. 06-02229-lmj11, ECF No. 22 (Bankr. S.D. Iowa Oct. 16, 2006) (same); In re Roman Catholic Church of the Diocese of Tucson, Case No. 4:04-bk-04721-BMW, ECF No. 117 (Bankr. D. Ariz. Nov. 5, 2004) (same). This court has similarly allowed such practices in large Chapter 11 cases in this district. See, e.g., In re The Antioch Company, LLC, Case No. 13-41898, ECF No. 51 (Bankr. D. Minn. Apr. 19, 2013) (order granting continued use of business forms).

## CONCLUSION

For the foregoing reasons, this Court should grant the motion.

Dated:  January 16, 2015

Respectfully submitted,

*e/ Richard D. Anderson*

BRIGGS & MORGAN, P.A.
Richard D. Anderson (#2306)
randerson@briggs.com
John R. McDonald (#168592)
jmcdonald@briggs.com
Charles B. Rogers (#0130588)
crogers@briggs.com
Benjamin E. Gurstelle (#389968)
bgurstelle@briggs.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650

- and -

LINDQUIST & VENNUM LLP
James A. Lodoen (#173605)
jlodoen@lindquist.com
Jeffrey D. Smith (#0387035)
jsmith@lindquist.com
Charlie E. Nelson (#0392389)
cnelson@lindquist.com
4200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 371-3211
Facsimile: (612) 371-3207

*Proposed Attorneys for The Archdiocese of Saint Paul and Minneapolis*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

The Archdiocese of Saint Paul and Minneapolis,        Bankruptcy Case No. 15-30125

Debtor.           Chapter 11 Case

_____

**ORDER GRANTING EXPEDITED RELIEF, AND (1) AUTHORIZING
MAINTENANCE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (2)
WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B)**

_____

The case came before the court on the motion of the Archdiocese of Saint Paul and
Minneapolis for an order granting expedited relief, authorizing maintenance of existing bank
accounts and business forms, and waiving the requirements of section 345(b) of the Bankruptcy
Code.  Appearances were noted on the record.

Based on the motion, the arguments of counsel, and all of the files, records and
proceedings,

**IT IS ORDERED:**

1.      The Archdiocese's motion for expedited relief is granted.

2.      The Archdiocese is authorized, in the reasonable exercise of its business
judgment, to designate, maintain, and continue to use, with the same account numbers, all the
active demand deposit and transaction bank accounts in existence on the petition date, including
without limitation those identified on <u>Exhibit A</u> to the motion (the "Prepetition Bank Accounts").

3.      Notwithstanding the requirements of 11 U.S.C. § 345(b), the Archdiocese will be
allowed to continue using its bank accounts, including the Prepetition Bank Accounts; provided,

however, that this modification is subject to review by the court on a motion from the United States Trustee or any other party in interest.

4.      To the extent that such accounts are subject to 11 U.S.C. § 345(b), the Archdiocese is authorized to temporarily maintain the investment accounts identified on Exhibit B to the motion (the "Investment Accounts") and to enter into a process of withdrawing its current investments in those accounts, where applicable, and to reinvest the proceeds thereof in an orderly and expeditious manner into obligations issued by the U.S. Government or fully guaranteed as to principal and interest by the U.S. Government within 30 days of the date of this order, as may be specified and approved by the United States Trustee.

5.      The Archdiocese is authorized to use, in its present form, checks and other documents related to the Prepetition Bank Accounts; provided, however, that the Archdiocese shall order business forms and related materials as needed in accordance with the requirements of the Office of the United States Trustee.  The Archdiocese is authorized to treat the Prepetition Bank Accounts for all purposes as accounts of the Archdiocese as "debtor in possession".  The Archdiocese may use a stamp on the checks to indicate debtor in possession status.

6.      Each and every bank at which any Prepetition Bank Account is maintained is authorized and directed to continue to service and administer such Prepetition Bank Account as an account of the Archdiocese as debtor in possession without interruption and in the usual and ordinary course.

7.       Each and every bank at which any Prepetition Bank Account is maintained is authorized and directed to receive, process, honor, and pay any and all checks and drafts drawn on the Prepetition Bank Account after the petition date by the holders or makers thereof; provided, however, that such banks may not honor and pay any check drawn or used by the

Archdiocese before the petition date for which the Archdiocese has placed a stop payment in writing.

8.      Each and every bank at which any Prepetition Bank Account is maintained is further authorized to debit the Archdiocese's accounts in the ordinary course of business without need for further order of this court for: (i) all checks, items, and other payment orders drawn on the Archdiocese's accounts which are cashed that the respective banks' counters or exchanged for cashier's checks by the payees thereof prior to the banks' receipt of notice of the filing of the petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Prepetition Bank Accounts prior to the filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Archdiocese was responsible for such items prior to filing of the petition; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to such banks as service charges for the maintenance of the Prepetition Bank Accounts.

9.      Each and every bank at which any Prepetition Bank Account is maintained may rely on the representations of the Archdiocese with respect to whether any check, item, or other payment order drawn or issued by the Archdiocese prior to filing of the petition should be honored pursuant to this or any other order of this court, and such banks shall not have any liability to any party for relying on such representations by the Archdiocese as provided for herein.

-3-

10.    Notwithstanding the applicability of Bankruptcy Rule 6004(h), or any other applicable rule, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

Dated:

_____

United States Bankruptcy Judge