UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>The Archdiocese of Saint Paul and Minneapolis,<br><br>Debtor. | Bankruptcy Case No. 15-30125<br><br>CHAPTER 11 CASE |

**SUPPLEMENTAL VERIFIED STATEMENT OF RICHARD D. ANDERSON IN SUPPORT OF THE APPLICATION BY THE DEBTOR TO EMPLOY CHAPTER 11 COUNSEL
(BRIGGS AND MORGAN, P.A.)**

The undersigned makes the following supplemental verified statement in support of the application of the Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or "Debtor") to employ Briggs and Morgan, Professional Association ("Briggs and Morgan") as Chapter 11 counsel pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, Local Rule 2014-1 and in compliance with 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b), and Local Rule 1007-1 [Docket No. 4] (the "Application"), as follows:

1. On January 16, 2015 (the "Petition Date"), the Archdiocese commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.

2. On the Petition Date, Briggs and Morgan filed the Application and a verified statement of Richard D. Anderson (the "Initial Statement") in support of the Application.

3. A hearing on the Application has been scheduled and noticed for February 19, 2015 at 9:00 a.m. before the Honorable Robert J. Kressel in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 [Docket No. 81].

-2-

4. In its Initial Statement, Briggs and Morgan set forth and described the conflicts and contact searches that it conducted in connection with its representation of the Archdiocese and detailed its connections with the Archdiocese and other parties in interest. Briggs and Morgan further provided that it would supplement the Initial Statement, as necessary, with disclosures of additional responsive information as it developed or became available.

5. Pursuant to paragraph 34 of the Initial Statement, Briggs and Morgan also committed to promptly: (a) conducting a survey of all Briggs and Morgan attorneys by email to determine whether they have, within the last two years, had any professional or official involvement with the Archdiocese or any other Catholic organization (the "Firm-Wide Survey"); and (b) ensuring that any appropriate supplemental disclosures are made in connection with the Firm-Wide Survey.

6. Richard G. Mark, Briggs and Morgan's general counsel, and Charles B. Rogers, a shareholder of Briggs and Morgan, emailed the Firm-Wide Survey to all attorneys on January 26, 2015. Completed responses to the Firm-Wide Survey were returned on Friday, January 30.

7. At my direction, all responses to the Firm-Wide Survey have been reviewed and cross-checked against the disclosures made in the Initial Statement. Based on the results of this review, Briggs and Morgan makes the following additional disclosures:

    (a) Briggs and Morgan attorney Patrick S. Williams formerly served as a member of a purchasing advisory committee of Catholic Finance Corporation ("CFC"). As detailed in the Initial Statement, the Archdiocese provided advice to CFC prior to the Petition Date on general legal matters, including matters relating to corporate governance, some of which related to the Archdiocese. Also as disclosed in the Initial Statement, CFC remains a client of Briggs and Morgan with respect to matters unrelated to the Archdiocese and CFC has consented to Briggs and Morgan representing the Archdiocese in this case and has waived any conflict of interest without reservations.

    (b) Briggs and Morgan attorney James E. Duffy formerly served as the development committee chair of the Academy of Holy Angels. Mr. Duffy

presently serves as a member of the board of the Academy of Holy Angels. As detailed in the Initial Statement, the Academy of Holy Angels is a participant in certain medical, dental, general insurance, pensions or other programs administered by the Archdiocese, along with several hundred parishes, schools and other Catholic entities. Also as disclosed in the Initial Statement, Briggs and Morgan continues to represent the Academy of Holy Angels on general legal matters unrelated to this Chapter 11 proceeding and the Academy of Holy Angels has consented to Briggs and Morgan representing the Archdiocese in this case and has waived any conflict of interest without reservations.

(c)     Briggs and Morgan attorney Kristine Boylan formerly served as a national and chapter-level board member of the Federal Bar Association with sitting judges of the U.S. Bankruptcy Court, District of Minnesota. Also, as disclosed to the Court during the January 20, 2015 hearing on the Archdiocese's first-day motions, Ms. Boylan is the daughter of Retired Judge Arthur Boylan, the court-appointed mediator in this Chapter 11 case [Docket No. 54].

8.     Additionally, at my direction, all Schedules and the Statement of Financial Affairs filed with the Court on January 30, 2014 [Docket No. 92] have been reviewed by Briggs and Morgan. Each of the creditors listed in the Schedules has been checked against the results of conflict searches conducted in connection with the Initial Statement. Entities not previously checked against information in the firm's conflict database were submitted to a conflict check on February 3, 2015 subject to, and in accordance with, the process and parameters detailed in Paragraph 4 of the Initial Statement. The results of this conflict check did not reveal any actual or potential conflicts of interest.

9.     I do not believe that any of the foregoing connections disqualify Briggs and Morgan from representation of the Archdiocese. The entities referenced above and in the Initial Statement will be represented by counsel other than Briggs and Morgan in connection with this case, to the extent they choose to engage counsel. In the event that a dispute arises between any of the entities referenced above and the Archdiocese, the Archdiocese will be represented by other law firms in this case.

10. Based upon my review of the disclosures in the Initial Statement and this supplemental statement, I believe that Briggs and Morgan qualifies as a "disinterested person" for purposes of Section 101(14) of the Bankruptcy Code in that the firm, its shareholders, counsel and associates:

(a) Are not creditors or insiders of the Archdiocese;

(b) Are not and were not, within two (2) years before the date of the filing of the Archdiocese's Chapter 11 petition, directors, officers, or employees of the Archdiocese; and

(c) Do not have an interest materially adverse to the interests of the estate or any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Archdiocese, or for any other reason. Furthermore, based upon the same disclosures, I believe that Briggs and Morgan does not hold or represented an interest adverse to the estate of the Archdiocese.

11. Briggs and Morgan will continue to supplement the Application and the Initial Statement, as necessary, with disclosures of additional information as the same develops or becomes available.

                                              BRIGGS AND MORGAN, P.A.

Dated: February 5, 2015    */e/ Richard D. Anderson*
                                       Richard D. Anderson (#2306)
                                       randerson@briggs.com
                                       2200 IDS Center
                                       80 South 8th Street
                                       Minneapolis, MN 55402
                                       Telephone: (612) 977-8400
                                       Facsimile: (612) 977-8650

## **VERIFICATION**

I, Richard D. Anderson, a shareholder in the firm of Briggs and Morgan, Professional Association, declare under the penalty of perjury, that I have read the foregoing supplemental verified statement and that the foregoing supplemental verified statement is true and correct according to the best of my knowledge, information and belief.

Dated:  February 5, 2015               */e/ Richard D. Anderson*
                                        Richard D. Anderson

6902873v2