# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---------------------------------------------------------------

In Re:                                          Bankruptcy 15-30125

The Archdiocese of Saint Paul and Minneapolis,          **NOTICE OF HEARING AND MOTION FOR ORDER APPOINTING A CREDITORS' COMMITTEE OF PARISHES**

     Debtor,

---------------------------------------------------------------

     TO:    The Court and all parties in interest.

     Mary Jo A. Jensen-Carter of the firm of Buckley & Jensen, as counsel for a group of approximately 113 parishes located within the Archdiocese of Saint Paul and Minneapolis, all of which are general unsecured creditors in this Chapter 11 case, (the "Parish Group") respectfully moves the Court for the relief requested below and gives notice of hearing.

1.    The Court will hold a hearing on this motion on April 2, 2015 at 10:00 a.m., in Courtroom 8West United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

2.    Any response to this motion must be filed and delivered not later than March 28, 2015 which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

3.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Fed. R.Bankr.P. 5005 and Local Rule 1070-1. On January 16, 2015, The Archdiocese of Saint Paul and Minneapolis ("Archdiocese" or "Debtor") filed a petition under Chapter 11 of Title 11 of the United States Code, and the case is now pending in this court.

4.     This motion arises under 11 U.S.C. §1102(a)(2) and the Parish Group seeks an order of

this court appointing an official creditors committee consisting of all of the parishes in

the Archdiocese.

5.     The factual and legal basis for the Parish Group's motion is set forth in the accompanying

Memorandum, and this motion is based on the information contained in such

memorandum.

**WHEREFORE**, the Parish Group moves the court for an order appointing a committee

of creditors consisting of the parishes in the Archdiocese of Saint Paul and Minneapolis and

directing the United States Trustee's Office to form the committee, and  granting such other

relief as may be just and equitable.

Dated: March 17, 2015                              BUCKLEY & JENSEN


                                                   By/e/ Mary Jo A. Jensen-Carter
                                                   Mary Jo A. Jensen-Carter (#186041)
                                                   1257 Gun Club Road
                                                   White Bear Lake, MN 55110
                                                   651-486-7475
                                                   *Attorney for Parish Group*

## VERIFICATION

I, Virginia A. Dwyer, a Trustee and the Secretary of The Church of Saint Joseph of West Saint Paul, Minnesota, a member of the movant, the Parish Group, certify under penalty of perjury, that I have read the Notice of Hearing and Motion for Order Appointing a Creditors' Committee of Parishes and the accompanying Memorandum in Support of Motion and the factual information contained therein is true and correct to the best of my knowledge, information and belief.

March/8, 2015.

**VERIFICATION**

We, Mary Jo Jensen-Carter of Buckley & Jensen and Margo Brownell of Maslon, LLP,

attorneys for the movant, certify under penalty of perjury, that we have read the Notice of

Hearing and Motion for Order Appointing a Creditors' Committee of Parishes and the

accompanying Memorandum in Support of Motion and the factual information contained therein

is true and correct to the best of our knowledge, information and belief.

March 17, 2015.

Mary Jo A. Jensen-Carter

March 17, 2015.

Margo Brownell

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

-------------------------------------------------------------------

In Re:                                                    Bankruptcy 15-30125

The Archdiocese of Saint Paul and Minneapolis,

     Debtor,                                     **MEMORANDUM IN SUPPORT**
                                                          **OF MOTION TO APPOINT**
                                                          **PARISH CREDITORS' COMMITTEE**

-------------------------------------------------------------------

**FACTUAL BACKGROUND**

There are 187 parishes that operate in the Archdiocese of Saint Paul and Minneapolis.

Each parish is separately incorporated under Minnesota Statutes Section 315.15 as a parish

corporation and is a legally distinct entity from the Archdiocese.  The parishes are subject to the

requirements, and have the rights, powers, and privileges, of a religious corporation. As such, the

parishes own and manage their own property and assets, and have responsibility for their own

corporate activities and debts.

Each parish is governed by a five member board of directors.  The board consists of the

Archbishop, the Vicar General, the parish pastor, and two lay trustees.  Although the Archbishop

and the Vicar General are members of the board, they generally do not participate in the day to

day operations of the parish.  Moreover, they have specifically agreed that they will not

participate in any of the parishes' decisions related to the Chapter 11 case.  As a result, the parish

pastor and lay trustees are making all decisions related to the Chapter 11 case.

All of the parishes are creditors in the Chapter 11 case.  Their creditor status stems from

several different factors.  First, all the parishes participate in the Archdiocese's General Insurance

Fund ("GIF") and the Archdiocese Medical and Dental Benefit Plan ("AMBP"). The parishes have

contributed to these funds through payment of insurance premiums.  According to Archdiocese

estimates, these insurance funds currently hold approximately $17.5 million in excess funds, as a

result of overpayment of premiums during the past several years.   The Archdiocese has

acknowledged that only approximately 5-7% of the excess insurance funds were generated by

Archdiocese contributions.  The remaining excess funds were generated by the parishes and other

entities that paid premiums into the plans. Consequently, the parishes have claims against the

Archdiocese for their overpayment of premiums.  In addition, several parishes have additional

claims against the Archdiocese for return of funds they contributed to the Archdiocese Inter Parish

Loan Fund or though other ordinary course of business financial transactions with the Archdiocese.

Also, a significant number of the parishes have indemnification claims against the

Archdiocese as a result of the claims of the clergy abuse creditors.  These claims arise from the fact

that the Archdiocese has the sole authority to assign its priests to the parishes.  The priests are

employed by the parishes and the parishes pay their salaries and benefits out of their own

operations.  Many of the alleged clergy abuse claims arose while the priests were working in the

parishes, thereby submitting the parishes to potential liability for the claims.  While no separate

lawsuits have been served or filed against the parishes at this time, many parishes have received

Notices of Claim, which indicate that the clergy abuse creditors intend to sue the parishes for

damages resulting from the abuse that allegedly occurred in their parishes.  At the present time

there are in excess of 83 claims asserted against various parishes, and additional claims are

expected. To the extent that the parishes are ultimately held liable for any abuse, they will have

substantial indemnity and contribution claims against the Archdiocese.

The parishes will assert these indemnity claims against the Archdiocese. Parishes which are represented by counsel are certainly aware of their right to file their claims.  The parishes have also been advised by their attorneys that because they face independent liability for these claims, they must tender them to their own insurance companies.

Since 1980, most of the Archdiocese parishes were insured for their liability through the Bishop's plan, which is administered by the Archdiocese.  As a result, the insurance policies related to the claims that arose during that time period have been easily identified and the parishes are covered under the same policies as the Archdiocese.  However, prior to 1980, the timer period when most of the alleged abuse occurred, the parishes each had their own independent insurance policies.  The Archdiocese has no contractual connection to the policies the parishes held prior to 1980 and has no way of identifying the policies or getting access to them without the cooperation of the parishes.  The attorneys for the parishes have been assisting the parishes in identifying their insurance coverage and tendering claims to their insurers.

This court has previously ordered the debtor, the unsecured creditors committee and the debtor's insurers to participate in mediation in an effort to come to a consensual agreement to resolve the Chapter 11 case.  Understanding the complexity of the situation and the important contribution the parishes and their insurers can make to the success of a Chapter 11 plan, the mediator has asked the parishes to participate in the mediation process.  The goal of the parishes' participation is to identify insurance companies who are responsible for insuring the parishes against claims which could be brought by the clergy abuse creditors directly against the parishes.  The expectation is that the parishes' insurers will participate in the settlement of claims against

the parishes to avoid defending direct lawsuits against the parishes.  Any funds which can be

generated through the parishes' insurers could be contributed to the Archdiocese's Chapter 11

plan in exchange for the insurers receiving channeling injunctions and the parishes receiving a

complete release for all potential clergy abuse claims.  If this outcome can be achieved through

the mediation process, all of the clergy abuse claims against the Archdiocese and the parishes

will be resolved through the Chapter 11 plan and the clergy abuse litigation will end.  In

addition, the parishes' indemnity claims against the Archdiocese will be reduced, if not

completely eliminated.  If the parishes cannot resolve their own potential liability through the

mediation process, it is likely that a second phase of direct litigation against parishes will result

and the parishes' indemnity and contribution claims will be magnified.

In an effort to facilitate this broad settlement, the Parish Group retained Mary Jo Jensen-

Carter of Buckley & Jensen to represent the group in the Chapter 11 case.  Upon learning of the

complexities of the insurance coverage issues, the Parish Group also retained Margo Brownell of

Maslon, LLP as insurance coverage counsel.  As requested by the mediator, the Parish Group has

authorized both Jensen-Carter and Brownell to participate in the mediation process.  The work

involved in participating in the mediation and providing insurance coverage representation for

the parishes which have claims is substantial.  There are currently approximately 40 parishes in

the Parish Group who have claims against them, all of which require day to day management of

communications with the parish staff and dozens of different insurance claims representatives

and attorneys, investigation and research regarding missing policies from the 1960 and 1970s,

analysis of evidence, aggressive advocacy to overcome insurers' defenses to coverage, and high

level strategic planning for a multi-party, multi-insurer mediation process in an effort to

maximize total insurer contribution.  To date, counsel for the Parish Group has confirmed coverage under at least 15 policies of insurance, some of which are multi-year policies and cover multiple Notices of Claims.

While significant progress has been made, as the mediation continues to move forward, it has become apparent that the cost of the parishes' participation in the mediation is more than the Parish Group can financially bear.  If the parishes cannot afford to continue to participate in the process, the overall goal of completely resolving all of the clergy abuse claims is not feasible.  Appointment of a parish creditors' committee will not only provide representation for all of the parishes, but will also allow the parishes to continue to participate in the mediation process.  Their participation should result in the availability of additional monies to fund the Chapter 11 plan, and that additional funding will increase the probability that the Archdiocese will be able to confirm a feasible plan of reorganization.  Acknowledging the benefit of having the parishes involved in the process, the Archdiocese has advised the Parish Group that it supports this motion.

## ARGUMENT

The appointment of an additional committee of creditors is governed by 11 U.S.C. §1102(a), which provides that:

> *On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders.*

The statute itself does not specifically set forth a definition of *"adequate representation"*, and most courts confronted with a motion for the appointment of a separate committee have acknowledged that there is no bright line for determining if the committee should be appointed.  As

a result, the bankruptcy court must exercise its discretion to examine the facts in each case and determine if additional committees are warranted.  *In re Beker Indus. Corp.* 55 B.R. 945, 948 (Bankr. S.D.N.Y 1985)

In analyzing the need for an additional committee, the court should bear in mind that the Bankruptcy Code requires "that conflicting groups of creditors have a voice through adequate representation on a committee" and that "the ultimate aim is to strike a proper balance between the parties such that an effective and viable reorganization of the debtor may be accomplished."  *In re Hills Stores Co,* 137 B.R. 4, 7 (Bankr.S.D.N.Y 1992).  As long as the diverse interests of various creditors groups can be adequately represented by one committee, there is no need to appoint additional committees.  However, in the event that the interests of various creditor groups cannot be adequately represented by one committee, the court has discretion to appoint any committees necessary to provide adequate representation.  *Hills Stores,* 137 B.R. at 5.

Although slight variation is found in existing case law, the following non-exclusive factors appear to be the most relevant in the inquiry into the appointment of an additional committee: the nature of the case; identification of the various groups of creditors and their interests; the composition of the committee; the standing and desires of the various constituencies; and the ability of the committee to properly function. *In re Dow Corning Corporation,* 194 B.R. 121, 142 (Bankr.E.D.Mich 1996); *Hills Stores,* 137 B.R. 5-6; *In re McLean Ind., Inc.,* 70 B.R. 852, 860 (Bankr.S.D.N.Y. 1987).   The potential for added costs and complexity, as well as the timing of the motion seeking the appointment of the committee, are also relevant to the analysis.  *Ad Hoc Bondholders Group v. Interco, Inc. (In re Interco),* 141 B.R. 422, 424 (Bankr.E.D.Mo. 1992).

The Parish Group asserts that, even though the appointment of a second committee is

generally considered an exception rather than the rule in a Chapter 11 case, in this case, the appointment of a parish committee is necessary to adequately represent the interests of all parishes. The parishes are in a unique position.  They are creditors having claims against the health insurance fund, the liability insurance fund and indemnity and contribution for any payments to the clergy abuse creditors.  The parishes, through the contributions of their parishioners, also provide financial support to the debtor through their assessments.  As a result, the parishes have a significant stake in the ultimate structure of the debtor's Chapter 11 plan.

When Congress enacted the Bankruptcy Code in 1978, it recognized that in some large and complex cases, a single creditors committee may not be sufficient.  While this Chapter 11 case might not be classified as a large case, it is a unique case with complex relationships between the interested parties.  Although there have been other similar Catholic diocese Chapter 11 cases, it does not appear that any have included an official parish creditors' committee.  That is because, in most of those dioceses, the parishes were part of a corporation sole.   As a result, there was no need for a parish committee, since the parishes were not separate entities.  That is not the case here.  Each parish is a separate and distinct legal entity with its own assets and liabilities.  The parishes' interests are distinctly different from those of the debtor.  Notwithstanding that fact, the parishes have a complex relationship with the Archdiocese in that they participate in various insurance plans operated by the Archdiocese and their assessments fund a large portion of the Archdiocese's operations.  Their participation in the Chapter 11 case will allow the case to resolve a myriad of issues, including the clergy abuse issues, that will not be resolved if they do not participate. Appointing a parish creditors' committee will give all the parishes the ability to participate in the case in a meaningful way and assure that the interests of the parishes are adequately represented.

Accordingly, a parish creditors' committee is appropriate in this particular case.

One of the major issues confronting the parishes is that the existing unsecured creditors' committee is unable to adequately represent their interests.   "For a particular group of creditors to be adequately represented by an existing committee, it is not necessary for a creditors committee to be an exact reflection of that committee's designated constituents."   *In re Dow Corning Corporation,* 194 B.R. at 141.   "[A]dequate representation exists as long as the diverse interest of the various creditor groups are represented on and have participated in that committee."   *In re Sharon Steel Corp,* 100 B.R. 767, 777-778 (Bankr.W.D.Pa. 1989)   In this case, the composition of the unsecured creditors' committee consists of solely of five clergy abuse creditors.   Although the committee theoretically represents all of the unsecured creditors, no other class or category of creditor serves as a member of the committee.   As a result, no other class or category of unsecured creditors has a voice on the committee.   The attorneys hired to represent the committee have been chosen by a vote of only clergy abuse creditors.   Under the circumstances, it is almost certain that the existing committee will take positions which favor the clergy abuse creditors.   This becomes a significant issue because the interests of the clergy abuse creditors are adverse to the interests of the parishes.   The existence of the conflict is abundantly clear by virtue of the Notices of Claims which have been served upon many of the parishes.   These notices assert that the clergy abuse creditors intend to sue the parishes individually for the alleged abuses that may have occurred in their parishes.   Based upon this obvious conflict of interest between the members of the existing unsecured creditors' committee and the parishes, it is impossible for the existing committee to adequately represent the interests of the parishes.

This conflict of interest also makes it impossible for the existing committee to function as a

true unsecured creditors committee in the Chapter 11 proceeding.  In reality, this committee may function well, in that it will be able to reach consensus on issues, but that does not mean that it will function for the purposes of representing the parishes.  A creditors committee is not functional "if the committee is so dominated by one group of creditors that a separate group has virtually no say in the decision-making process."  *In re Dow Corning Corporation,* 194 B.R. at 142.  Consequently, the court must "look to see whether conflicts of interest on the committee effectively disenfranchise particular groups of creditors."   *In re Sharon Steel,* 100 B.R. at 779.  The rationale of the court in *Sharon Steel* is clearly applicable in this case.  The interests of the current members of the existing unsecured creditors' committee are in direct conflict with the interests of the parishes.  As a result, expecting the parishes to be represented by the existing committee effectively disenfranchises them.

Although it is clear that the parishes will not be adequately represented by the existing unsecured creditors' committee, most courts suggest that several other discretionary factors should be considered before appointing a separate committee.  Those factors include the cost associated with the appointment, the time of the application, the potential for added complexity, and the presence of other avenues for creditor participation.  *Hills Stores,* 137 B.R. at 7-8; *Interco,* 14 B.R. at 424.

 In light of the fact that the case is in its infancy and the existing unsecured creditors committee was very recently appointed, the appointment of a parish committee at this time will not cause any disruption in the case.  As a result, there is no problem with the timing of the Parish Group's request for the appointment of a separate committee.

Neither is the appointment of a parish committee likely to add complexity to the case.  As noted earlier, the mediator specifically requested that the parishes participate in the mediation

process, and the Parish Group has already begun to participate.  The debtor, the mediator, and the existing unsecured creditors' committee have welcomed the parishes' participation in the mediation process.  In fact, the general consensus is that enlisting the parishes and their insurers in the mediation process will result in the best outcome for everyone involved.  Accordingly, there is no indication that the appointment of a parish committee will do anything other than enhance the mediation process, and in turn, the Chapter 11 reorganization.

The final two considerations which must be addressed are the cost associated with the appointment of a committee and the presence of other avenues for creditor participation.  There is no doubt that there will be costs associated with appointing a parish committee.  It is likely that the parish creditors' committee would seek to employ both Chapter 11 bankruptcy counsel and special counsel to handle insurance coverage issues.  Chapter 11 bankruptcy counsel is necessary to advise the committee on ongoing Chapter 11 issues and represent the interests of the parishes during the negotiation of the Chapter 11 plan.  Separate insurance coverage counsel is also needed because the insurance coverage issues are complex and require expertise that is not available from a bankruptcy attorney.  However, to the extent that insurance counsel is successful in bringing the parishes' insurers and insurance coverage to the mediation process, substantial additional funds will be generated for the estate. Those funds will be of significant importance not only in funding the debtor's Chapter 11 plan and thereby adequately compensating the clergy abuse survivors, but also in assuring that the parishes will be able to continue to operate their churches after the plan is confirmed.  The diverse nature of the issues that the attorneys will be working on should result in little or no duplication of services.

While additional costs will be incurred by the estate if a parish committee is established, the

parishes' lack of adequate representation on the existing committee outweighs those costs. All interested parties agree that the parishes need to participate in the case. However, the cost of doing so is beyond their means. The Archdiocese was forced to file Chapter 11 case because of the clergy abuse claims. That same issue has also negatively impacted the finances of all of the parishes. The operations of both the Archdiocese and the parishes who support it, depend on the goodwill and financial support of the parishioners of the parishes. The clergy abuse issues have resulted in many parishioners withholding funds from the parishes. As a result, most, if not all, the parishes are struggling to meet their daily operating expenses. They are simply not in a position to expend large sums of money on attorneys' fees. If they cannot obtain committee status and assistance with those fees, their involvement in the process will be significantly limited. As a result, the parishes have no other avenue to effectively participate in the case.

## CONCLUSION

The 187 parishes operating in the Archdiocese of Saint Paul and Minneapolis are creditors holding significant claims against the Archdiocese. As such, they are entitled to adequate representation on a creditors' committee. The existing unsecured creditors' committee, whose composition consists solely of clergy abuse creditors, cannot adequate represent the parishes because their interests conflict with those of the parishes. The parishes have the opportunity to make a significant contribution to the debtor's Chapter 11 plan through the use of their individual insurance policies and can likely assist the parties in obtaining a successful outcome in the pending mediation process. Due to the impact of the clergy abuse issues on the parishes, they do not have the financial means to participate in the mediation process outside of a parish committee. In light of the benefits that will be derived from the participation of the parishes in the Chapter 11 process, the

costs associated with appointment of a parish committee are justified, and the Parish Group requests

the court appoint a parish creditors' committee.

Respectfully submitted,

Dated: March 17, 2015                    BUCKLEY & JENSEN

By/e/ Mary Jo A. Jensen-Carter
Mary Jo A. Jensen-Carter (#186041)
1257 Gun Club Road
White Bear Lake, MN 55110
651-486-7475
*Attorneys for Parish Group*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 11 |
| The Archdiocese of Saint Paul and Minneapolis, | Bankruptcy No. 15-30125 |
| Debtor | |

## UNSWORN CERTIFICATE OF SERVICE

I, Ann M. Gagner, declare under penalty of perjury that on March 18, 2015, I served copies of the attached **Notice of Hearing and Motion for Order Appointing a Creditors' Committee of Parishes, Memorandum in Support of Motion to Appoint Parish Creditors' Committee and a proposed Order** by first class U.S. Mail, to the following parties:

| | |
|---|---|
| JOHN PHILIP BORGER on behalf of Interested Party Star Tribune Media Company LLC<br>FAEGRE & BENSON<br>90 S 7TH ST<br>MINNEAPOLIS, MN 55402-3901 | Eric E. Caugh on behalf of 21st Century Centennial Insurance Company<br>Zelle Hoffman Voelbel & Mason LLP<br>500 Washington Avenue South, Suite 4000<br>Minneapolis, MN 55415 |
| Joseph Egan<br>c/o Patrick Noaker<br>Noaker Law Firm LLC<br>333 Washington Ave N STE 329<br>Minneapolis, MN 55401 | GE INFORMATION TECHNOLOGY SOLUTIONS INC<br>1738 BASS RD<br>PO BOX 13708<br>MACON, GA 13708 |
| JEFF D KAHANE<br>DUANE MORRIS LLP<br>865 SOUTH FIGUEROA STREET, STE 3100<br>LOS ANGELES, CA 90017-5450 | Laura K McNally<br>Grippo & Elden LLC<br>111 S Wacker Drive, 51st Floor<br>Chicago, IL 60606 |
| RUSSELL W ROTEN<br>DUANE MORRIS LLP<br>865 SOUTH FIGUEROA STREET, STE 3100<br>LOS ANGELES, CA 90017-5450 | IRS District Counsel<br>380 Jackson Street<br>Cray Plaza, Suite 650<br>St. Paul, MN 55101 |
| | |

| | |
|---|---|
| IRS<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | United States Attorney<br>600 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 |
| Minnesota Revenue<br>PO Box 64649<br>St. Paul, MN 55164-0649 | The Archdiocese of Saint Paul<br>and Minneapolis<br>226 Summit Avenue<br>St. Paul, MN 55102 |
| Hennepin County Treasurer<br>A600 Government Center<br>Minneapolis, MN 55487 | Ramsey County<br>PO Box 64097<br>Saint Paul, MN 55164 |
| Dakota County<br>1590 Highway 55<br>Hastings, MN 55033 | MN Department of Labor and Industry<br>PO Box 64219<br>Saint Paul, MN 55164 |
| Social Security Administration<br>CBIZ Payroll<br>2797 Frontage Road, Suite 2000<br>Roanoke, VA 24017 | US Dept of HHS – Medicare<br>CBIZ Payroll<br>2797 Frontage Road, Suite 2000<br>Roanoke, VA 24017 |

## The following parties were served by email by the Court:

Jeffrey R Anderson on behalf of Interested Party Certain Personal Injury Creditors
jeff@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Richard D Anderson on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
randerson@briggs.com, mjacobson@briggs.com

Richard D Anderson on behalf of Plaintiff Archdiocese of Saint Paul and Minneapolis
randerson@briggs.com, mjacobson@briggs.com

Phillip J Ashfield on behalf of Creditor Committee Official Committee of Unsecured Creditors
phillip.ashfield@stinsonleonard.com, laura.schumm@stinsonleonard.com

Gerald H Bren on behalf of Cross Defendant CNA Reinsurance of London, Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Cross Defendant Certain Underwriters at Lloyd's London
subscribing to Policies S3721, SL3722, SL3723, ISL3115, ISL3116, ISL3117, ISL3675
ISL3613, ISL3614, and ISL3615
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Cross Defendant Dominion Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Cross Defendant Excess Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Cross Defendant Sphere Drake Insurance PLC
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Cross Defendant Stronghold Insurance Company Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant CNA Reinsurance of London, Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant CX Reinsurance Company Ltd.
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Certain Underwriters at Lloyd's London subscribing to
Policies S3721, SL3722, SL3723, ISL3115, ISL3116, ISL3117, ISL3675 ISL3613, ISL3614,
and ISL3615
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Dominion Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Excess Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Markel International Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant RiverStone Insurance (UK) Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Sphere Drake Insurance PLC
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Stronghold Insurance Company Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Defendant Tenecom, Ltd.
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party CX Reinsurance Company Ltd.
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Certain Underwriters at Lloyd's, London
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Dominion Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Excess Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Markel International Insurance Company
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party RiverStone Insurance (UK) Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Stronghold Insurance Company Limited
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Gerald H Bren on behalf of Interested Party Tenecom, Ltd.
gbren@fisherbren.com, tkreie@fisherbren.com;kcarpenter@fisherbren.com

Andrew T Brever on behalf of Interested Party St. Charles Borromeo Catholic Church of
Minneapolis, MN
abrever@fosterbrever.com, atbrever@yahoo.com

Edwin H. Caldie on behalf of Creditor Committee Official Committee of Unsecured Creditors
Edwin.Caldie@stinsonleonard.com, laura.schumm@stinsonleonard.com

Sam Calvert on behalf of Interested Party SAMUEL V CALVERT
calcloud@gmail.com, calcloud1@gmail.com;calvert.sam@gmail.com

David C. Christian, II on behalf of Interested Party Continental Casualty Company
dchristian@davidchristianattorneys.com

David C. Christian, II on behalf of Interested Party Fireman's Fund Insurance Company
dchristian@davidchristianattorneys.com

David C. Christian, II on behalf of Interested Party The Continental Insurance Company
dchristian@davidchristianattorneys.com

Monica L. Clark on behalf of Interested Party Church of St. Agnes
clark.monica@dorsey.com, yokiel.maryjo@dorsey.com

Monica L. Clark on behalf of Interested Party The Cathedral of Saint Paul
clark.monica@dorsey.com, yokiel.maryjo@dorsey.com

Michael J Cohen on behalf of Interested Party TIG INSURANCE COMPANY
mjc@mtfn.com

Louis T DeLucia on behalf of Interested Party Catholic Mutual Relief Society of America
ldelucia@schiffhardin.com,
jacquaviva@schiffhardin.com;afiedler@schiffhardin.com;sdavis@schiffhardin.com

William J. Factor on behalf of Interested Party TIG INSURANCE COMPANY
nbouchard@wfactorlaw.com

Richard S. Feldman on behalf of Interested Party Fireman's Fund Insurance Company
richard.feldman@rivkin.com, martha.raskin@rivkin.com

Chris J. Fichtl on behalf of Interested Party Fireman's Fund Insurance Company
chris.fichtl@rivkin.com, martha.raskin@rivkin.com

Michael G Finnegan on behalf of Interested Party Certain Personal Injury Creditors
mike@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Susan E Gelinske on behalf of Counter-Defendant Archdiocese of Saint Paul and Minneapolis
sgelinske@briggs.com, cdanek@briggs.com

Susan E Gelinske on behalf of Plaintiff Archdiocese of Saint Paul and Minneapolis
sgelinske@briggs.com, cdanek@briggs.com

Stuart I. Gordon on behalf of Interested Party Fireman's Fund Insurance Company
stuart.gordon@rivkin.com, martha.raskin@rivkin.com

Benjamin Gurstelle on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
bgurstelle@briggs.com, soneill@briggs.com

Benjamin Gurstelle on behalf of Plaintiff Archdiocese of Saint Paul and Minneapolis
bgurstelle@briggs.com, soneill@briggs.com

John A Hedback on behalf of Interested Party The Catholic Cemeteries
jhedback@hac-mnlaw.com, JanineHedback@hac-mnlaw.com;ladamson@hac-mnlaw.com

Steven J Heim on behalf of Interested Party Church of St. Agnes
heim.steven@dorsey.com, lenneman.polly@dorsey.com

Steven J Heim on behalf of Interested Party The Cathedral of Saint Paul
heim.steven@dorsey.com, lenneman.polly@dorsey.com

Michael J Iannacone on behalf of Interested Party Catholic Finance Corporation
mji@iannacone.com, knt@iannacone.com;mfs@iannacone.com

Michael J Iannacone on behalf of Interested Party Church of St. Thomas Becket
mji@iannacone.com, knt@iannacone.com;mfs@iannacone.com

Michael J Iannacone on behalf of Interested Party The Church of St. Joseph (Rosemount, Minnesota)
mji@iannacone.com, knt@iannacone.com;mfs@iannacone.com

Michael J Iannacone on behalf of Interested Party The Guardian Angels Catholic Church of Oakdale, Minnesota
mji@iannacone.com, knt@iannacone.com;mfs@iannacone.com

Mary Jo A. Jensen-Carter on behalf of Interested Party Our Lady of Grace Church
maryjo@buckleyjensen.com,
cassiewarner@buckleyjensen.com;jensencarter@7trustee.net;MN01@ecfcbis.com

Charles E Jones on behalf of Cross Defendant Interstate Fire and Casualty Company
cjones@meagher.com, aditty@meagher.com

Charles E Jones on behalf of Defendant Interstate Fire and Casualty Company
cjones@meagher.com, aditty@meagher.com

Charles E Jones on behalf of Interested Party Interstate Fire and Casualty Company
cjones@meagher.com, aditty@meagher.com

Mark J Kalla on behalf of Interested Party St Stephen's Catholic Church
mkalla@lapplibra.com, ascheel@lapplibra.com

Mark J Kalla on behalf of Interested Party St. Dominic Catholic Church
mkalla@lapplibra.com, ascheel@lapplibra.com

Jeffrey D Klobucar on behalf of Interested Party Continental Casualty Company
jklobucar@bassford.com, mrausch@bassford.com

Jeffrey D Klobucar on behalf of Interested Party National Fire and Insurance Company
jklobucar@bassford.com, mrausch@bassford.com

Jeffrey D Klobucar on behalf of Interested Party The Continental Insurance Company
jklobucar@bassford.com, mrausch@bassford.com

Robert T. Kugler on behalf of Creditor Committee Official Committee of Unsecured Creditors
robert.kugler@stinsonleonard.com, laura.schumm@stinsonleonard.com

Phillip Kunkel on behalf of Interested Party Catholic Community Foundation
phillip.kunkel@gpmlaw.com

Connie A. Lahn on behalf of Interested Party Catholic Mutual Relief Society of America
clahn@btlaw.com, tpaulson@btlaw.com;marobinson@btlaw.com

Cameron A. Lallier on behalf of Interested Party The Church of Saint Anne St. Joseph Hien
clallier@foleymansfield.com, rlorey@foleymansfield.com

Elin M Lindstrom on behalf of Interested Party Certain Personal Injury Creditors
elin@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

James A. Lodoen on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
jlodoen@lindquist.com, ghildahl@lindquist.com;tmcgruder@lindquist.com

Lauren E Lonergan on behalf of Counter-Defendant Archdiocese of Saint Paul and Minneapolis
llonergan@briggs.com, lboucher@briggs.com;jduxbury-cameron@briggs.com

Lauren E Lonergan on behalf of Plaintiff Archdiocese of Saint Paul and Minneapolis
llonergan@briggs.com, lboucher@briggs.com;jduxbury-cameron@briggs.com

Frederick P Marczyk on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a
The Aetna Casualty and Surety Company)
frederick.marczyk@dbr.com

Bradley J. Martinson on behalf of Interested Party North American Banking Company
bmartinson@nabankco.com

John R. McDonald on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
jmcdonald@briggs.com, mjacobson@briggs.com

Lance D. Meyer on behalf of Counter-Claimant The Aetna Casualty and Surety Company
ldmeyer@olwklaw.com, bjhartman@olwkaw.com

Lance D. Meyer on behalf of Cross Defendant The Aetna Casualty and Surety Company
ldmeyer@olwklaw.com, bjhartman@olwkaw.com

Lance D. Meyer on behalf of Defendant The Aetna Casualty and Surety Company
ldmeyer@olwklaw.com, bjhartman@olwkaw.com

Lance D. Meyer on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company)
ldmeyer@olwklaw.com, bjhartman@olwkaw.com

Ralph Mitchell on behalf of Interested Party Fireman's Fund Insurance Company
rmitchell@lapplibra.com, jpipp@lapplibra.com

Ralph Mitchell on behalf of Interested Party The Church of Christ the King of Minneapolis
rmitchell@lapplibra.com, jpipp@lapplibra.com

Timothy D. Moratzka on behalf of Interested Party Catholic Services Appeal Foundation
tdm@dewittmcm.com, ldj@dewittmcm.com;jef@dewittmcm.com

Charles E. Nelson on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
cnelson@lindquist.com, ddaun@lindquist.com

Patrick W Noaker on behalf of Interested Party Patrick W Noaker
patrick@noakerlaw.com, sandy@noakerlaw.com

S Steven Prince on behalf of Interested Party DeLaSalle High School
sprince@grellfeist.com

Joan M. Quade on behalf of Interested Party Church of Our Lady of Peace
jquade@bgs.com, dbaxter@bgs.com

Robert Raschke on behalf of U.S. Trustee US Trustee
robert.raschke@usdoj.gov

Larry B. Ricke on behalf of Interested Party Archdiocese Medical Benefits Plan Trust
ricke@smlawpa.net, magney@smlawpa.net

Charles B Rogers on behalf of Counter-Defendant Archdiocese of Saint Paul and Minneapolis
crogers@briggs.com, kdalhed@briggs.com

Charles B Rogers on behalf of Plaintiff Archdiocese of Saint Paul and Minneapolis
crogers@briggs.com, kdalhed@briggs.com

Andrew M Simon on behalf of Interested Party AMERICAN HOME ASSURANCE COMPANY
andrew.simon@squirepb.com, catherine.boggs@squirepb.com

Jeffrey D Smith on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
jsmith@lindquist.com, ghildahl@lindquist.com

David M Spector on behalf of Interested Party Catholic Mutual Relief Society of America
dspector@schiffhardin.com,
jacquaviva@schiffhardin.com;ecygal@schiffhardin.com;cmethven@schiffhardin.com

Catalina J. Sugayan on behalf of Cross Defendant CNA Reinsurance of London, Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Cross Defendant Certain Underwriters at Lloyd's London
subscribing to Policies S3721, SL3722, SL3723, ISL3115, ISL3116, ISL3117, ISL3675
ISL3613, ISL3614, and ISL3615
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Cross Defendant Dominion Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Cross Defendant Excess Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Cross Defendant Sphere Drake Insurance PLC
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Cross Defendant Stronghold Insurance Company Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant CNA Reinsurance of London, Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant CX Reinsurance Company Ltd.
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Certain Underwriters at Lloyd's London subscribing
to Policies S3721, SL3722, SL3723, ISL3115, ISL3116, ISL3117, ISL3675 ISL3613, ISL3614,
and ISL3615
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Dominion Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Excess Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Markel International Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant RiverStone Insurance (UK) Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Sphere Drake Insurance PLC
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Stronghold Insurance Company Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Defendant Tenecom, Ltd.
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party CX Reinsurance Company Ltd.
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Certain Underwriters at Lloyd's, London
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Dominion Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Excess Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Markel International Insurance Company
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party RiverStone Insurance (UK) Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Stronghold Insurance Company Limited
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Catalina J. Sugayan on behalf of Interested Party Tenecom, Ltd.
catalina.sugayan@sedgwicklaw.com,
michelle.leszkiewicz@sedgwicklaw.com;peter.horst@sedgwicklaw.com

Patrick C Summers on behalf of Interested Party Catholic Services Appeal Foundation
pcs@dewittmcm.com, kkl@dewittmcm.com;jef@dewittmcm.com

Aaron G. Thomas on behalf of Debtor The Archdiocese of Saint Paul and Minneapolis
athomas@briggs.com, bmcnabb@briggs.com

Dale O. Thornsjo on behalf of Counter-Claimant The Aetna Casualty and Surety Company
dothornsjo@olwklaw.com, bjhartmann@olwklaw.com

Dale O. Thornsjo on behalf of Cross Defendant The Aetna Casualty and Surety Company
dothornsjo@olwklaw.com, bjhartmann@olwklaw.com

Dale O. Thornsjo on behalf of Defendant The Aetna Casualty and Surety Company
dothornsjo@olwklaw.com, bjhartmann@olwklaw.com

Pamela J Tillman on behalf of Defendant TIG INSURANCE COMPANY
pjt@mtfn.com

Pamela J Tillman on behalf of Interested Party TIG INSURANCE COMPANY
pjt@mtfn.com

US Trustee
ustpregion12.mn.ecf@usdoj.gov

Jeanne H. Unger on behalf of 3rd Party Plaintiff Continental Casualty Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of 3rd Party Plaintiff Continental Insurance Company, The
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of 3rd Party Plaintiff National Fire Insurance Company of Hartford
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Counter-Claimant Continental Casualty Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Counter-Claimant National Fire Insurance Company of Hartford
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Counter-Claimant The Continental Insurance Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Cross-Claimant Continental Insurance Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Cross-Claimant National Fire Insurance Company of Hartford
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Cross-Claimant The Continental Insurance Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Defendant Continental Casualty Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Defendant National Fire Insurance Company of Hartford
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Defendant The Continental Insurance Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Interested Party Continental Casualty Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Interested Party National Fire and Insurance Company
junger@bassford.com, nsinard@bassford.com

Jeanne H. Unger on behalf of Interested Party The Continental Insurance Company
junger@bassford.com, nsinard@bassford.com

Robert M Vinci on behalf of Interested Party Travelers Casualty and Surety Company (f/k/a The
Aetna Casualty and Surety Company)
robert.vinci@dbr.com

Sarah J Wencil on behalf of U.S. Trustee US Trustee
Sarah.J.Wencil@usdoj.gov

Robin A. Williams on behalf of Defendant TIG INSURANCE COMPANY
rawilliams@bassford.com, vcarlson@bassford.com

Robin A. Williams on behalf of Interested Party TIG INSURANCE COMPANY
rawilliams@bassford.com, vcarlson@bassford.com


Dated: March 18, 2015                    Signed: /e/ Ann M. Gagner
                                                 Ann M. Gagner
                                                 Buckley & Jensen
                                                 1257 Gun Club Road
                                                 White Bear Lake, MN 55110

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

------------------------------------------------------------------

In Re:                                          Bankruptcy 15-30125
                                                Chapter 11 Case
Archdiocese of Saint Paul and Minneapolis,

      Debtor,

-------------------------------------------------------------------

      At Minneapolis, Minnesota, April __, 2015.

      A hearing on the Parish Group's motion for the appointment of a Parish Creditors'

Committee was held on April 2, 2015.  Appearances are noted in the court record.

      Based upon the motion papers and the arguments of counsel,

      IT IS HEREBY ORDERED:

      1.  The appointment of a separate unsecured creditors' committee for the parishes is

          necessary to provide the parishes with adequate representation in this case; and

      2.  The United States Trustee is hereby ordered to appoint a parish creditors'

          committee.

Dated:

                                  _____
                                  Robert J. Kressel
                                  United States Bankruptcy Judge