# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | Chapter 11 |
| Debtor. | |

## NOTICE OF HEARING AND MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CREATING A LEGAL REPRESENTATIVE FOR THE INTERESTS OF UNKNOWN ABUSE CLAIMANTS, INCLUDING MINORS, AND APPOINTING THE INITIAL REPRESENTATIVE

TO:     All parties in interest as specified in Local Rule 9013-3:

1.     The Committee of Unsecured Creditors (the "Committee"), through its undersigned attorneys, respectfully moves the Court for the relief requested below and gives notice of hearing.

2.     The Court will hold a hearing on the motion on July 9, 2015 at 9:00 a.m., in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3.     Any response to this motion must be filed and delivered no later than July 3, 2015, which is five (5) days before the time set for hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1070-1 for the United States Bankruptcy Court for the District of Minnesota ("Local Rules").

5.      This motion arises under 11 U.S.C. §§ 105 and 1109(b), and the Committee seeks an order from this Court (i) creating a legal representative for the interests of unknown abuse claimants, including minors, and (ii) appointing the initial legal representative.

6.      The debtor filed its voluntary petition on January 16, 2015, and has been operating as a debtor-in-possession since that time pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  One of the paramount goals of the debtor's bankruptcy case is the fair and equitable compensation of abuse claimants holding unresolved claims.  *See* Rev. Lachowitzer Aff. [ECF No. 22] ¶ 62.

7.      On February 19, 2015, the Office of the United States Trustee appointed the Committee.  The United States Trustee designated James Keenen as acting chairperson of the Committee.  During its first scheduled meeting, the Committee formally elected Mr. Keenan as the chairperson, and he remains in that role.  On February 23, 2015, the Committee unanimously selected SLS to serve as its bankruptcy counsel.  The Court approved the Committee's retention of SLS as its bankruptcy counsel by Order dated March 3, 2015 [ECF No. 136].

8.      On April 1, 2015, the debtor moved this Court to create a deadline for filing proofs of claim.  [ECF No. 161.]  Based upon this motion, and over the objection of the Committee, the Court entered an Order establishing deadlines for filing proofs of claim ("Claim Deadline Order") [ECF No. 188.]  The Claim Deadline Order does not address the rights of Unknown Abuse Claimants, as such term is defined in the Introduction to the Memorandum filed in support of this Motion.

9.      Committee counsel has provided counsel for the debtor with an opportunity to review and comment on a prior draft of this motion.  The Committee expects that the debtor will

either join in this motion through a separate filing, or, at the very least, refrain from opposing the motion.

WHEREFORE, the Committee requests entry of an Order creating a legal representative for the interests of unknown abuse claimants, including minors, and appointing the initial legal representative.

Dated:  June 25, 2015

/e/ *Robert T. Kugler*
Robert T. Kugler (#194116)
Edwin H. Caldie (#0388930)
**STINSON LEONARD STREET LLP**
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
Email:  robert.kugler@stinsonleonard.com
Email:  edwin.caldie@stinsonleonard.com

**COUNSEL FOR THE COMMITTEE OF
UNSECURED CREDITORS**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | Chapter 11 |
| Debtor. | |

## MEMORANDUM IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER CREATING A LEGAL REPRESENTATIVE FOR THE INTERESTS OF UNKNOWN ABUSE CLAIMANTS, INCLUDING MINORS, AND APPOINTING THE INITIAL REPRESENTATIVE

The Committee of Unsecured Creditors (the "Committee") of The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese"), by and through its counsel, moves the Court for an Order creating a legal representative to represent the interests of unknown sexual abuse claimants, including minors, such representative being referred to hereafter as the "Unknown Claims Representative". The Committee also seeks approval of John Esposito, Managing Director – Restructuring and Transaction Advisory of BRG Capstone ("BRG Capstone"), as the Unknown Claims Representative under the terms and conditions as set forth herein.

## INTRODUCTION

Clergy abuse claimants who are unable to recognize the abuse they suffered (including minors) and who are therefore not legally cognizant of their claims ("Unknown Abuse Claimants") need someone to represent their collective interests. Such Unknown Abuse Claimants include: (1) persons holding claims who are under the age of 18 as of the debtor's bankruptcy filing on January 16, 2015, and (2) persons holding claims but assert that they did not "discover" their claims until after entry of the Court's Order establishing deadlines for filing proofs of claim on April 17, 2015. *See e.g., In re Roman Catholic Archbishop of Portland in*

*Oregon*, 2005 WL 148775, at *5 (Bankr. D. Or. Jan. 10, 2005) ("When there is a class of claimants that is incapable of asserting a claim, either because of a long latency period between the wrongful conduct and the manifestation of damages, or because the nature of the wrongful conduct is such that it disables the claimant from being reasonably able to recognize the injury, it is appropriate for the court to appoint a [future claims representative] to protect the interest of the class.").

Appointment of the Unknown Claims Representative, with the power and duty to represent the Unknown Abuse Claimants, protects the interests of all such claimants and creates a "voice" for such claimants during the critical time period when the debtor negotiates and formulates its plan of reorganization.

## FACTUAL BACKGROUND

The factual basis for this memorandum is set forth in the motion and is incorporated as though fully set forth herein.

## ARGUMENT

The appointment of an Unknown Claims Representative is necessary to protect the rights of Unknown Abuse Claimants holding claims against the debtor. Without a legal representative to represent their interests, the due process rights of the Unknown Abuse Claimants will be violated and their claims in this bankruptcy will not be discharged. Additionally, any meaningful Chapter 11 plan proposed by the debtor must account for the Unknown Abuse Claimants – the only way to ensure that such claimants' rights are protected during the plan formulation process is through the appointment of a legal representative to represent the unknown claimants.

A.      The Unknown Abuse Claimants Hold Claims Against the Archdiocese

Congress employs a broad definition of claim to ensure that "all legal obligations of the
debtor, no matter how remote or contingent, will be dealt with in the bankruptcy case." *Bush v.
Taylor*, 893 F.2d 962 (8th Cir. 1990); *In re Flight Transp. Corp. Securities Litigation*, 874 F.2d
576, 583 (8th Cir. 1989) ("Congress sought the 'broadest possible definition' of a claim,
intending that virtually all obligations to pay money be amenable to treatment in bankruptcy
proceedings.") (citations omitted).

A claim arises for bankruptcy purposes at "the time when acts giving rise to the alleged
liability were performed." *In re Transp. Sys. Intern., Inc.*, 110 B.R. 888, 894 (D. Minn. 1990)
*aff'd sub nom. Lovett v. Honeywell, Inc.*, 930 F.2d 625 (8th Cir. 1991), citing *In re Johns–
Manville Corp.*, 57 B.R. 680, 690 (Bankr. S.D.N.Y. 1986). "This is true even though at the time
the acts giving rise to liability were performed the claimant had not discovered his or her injury
and did not have access to the courts." *Transp. Sys. Intern.*, 110 B.R. at 894.   Whether an
Unknown Abuse Claimant or any other abuse claimant holds a claim is therefore determined by
the date when the sexual abuse occurred.  By definition provided in the introduction above, any
and all Unknown Abuse Claimants would have been abused prior to the filing of the debtor's
bankruptcy.  As such, the Unknown Abuse Claimants hold claims against the Archdiocese under
the Bankruptcy Code.  These claims must be accounted for in any plan of reorganization and
protected through the appointment of a legal representative.

B.      Due Process Requires Appointment of the Unknown Claims Representative

The Due Process Clause contained in the Fifth Amendment to the U.S. Constitution
states, in relevant part, that "*no person shall ... be deprived of life, liberty, or property, without
due process of law ....*" U.S. Const. amend. V.  Due process is a constitutional requirement for

the discharge of any claim in bankruptcy. *See, e.g., City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 296-97 (1953); *In re Unioil*, 948 F.2d 678, 683 (10th Cir. 1991); *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Cir. 1989); *Waterville Industries, Inc. v. First Hartford Corp.*, 124 B.R. 411, 413 (D. Me. 1991). "An elementary and fundamental requirement of due process in any proceeding which is to be afforded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The due process rights of Unknown Abuse Claimants – those who are not legally cognizant of their pre-petition claims against the Archdiocese – are not protected through the Archdiocese's publication of the claim filing notice, and therefore such claims are not dischargeable. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). (discussing the limitations of constructive notice upon individuals that may not be aware of their exposure); *In re Piper Aircraft Corp.*, 162 B.R. 619, 628 (Bankr. S.D. Fla. 1994) (noting that "significant and possibly insurmountable due process problems exist in providing notice to [a] vast class of Future Claimants sufficient to allow the discharge of their claims"). This is because sexual abuse claimants may be incapable of asserting their claims. *See e.g., W.J.L. v. Bugge*, 573 N.W.2d 677, 680 (Minn. 1998) ("[M]any sexual abuse victims, especially young children, are psychologically and emotionally unable to recognize that they have been abused. As a result, these victims are often incapable of bringing their claims within the limitations period.").[1]

---

[1] The Minnesota Supreme Court cited extensive sources to explain the uniqueness of sexual abuse claims and why it is often difficult for sexual abuse claimants to come forward to assert claims within the applicable statute of limitations. *Bugge*, 573 at 680, n.5 (citing sources explaining that repressed memory, denial, shame and other factors often prevent sexual abuse claimants from coming forward in a timely fashion).

In order to afford due process, the Committee seeks to appoint an Unknown Claims Representative to act as the legal representative for all Unknown Abuse Claimants who were not legally cognizant of their claims: (1) persons holding claims who are under the age of 18 as of the debtor's bankruptcy filing on January 16, 2015, and (2) persons who allege that they did not "discover" their claims until after entry of the Court's Order establishing deadlines for filing proofs of claim on April 17, 2015.  [*See* ECF No. 188.]

### C.    Appointment of the Unknown Claims Representative is Necessary to Effectuate a Meaningful Plan of Reorganization

The appointment of a representative to protect the interests of unknown or future tort claimants is well established in the context of bankruptcy cases filed as a result of mass tort litigation, which is precisely the scenario in this case.  The seminal case, *In re Johns-Manville Corp.*, involved the prospect of claims held by persons who were unaware of their injuries resulting from prior exposure to the debtor's asbestos products.  36 B.R. 743 (Bankr. S.D.N.Y. 1984).  In that case, the Bankruptcy Court for the Southern District of New York determined that appointment of a legal representative to protect the interests of future tort claimants was necessary to effectuate a meaningful plan of reorganization:

> [F]uture claimants are indeed the central focus of the entire reorganization.  Any plan not dealing with their interests precludes a meaningful and effective reorganization and thus inures to the detriment of the reorganization body politic.  Any meaningful plan will either provide funding for future claimants directly or provide for the continuation of some form of responsive, ongoing entity post-confirmation, from which to glean assets with which to pay them.  If they are denied standing as parties in interest, they will be denied all opportunity either to help design the ship that sails away from these reorganization proceedings with their cargo on board or to assert their interests during a pre-launching distribution.  In either event, the direct impact on these claimants will be enormous.

*Id.* at 749.  Just like *Johns-Manville*, this Court has recognized that the tort claimants are the central focus of the Archdiocese's bankruptcy:

> Yes, there are other creditors (sic) parishes or creditors.  There are trade creditors, but let's not los[e] sight of the principal people who have interests in this case, and those are the tort claimants, the victims, the survivors ….

Appointment of Parish Committee Hr'g Tr. 54:3-9 (May 7, 2015).  As a result of cases involving mass tort litigation surrounding asbestos exposure, appointment of a future claims representative for unknown asbestos claimants is now codified in the Bankruptcy Code.  *See* 11 U.S.C. § 524(g)(2)(B).  Prior to enactment of section 524(g), bankruptcy courts appointed future claims representatives pursuant to sections 1109(b)[2] and 105(a) of the Bankruptcy Code based on the future claimants' status as parties-in-interest.  *See Johns-Manville Corp.*, 36 B.R. at 757 ("Future claimants are undeniably parties in interest to these reorganization proceedings….").

Employing sections 105 and 1109(b), other bankruptcy courts overseeing similar archdiocesan bankruptcies have seen the necessity of appointing a future (or unknown) claim representative.  *See In re: Roman Catholic Church of the Diocese of Gallup*, Case NO. 13-13676-t11, "Order Appointing a Legal Representative to Represent the Interests of Unknown Tort Claimants, Including Minors, in the Reorganization Cases and Authorizing Debtors to Employ Michael M. Murphy as Unknown Claims Representative" [ECF No. 352] (Mar. 27, 2015); *In re: The Roman Catholic Bishop of Stockton*, Case NO. 14-20371-C-11, "Order Authorizing Appointing (sic) a Legal Representative to Represent the Interests of Future Abuse Claimants and Minors" [ECF No. 263] (May 8, 2014); *In re: Archdiocese of Milwaukee*, Case No. 11-20059-svk, "Order Pursuant to Sections 105 and 1109 of the Bankruptcy Code

---

[2] 11 U.S.C. § 1109(b) provides that a "party in interest … may raise and may appear and be heard in any issue in a case under this chapter."

Appointing Stephen S. Gray as Legal Representative for Future Claimants" [ECF No. 2393]
(Sept. 20, 2013); *In re: The Catholic Bishop of Spokane*, Case No. 04-08822-PCW11, "Final
Order Appointing a Legal Representative for Future Tort Claimants and Minors" [ECF No. 550]
(June 17, 2005); *In re: Roman Catholic Archbishop of Portland in Oregon*, Case No. 04-37154-
elp11, "Order Appointing a Future Claimants Representative" [ECF No. 723] (Dec. 20, 2004); *In
re: Roman Catholic Church of the Diocese of Tucson*, Case No. 4:04-04721-JMM, "Order
Appointing an "Unknown Claims" Representative and a Guardian Ad Litem" [ECF No. 100]
(Oct. 27, 2004).

The debtor's goal of confirming a plan of reorganization and obtaining a "fresh start" can
only be accomplished if the rights and interests of the Unknown Abuse Claimants are fully
protected through the appointment of an Unknown Claims Representative.

## QUALIFICATIONS OF MR. JOHN ESPOSITO AS THE PROPOSED UNKNOWN CLAIMS REPRESENTATIVE

The Committee requests the Court appoint John Esposito as the Unknown Claims
Representative and allow Mr. Esposito's employer, BRG Capstone, to assist in the performance
of his duties.  As evidenced by the *Unsworn Declaration of John C Esposito* attached hereto as
**Exhibit A**, BRG Capstone and Mr. Esposito have appropriate experience and knowledge to
represent the interests of the Unknown Abuse Claimants.

The Committee has agreed to the following with respect to appointment of Mr. Esposito
and BRG Capstone as the proposed Unknown Claims Representative:

(i)     Mr. Esposito will serve as the Unknown Claims Representative, pending approval
        of this Court, effective as of the date of the filing of this Motion, and that BRG
        Capstone will assist Mr. Esposito in carrying out such duties;

(ii)     Upon approval of this Court, Mr. Esposito (and other colleagues enlisted by Mr. Esposito as referenced in his Unsworn Declaration) will bill for services rendered on an hourly basis at a maximum rate of $595 per hour[3] and in no event will the blended hourly rate exceed $475.00, but at no time will any BRG Capstone employee working on this matter charge for the hours required to travel;

(iii)    BRG Capstone estimates its total fees at $150,000.00, based on an initial review of the Debtor's case and other archdiocesan bankruptcy cases, but before having access to detailed data, and barring any unforeseen circumstances;

(iv)    BRG Capstone is entitled to reimbursement of its reasonable out-of-pocket expenses incurred in connection carrying out the duties of the Unknown Claims Representative;

(v)     Mr. Esposito and BRG Capstone shall not be liable for any damages to the Unknown Abuse Claimants, or have any obligations other than the duties prescribed in the order of appointment; provided however, that Mr. Esposito and BRG Capstone may be liable for damages finally judicially determined by a court of competent jurisdiction to have resulted from willful misconduct or gross negligence.  Mr. Esposito and BRG Capstone shall not be liable to any person as a result of any action taken or omission made in good faith; and

(vi)    Mr. Esposito shall serve as the Unknown Claims Representative under such other terms and conditions as may be agreed between the parties and/ or approved by the Court.  The Court shall retain full jurisdiction over the retention of Mr. Esposito, and also over the time and length of service of an Unknown Claims Representative in this case.  The Court retains complete authority over the ability to change the party serving in the capacity of the Unknown Claims Representative at any time, and for any reason.

**WHEREFORE**, the Committee moves the Court for an order creating an Unknown Claims Representative pursuant to sections 105(a) and 1109 of the Bankruptcy Code.  Further, the Committee requests that Mr. John Esposito, utilizing the services of BRG Capstone, be appointed to serve as the initial Unknown Claims Representative in this case.

---

[3] BRG Capstone has agreed to reduce its top hourly rate in connection with this matter by more than thirty-three percent (33%).  Additionally, BRG Capstone has agreed that the blended hourly rate in this case will not exceed $475.00.

Dated: June 25, 2015

/e/ *Robert T. Kugler*

Robert T. Kugler (#194116)
Edwin H. Caldie (#0388930)
**STINSON LEONARD STREET LLP**
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657
Email:  robert.kugler@stinsonleonard.com
Email:  edwin.caldie@stinsonleonard.com

**COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS**

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

## UNSWORN DECLARATION OF JOHN C ESPOSITO

1.      The undersigned, John C Esposito, submits this Declaration in support of the motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtor seeking entry of an order creating a legal representative for the interests of the unknown abuse claimants, including minors, and appointing BRG Capstone as the representative (the "Unknown Claims Representative") for the above-referenced bankruptcy case of The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese" or the "Debtor").

2.      I am a Managing Director of BRG Capstone (BRG Capstone is a trade name for Berkeley Research Group, LLC and its affiliates) a professional services firm with offices located at 250 Pehle Avenue Suite 301, Saddle Brook, NJ 07663. [1]  I am duly authorized to make this Declaration on behalf of BRG Capstone.  I have served in this capacity with BRG Capstone or predecessor firms since 1996 and I have over 30 years of experience in accounting and financial restructuring advisory service, both in and out of bankruptcy court.  My qualifications are set forth in detail in my curriculum vitae attached hereto as **Exhibit 1**.

---

[1] Effective June 1, 2015, the former members and employees of Capstone Advisory Group, LLC joined the Berkley Research Group, LLC ("BRG") operating under the trade name BRG Capstone.

107301205v4

Additionally, more information about BRG, BRG Capstone and myself can be found at www.capstoneag.com and www.thinkbrg.com.

3.       Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.

4.       BRG Capstone is well-suited to act as the Unknown Claims Representative in this case. BRG Capstone has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries. BRG Capstone has experience in restructuring, transaction advisory, litigation support, solvency and valuation matters and provides a focus on viable solutions that maximize value for companies and creditors. BRG Capstone's services include forensic analysis, plan development and implementation, and advice on sale/merger transactions. Moreover, BRG Capstone professionals have assisted and advised debtors, creditors, creditors' committees, bondholders, investors, and others in numerous bankruptcy cases, including Reichhold Holdings US, Inc., Brookstone Holding Corp., MF Global Holdings, Ltd., et al., Refco, Inc., Chrysler (a.k.a. Old Carco LLC), Tropicana Entertainment, LLC, Spiegel Inc., W.R. Grace, Kmart Corp., Mirant Energy, Adelphia, Bowater, Owens-Corning, Polaroid, Sunbeam, U.S. Office Products, Penson Worldwide, Collins & Aikman, Sea Island, Federal-Mogul, U.S. Industries, SemGroup, Nortel, PSI Net and Calpine. In addition, BRG served as financial advisor to the official committee of unsecured creditors in the following cases: Archdiocese of Milwaukee; Catholic Diocese of Wilmington, Inc.; Diocese of Stockton; and Society of Jesus Oregon Province. BRG also acted as the court-appointed expert with respect to accounting and financial operations in the Roman Catholic San Diego Diocese bankruptcy case.

5.      For professional services, fees are normally based on BRG Capstone's standard hourly rates. For purposes of this engagement, BRG Capstone agrees to reduce the normal top hourly rate in connection with this matter from $895 to $595 per hour, equating to a reduction of more than thirty-three percent (33%).

6.      In addition, in the event that BRG Capstone's total cumulative fees divided by actual hours charged (the "Blended Hourly Rate") exceeds $475 per hour, we have agreed to discount our submitted fee applications by the amount that the Blended Hourly Rate exceeds $475 per hour multiplied by the actual hours charged.  This discount represents approximately a 15% discount off of our standard hourly rates. At no time shall any BRG Capstone employees working on this matter charge for the hours required to travel.

7.      Based on an initial review of the Debtor's case and other archdiocesan bankruptcy cases, but before having access to detailed data, and barring any unforeseen circumstances, BRG Capstone estimates its total fees in the Debtor's case at $150,000.

8.      Actual and necessary expenses include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes and other direct expenses.

9.      Hourly rates are adjusted annually on January 1st.  The current standard hourly rates for BRG (without discount) are as follows:

| | |
|---|---|
| Managing Director | $300 - $1,250 |
| Director | $475 - $640 |
| Staff | $250 - $475 |
| Support staff | $125 - $325 |

BRG Capstone's top rate is $895.

10.      BRG intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules (including any order adopting any guidelines promulgated by the Office of the United States Trustee), and any additional procedures that may be established by the Court in the Debtor's Chapter 11 case.

11.     BRG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code because BRG employees:

   a.  are not creditors, equity security holders or insiders of the Debtor;

   b.  are not and were not, within two years before the Petition Date, directors, officers, or employees of the Debtor; and

   c.  do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

12.     Moreover, to the best of my knowledge, information and belief formed after reasonable inquiry, BRG and its employees have no interests that are materially adverse to the Debtor's estate or the creditors in these Chapter 11 Cases.

13.     To determine BRG's relationship with the parties-in-interest identified by the Committee to BRG, in preparing this Declaration, I caused the names of the parties set forth in **Exhibit 2** ("Interested Parties"), which is attached hereto, to be submitted to BRG's internal conflicts procedures. BRG's conflicts search included the following parties: the Debtor; the twenty (20) largest unsecured creditors as identified by the Debtor; the Debtor's secured creditors; professionals for the Committee; members of the Committee; and professionals for the Debtor.

14.     Based on the above-referenced conflicts search and to the best of my knowledge,
BRG has determined that it does not have any "connections" within the meaning of Rule 2014
to Interested Parties.

15.     To the extent I discover any additional facts bearing on the matters described
herein and required to be disclosed during the period of BRG Capstone's retention, I will
supplement the information contained in this Declaration.

16.     To the best of my knowledge, BRG has not been retained to assist any entity or
person in connection with these cases.  If this Court approves the proposed employment of Mr.
Esposito, with the assistance of BRG, as Unknown Claims Representative, then BRG will not
accept any engagement or perform any services which are adverse to our role as Unknown
Claims Representative.  BRG may, however, provide professional services to, and engage in
commercial or professional relationships with, entities or persons that may be creditors of the
Debtor in this case, provided that such services are not adverse to our role as Unknown Claims
Representative.

17.     There may be other persons with the scope of Bankruptcy Rule 2014 that,
unknown to me, BRG has represented in particular matters in the past. BRG agrees not to
represent such persons who are creditors or other parties of interest in this case during the time
period Mr. Esposito serves as the Unknown Claims Representative, without further disclosure.
BRG Capstone agrees to update this disclosure information from time to time if and when
additional parties with an interest in or relationship with the Debtor are identified by the Debtor,
in writing to BRG Capstone.

18.     To the best of my knowledge, serving as the Unknown Claims Representative is
neither prohibited by nor improper under any Bankruptcy Rule, including Bankruptcy Rule

5002.  I (and the other professionals employed by BRG that will be assisting me in this matter) am qualified to serve as the Unknown Claims Representative.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: June 24, 2015

                              _____

                              John Esposito
                              Managing Director
                              BRG Capstone
                              Berkeley Research Group, LLC

# Exhibit
# 1



# John C. Esposito

Managing Director – Restructuring and Transaction Advisory
New Jersey

### Contact

**D** 201.587.7116
**C** 201.321.6555
jesposito@thinkbrg.com

### Industry Experience

Automobile and Components
Consumer Products and Apparel
Financial Services
Gaming, Lodging and Hospitality
Manufacturing, Metals and Mining
Technology and Telecommunications
Transportation

### Selected Public Cases

Ameriquest
Bowater
Fontainebleau Miami Beach
Foxwoods Resort Casino
Greatwide Logistics
KPN Quest
Maidenform
Malden Mills
National Equipment Services
RCN
Safety Kleen
Sea Island Company
Solo Cup

### Experience

John Esposito has nearly 30 years' experience in accounting (11 years) and financial restructuring (18 years) advisory services for lenders and debtors in healthy and troubled situations, both in- and out-of-court.  He has also managed due diligence projects for parties making new investments and has sat on company boards.  He has been engaged in over 200 restructuring matters for both large and middle-market matters in various industries, with a concentration in manufacturing, finance companies, gaming/hospitality and transportation.

Mr. Esposito's extensive turnaround advisory experience includes strategic planning, cash flow forecasting and cash management, business plan preparation and analysis, facility rationalization and going concern and liquidation analyses.

Prior to joining BRG Capstone, Mr. Esposito was a Senior Managing Director at the Policano & Manzo legacy practice of FTI Consulting.  He was also with Deloitte's audit practice and with Anchin Block & Anchin, a regional accounting firm.

### Education and Affiliations

Mr. Esposito holds a BBA in Accounting from Hofstra University.  He is a Certified Public Accountant and has professional memberships with the Turnaround Management Association, Association of Insolvency and Restructuring Advisors, American Institute of CPAs, and the New York State Society of CPAs.  He currently serves as a member of the Board of Directors for the New York City Chapter of the Leukemia and Lymphoma Society and is active in other charitable organizations.

restructuring  \  litigation  \  valuation  \  intellectual property  \  fund services  \  bank regulatory  \  capital markets

# Exhibit 2

**Parties in Interest Submitted to BRG's Internal Conflicts Procedure**

The Archdiocese of Saint Paul and Minneapolis
Archdiocese of St. Paul and Minneapolis Pension Plan for Lay Employees
Archdiocese of St. Paul and Minneapolis Pension Plan for Priests
Basilica of St. Mary
BGA Management LLC d/b/a Alliance Management
Bremer Bank as Custodian for MN Department of Commerce
Briggs & Morgan P.A.
Curt Raymond
James Heutmaker
James Keenan
Joseph Egan
Marie Mielke
Meier Kennedy and Quinn, Chtd.
North American Banking Company
Northmarq Real Estate Services LLC
Premier Bank
St. Anne/St. Joseph Hein
St. Hubert Catholic Community
St. Thomas Academy
Stinson Leonard LLP

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul
and
Minneapolis,

Debtor.

ORDER CREATING A LEGAL
REPRESENTATIVE FOR THE
INTERESTS OF UNKNOWN ABUSE
CLAIMANTS, INCLUDING
MINORS, AND APPOINTING THE
INITIAL REPRESENTATIVE

BKY 15-30125

At Minneapolis, Minnesota, July 9, 2015

Based on the motion of The Official Committee of Unsecured
Creditors for an order creating a legal representative for the
interests of unknown abuse claimants, including minors, and
appointing the initial representative;

IT IS ORDERED:

1.   The Committee's motion is granted as set forth in this
order.

2.   The Court hereby creates the position of "Unknown
Claims Representative" pursuant to 11 U.S.C. §§ 105(a) and
1109(b) to  represent interests of: (1) persons holding claims
who are under the age of 18 as of the debtor's bankruptcy filing
on January 16, 2015; and (2) persons who did not discover their
claims until after April 17, 2015 ("Unknown Abuse Claimants").

3.   Mr. John Esposito is hereby appointed as the initial
Unknown Claims Representative, and he is authorized to utilize

the services of BRG Capstone in connection with the performance of his duties.

4.   The Unknown Claims Representative shall have standing to be heard in the debtor's bankruptcy case as a party in interest in every matter on behalf of the Unknown Abuse Claimants.

5.   The Unknown Claims Representative may retain attorneys and other professionals, with approval of the Court, pursuant to 11 U.S.C. §§ 105 and 327.

6.   Mr. Esposito, and any and other employees of BRG Capstone assisting Mr. Esposito will bill for services rendered on an hourly basis at a maximum rate of $595 per hour, but in no event will the blended hourly rate exceed $475.00, but at no time will any BRG Capstone employee working on this matter charge for the hours required to travel.

7.   Mr. Esposito and BRG Capstone are entitled to reimbursement of their reasonable out-of-pocket expenses incurred in connection carrying out the duties of the Unknown Claims Representative.

8.   The Unknown Claims Representative is deemed a permitted party pursuant to paragraph 7(iv) of the Court's Order establishing deadlines for filing proofs of claim [ECF No. 188].

9.   Mr. Esposito and BRG Capstone shall not be liable for any damages to the Unknown Abuse Claimants, or have any

obligations other than the duties prescribed in the order of appointment; provided however, that Mr. Esposito and BRG Capstone may be liable for damages finally judicially determined by a court of competent jurisdiction to have resulted from willful misconduct or gross negligence. Mr. Esposito and BRG Capstone shall not be liable to any person as a result of any action taken or omission made in good faith in connection with the performance of the duties of the Unknown Claims Representative.

10. The Court shall retain full jurisdiction over the retention of Mr. Esposito, and also over the time and length of service of an Unknown Claims Representative in this case. The Court retains complete authority over the ability to change the party serving in the capacity of the Unknown Claims Representative at any time, and for any reason.

Dated: July ___, 2015                  _____
                                       Robert J. Kressel
                                       United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | Chapter 11 |
| Debtor. | |

## CERTIFICATE OF SERVICE

Laura A. Schumm, being duly sworn, deposes and says that on the 25th day of June, 2015, she served the following:

1.  Notice of Hearing and Motion of the Official Committee of Unsecured Creditors for an Order Creating a Legal Representative for the Interests of Unknown Abuse Claimants, Including Minors, and Appointing the Initial Representative;

2.  Memorandum in Support of the Official Committee of Unsecured Creditors for an Order Creating a Legal Representative for the Interests of Unknown Abuse Claimants, Including Minors, and Appointing the Initial Representative;

3.  (Proposed) Order; and

4.  Certificate of Service

by sending true and correct copies to all parties receiving electronic notice via the Court's

ECF Notice System and on the parties listed below by U.S. Mail:

| IRS District Counsel 380 Jackson Street, Suite 650 St. Paul, MN 55101-4804 | Internal Revenue Service Wells Fargo Place 30 E 7th Street Mail Stop 5700 St. Paul, MN 55101 | MN Department of Revenue Collection Enforcement 551 Bankruptcy Section 600 North Robert Street St. Paul, MN 55101-2228 |
|---|---|---|
| Office of the U.S. Attorney 600 U.S. Courthouse 300 S Fourth Street Minneapolis, MN 55415 | Ramsey County Assessor's Office 90 Plato Boulevard W. St. Paul, MN 55107 | Hennepin County Treasurer A600 Government Center Minneapolis, MN 55487 |

107778628v1

| | | |
|---|---|---|
| Dakota County<br>1590 Hwy 55<br>Hastings, MN 55033 | Ramsey County<br>P.O. Box 64097<br>Saint Paul, MN 55164 | Social Security<br>Administration<br>CBIZ Payroll<br>2797 Frontage Road,<br>Suite 2000<br>Roanoke, VA 24017 |
| US Dept of HHS – Medicare<br>CBIZ Payroll<br>2797 Frontage Road,<br>Suite 2000<br>Roanoke, VA 24017 | MN Dept of Labor and Industry<br>P.O. Box 64219<br>St. Paul, MN 55164 | The Archdiocese of Saint Paul and Minneapolis<br>c/o Joseph F. Kueppers<br>226 Summit Avenue<br>St. Paul, MN 55102 |
| Premier Bank<br>2866 White Bear Ave<br>Maplewood, MN 55109 | North American Banking Company<br>2230 Albert Street<br>Roseville, MN 55113 | GE Information Technology Solutions, Inc.<br>1738 Bass Rd<br>P.O. Box 13708<br>Macon, GA 31208 |
| Jeff Kahane<br>Duane Morris LLP<br>865 S Figueroa St, Ste 3100<br>Los Angeles, CA 90017-5450 | Russell Roten<br>Duane Morris LLP<br>865 S Figueroa St,<br>Suite 3100<br>Los Angeles, CA 90017 | Laura K McNally<br>Grippo & Eldon LLC<br>111 S Wacker Drive,<br>51st Floor<br>Chicago, IL 60606 |
| John Philip Borger<br>Faegre Baker Daniels<br>90 S 7th Street<br>Minneapolis MN 55402 | Eric E. Caugh<br>Zelle Hoffman Voelbel & Mason<br>500 Washington Ave S,<br>Suite 4000<br>Minneapolis, MN 55415 | Michael Bazley<br>SBN 2257467<br>652 I Street<br>Sacramento, CA 95814 |
| Church of St. Joseph<br>c/o Ginny Dwyer<br>1154 Seminole Ave<br>West St. Paul, MN 55118 | All Saints Catholic Church<br>c/o John Elstad<br>19795 Holyoke Avenue<br>Lakeville, MN 55044 | The Church of Saint Anne-Saint Joseph Hien<br>c/o Jeff Laux<br>2627 Queen Ave. N.<br>Minneapolis, MN 55411 |
| St. Stephen's Catholic Church<br>c/o Jay Gish<br>525 Jackson St.<br>Anoka, MN 55303 | St. Mary's of Waverly<br>c/o Tim LaPage<br>607 Maple Ave<br>Waverly MN 55390 | Bremer Bank as Custodian for MN Department of Commerce<br>225 S. Sixth Street, Suite 200<br>Minneapolis, MN 55402 |

_Laura A. Schumm_

Laura A. Schumm

STATE OF MINNESOTA
COUNTY OF HENNEPIN

Subscribed and sworn to before me
this 25th day of June, 2015.

_____
Notary Public

MARCI A. PIKULA
Notary Public-Minnesota
My Commission Expires Jan 31, 2020