# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

**ORDER APPROVING SALE OF REAL PROPERTY AND APPROVING LEASE**

This case is before the court on the motion of the Archdiocese of Saint Paul and Minneapolis for an order approving the sale of the real property located in Ramsey County, Minnesota pursuant to 11 U.S.C. § 363(b), and the execution by the debtor of a lease covering the property.

Based on the motion and the file,

**IT IS FOUND AND DETERMINED THAT:**

A. The court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The court entered an order on November 23, 2015, which approved the sale procedures and initial bid and scheduled the sale hearing.

C. The property subject to this order, together with all improvements and easements, rights, privileges and other hereditaments and appurtenances, is legally described as:

Parcel 1:

All that part of Lot 19 as lies in Block 59, Irvine's Enlargement to Rice & Irvine's Addition to the Town of St. Paul, also the Northeast 20 feet of Lot 20, Block 59, Irvine's Enlargement to Rice & Irvine's Addition to the Town of St. Paul, fronting 20 feet on College Avenue, running back

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *01/07/2016*
Lori Vosejpka, Clerk, by LH

parallel with dividing line between Lots 19 and 20 of said block and at right angles with College Avenue to township line between Towns 28 and 29, Range 22 W. Also the following: Beginning at a post on line of Section 1, Township 28, Range 23 West, at Northwest corner of fractional part of Lot 20, Block 59, Irvine's Enlargement to Rice & Irvine's Addition to the town of St. Paul, conveyed to Fridley April 17, 1853 by Irvine, thence North along said section line 91 feet to post; thence Southwesterly 59 feet to post, thence South 41 degrees East 51 feet to beginning being those portions of Lots 19 and 20 which lie West of said township line, and being same conveyed to J.R. Irvine by Fridley in "F" Deeds, pages 92 and 93, Ramsey County, Minnesota.

Parcel 2:

Commencing at a point on the Northwesterly (NWly) line of College Avenue in the City of Saint Paul at the Southeasterly (SEly) corner of the land deeded by J.R. Irvine and wife to A.M. Fridley, April 9 1853, said point being Two Hundred Forty-one (241) feet distant Northeasterly (NEly) from the intersection of the Northeasterly (NEly) line of 3rd Street (formerly St. Anthony Street), and said Northwesterly (NWly) line of College Avenue; thence running North (N) 40 degrees, 47 minutes, West (W) Two Hundred Eight and 2/3 (208 2/3) feet more or less to a point on the Southeasterly (SEly) line of Mulberry Street, which point is distant Two Hundred Sixty-eight and 1/2 (268 1/2) feet Northeasterly (NEly) from the intersection of said Southeasterly (SEly) line of Mulberry Street and said Northeasterly (NEly) line of 3rd Street; thence running Southwesterly (SWly) along said line of Mulberry Street One Hundred One and 1/2 (101 1/2) feet; thence running Southeasterly (SEly) to a point on said Northwesterly (NWly) line of College Avenue distant One Hundred Forty (140) feet Northeasterly (NEly) from the intersection to the Northwesterly (NWly) line of College Avenue, and the Northeasterly (NEly) line of 3rd Street; thence running Northeasterly (NEly) One Hundred One (101) feet to place of beginning. Ramsey County, Minnesota.

Parcel 3:

Lot numbered Eighteen (18), Block numbered Fifty-nine (59), Irvines Enlargement of Rice and Irvine's Addition to the City of St. Paul, according to the recorded plat thereof on file and of record in the Office of the Register of Deeds in and for Ramsey County, Minnesota

Parcel 4:

Commencing at the corner of College Avenue and Third Street, formerly St. Anthony street in the City of St. Paul; running thence from the northerly side of said College avenue north fifty degrees and fifty minutes west (N. 50 50' W.) along the northeasterly side of said Third Street, one hundred seventy and one half (170 1/2) feet to the corner of Third and Mulberry streets; thence along said Mulberry street in a northeasterly direction one hundred sixty seven (167) feet; thence south forty one degrees and eighteen minutes east (S. 41 18' E.) to a point on the northerly side of College avenue one hundred forty (140) feet from the corner of Third street and College avenue; and thence along said Northwesterly side of College avenue south forty eight degrees and fifteen minutes West (S.48 15' W.) one hundred forty (140) feet to the place of beginning, Ramsey County, Minnesota.
(Abstract Property)

D.  The debtor has articulated good and sufficient reasons for approving the sale of the property. The sale procedures afforded a full, fair, and reasonable opportunity for any entity who qualified as a qualified bidder to make a qualified bid to purchase the property and no higher or better offer was made.

E.  Due and proper notice of the motion was provided and no other or further notice need be provided.

F.  The entry of this order is in the best interests of the debtor and its estate, creditors, and interest holders and all other parties in interest.

G.  The debtor has advanced good and sufficient business justifications supporting the sale to the Minnesota Historical Society, a Minnesota non-profit corporation, pursuant to section 363(b) of the Bankruptcy Code. It is a reasonable exercise of the debtor's business judgment to consummate the sale on the terms and conditions set forth in the purchase agreement between the debtor and the Minnesota Historical Society.

H.  The purchase agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States.

I.  The transfer of the property as contemplated by the purchase agreement: (i) is or will be a legal, valid, and effective transfer of all right, title and interest of the debtor in and to the property to the Minnesota Historical Society; and (ii) vests or will vest in the Minnesota Historical Society all right, title, and interest of the debtor in and to the property.

J.  The purchase agreement was negotiated, proposed, and entered into without collusion and in good faith from arms' length bargaining positions by the debtor and the Minnesota Historical Society. The Minnesota Historical Society is not an "insider" of the debtor,

3

as that term is defined in section 101(31) of the Bankruptcy Code. Accordingly, the sale approved by this order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. The Minnesota Historical Society is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

**IT IS ORDERED:**

1. The motion is granted and the transactions contemplated by the motion are authorized to the extent set forth in this order.

2. The purchase agreement is approved and the sale of the property pursuant to the purchase agreement is authorized under sections 363(b) of the Bankruptcy Code. The omission in this order of specific reference to any provision of the purchase agreement shall not impair or diminish the efficacy, propriety, or approval of such provision.

3. The debtor is authorized to enter into a lease with the Minnesota Historical Society for the property on the terms described in the lease attached as Exhibit C to the purchase agreement, with such nonmaterial modifications as may be agreed to by the parties, and to perform under the lease.

4. The debtor and the Minnesota Historical Society are authorized to take all actions and execute and deliver all documents, instruments and agreements consistent with the purchase agreement that the debtor and the Minnesota Historical Society deem necessary or appropriate to implement and effect the transactions contemplated by the purchase agreement as may be

7268950v4

amended by the parties, including but not limited to bills of sale, assignment documents, and deeds.

5.    The debtor is authorized to pay from the proceeds of sale any and all customary closing or title fees and expenses and all other expenses required to be paid under the terms of the purchase agreement and to pay any and all commissions due from the debtor in connection

6.    The Minnesota Historical Society is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

7.    The provisions of this order shall survive the entry of any order confirming any Chapter 11 plan of the debtor, or converting the debtor's case to a case under Chapter 7 of the Bankruptcy Code, or dismissing the debtor's chapter 11 case.

8.    The terms and provisions of the purchase agreement, together with the terms and provisions of this order, shall be binding in all respects upon, and shall inure to the benefit of, the debtor, its estates, its creditors, the Minnesota Historical Society and its respective affiliates, successors and assigns, and any affected third parties, including but not limited to, any and all persons asserting an interest in, or claim against the debtor's estate or with respect to the property.

9.    The debtor shall hold the net proceeds of the sale in a separate interest-bearing account until further ordered by the court.

11.    Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), this order is effective immediately.

Dated: January 7, 2016

/e/ Robert J. Kressel
_____
United States Bankruptcy Judge

7268950v4