# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and
Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

## ORDER APPROVING SALE OF REAL PROPERTY, APPROVING EXECUTION OF A VIEW EASEMENT AGREEMENT, AND APPROVING LEASE

This case is before the court on the motion of the Archdiocese of Saint Paul and Minneapolis for an order approving the sale of the real property located in Ramsey County, Minnesota pursuant to 11 U.S.C. § 363(b), the execution of a view easement agreement, and the execution and delivery of a lease covering the property.

Based on the motion and the file,

**IT IS FOUND AND DETERMINED:**

A.  The court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The court entered an order on January 28, 2016, which approved the sale procedures and scheduled the sale hearing.

C.  The property subject to this order, together with all improvements and easements, rights, privileges and other hereditaments and appurtenances, is legally described as:

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/07/2016*
Lori Vosejpka, Clerk, by LH

7340496v6

Parcel 1:

Lots One (1) and Two (2) of Otis' Rearrangement of Lots 11, 12, 13, 14, 15, 16, and 17 of Block Sixty-four (64) in Dayton & Irvine's Addition to St. Paul, except those portions of said lots taken by the City of St. Paul for the relocation and widening of Summit Avenue, together with that part of vacated Chestnut Street which accrued thereto by reason of the vacation thereof, according to the recorded plat thereof, Ramsey County, Minnesota.

Except all that part which lies southeasterly of the following described line:

Beginning at the point of intersection of the southwesterly extension of the southeasterly line of Taylor Place with the northeasterly line of Lot 1 Fuller's Subdivision of Block 87, Dayton and Irvine's Addition to St. Paul; thence run southwesterly to the most westerly corner of Lot 7, Block 64 said Dayton and Irvine's Addition and there terminating.

(Abstract Property)

Parcel 2:

The northwesterly 1 foot of Lots Twelve (12), Thirteen (13), Fourteen (14) and Fifteen (15), Block Seventy (70) Dayton & Irvine's Addition to Saint Paul, according to the recorded plat thereof, Ramsey County, Minnesota.

(Abstract Property)

Parcel 3:

Lots 1, 2 and 3, Block 70, Dayton & Irvine's Addition, according to the recorded plat thereof, Ramsey County, Minnesota, together with that part of vacated Chestnut Street which accrued thereto by reason of the vacation thereof.

Being Registered land as is evidenced by Certificate of Title No. 127582.

D.  The debtor has articulated good and sufficient reasons for approving the sale of the property. The sale procedures afforded a full, fair and reasonable opportunity for any entity who qualified as a qualified bidder to make a qualified bid to purchase the property and no higher or better offer was made.

E.  Due and proper notice of the motion was provided and no other or further notice need be provided.

-2-

F. The entry of this order is in the best interests of the debtor and its estate, creditors, and interest holders and all other parties in interest.

G. The debtor has advanced good and sufficient business justifications supporting the sale to 1777 Bunker Lake Blvd NW, LLC, and permitted assigns, pursuant to section 363(b) of the Bankruptcy Code. It is a reasonable exercise of the debtor's business judgment to consummate the sale on the terms and conditions set forth in the purchase agreement between the debtor and 1777 Bunker Lake.

H. The purchase agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or the laws of the United States.

I. The transfer of the property as contemplated by the purchase agreement: (i) is or will be a legal, valid, and effective transfer of all right, title and interest of the debtor in and to the property to 1777 Bunker Lake; and (ii) vests or will vest in 1777 Bunker Lake all right, title and interest of the debtor in and to the property.

J. The purchase agreement was negotiated, proposed and entered into without collusion and in good faith, from arms' length bargaining positions by the debtor and 1777 Bunker Lake. 1777 Bunker Lake is not an insider of the debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Accordingly, the sale approved by this order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. 1777 Bunker Lake is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

**IT IS ORDERED:**

1. The motion is granted and the transactions contemplated in the motion are authorized to the extent set forth in this order.

2. All of the terms and conditions of the purchase agreement, including the purchase price of Three Million Two Hundred Seventy-Five Thousand and No/100 Dollars

7340496v6

($3,275,000.00) and the view easement, are approved and the sale of the property pursuant to the purchase agreement is authorized under sections 363(b) and (f) of the Bankruptcy Code. The omission in this order of specific reference to any provision of the purchase agreement shall not impair or diminish the efficacy, propriety, or approval of such provision.

3. All of the terms of the view easement agreement are approved and the debtor is authorized to enter into the view easement agreement with 1777 Bunker Lake on the terms described therein with such non-material modifications as may be agreed to by the parties.

4. The debtor is authorized to enter into a lease with 1777 Bunker Lake for the property on the terms described in the lease attached as Exhibit C to the purchase agreement, with such nonmaterial modifications as may be agreed to by the parties, and to perform under the lease.

5. The debtor and 1777 Bunker Lake are authorized to take all actions and execute and deliver all documents, instruments and agreements consistent with the purchase agreement that the debtor and 1777 Bunker Lake deem necessary or appropriate to implement and effect the transactions contemplated by the purchase agreement as such may be amended by the parties, including but not limited to the view easement agreement, bills of sale, assignment documents, and deeds.

6. The Friends of Cathedral Hill shall serve as the backup and reserve bidder. The debtor is authorized to consummate the transactions contemplated under the purchase agreement with the Friends of Cathedral Hill in the event that 1777 Bunker Lake shall fail to consummate the transactions contemplated under the purchase agreement.

7. The debtor is authorized to reimburse United Properties Development Company from the proceeds of the sale for all out-of-pocket costs and expenses incurred by United

Properties Development Company to third parties for the survey, inspections and reports prepared in connection with the sale up to a maximum amount of $25,000.

8. The debtor is authorized to pay from the proceeds of sale any and all customary closing or title fees and expenses and all other expenses required to be paid under the terms of the purchase agreement and to pay any and all brokerage commissions due from the debtor in connection with the sale.

9. 1777 Bunker Lake is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.

10. The provisions of this order shall survive the entry of any order confirming any Chapter 11 plan of the debtor, or converting the debtor's case to a case under Chapter 7 of the Bankruptcy Code, or dismissing the debtor's Chapter 11 case.

11. The terms and provisions of the purchase agreement, together with the terms and provisions of this order, shall be binding in all respects upon, and shall inure to the benefit of, the debtor, its estates, its creditors, the successful bidder and its respective affiliates, successors and assigns, and any affected third parties, including but not limited to, any and all persons asserting an interest in, or claim against the debtor's estate or with respect to the property.

12. The debtor shall hold the net proceeds of the sale in a separate interest-bearing account until further order by the court.

13. Notwithstanding Fed. R. Bankr. P. 6004(h) and 6006(d), this order is effective immediately.

Dated:  April 7, 2016

/e/ Robert J. Kressel
Robert J. Kressel
United States Bankruptcy Judge

7340496v6