# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul and Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

# ORDER

This case is before the court on the motion of the debtor and the committee of unsecured creditors as plan proponents, to approve their proposed second amended disclosure statement and seeking an order establishing procedures for solicitation and tabulation of votes to accept or reject their plan, including estimation of certain claims for voting purposes. Based on the motion and file,

IT IS ORDERED:

1. The second amended disclosure statement dated August 9, 2018, and filed on August 10, 2018, is approved.

2. A hearing to consider confirmation of the joint plan will be held on **September 25, 2018 at 10:00 a.m.,** in Courtroom No. 15 East, United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any objection to confirmation of the plan shall be made by motion under Local Rule 3020-1 and shall be filed and served by no later than **September 18, 2018**.

4. Pursuant to Bankruptcy Rule 3017(c): (i) the Class 6 ballot is approved in the form attached to this order as **Exhibit A** and shall be distributed to the known holders of claims in Class 6; and (ii) the plan proponents shall distribute ballots substantially confirming to the

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *08/13/2018*
Lori Vosejpka, Clerk, by LH

-2-

approved official form to all other holders of claims in classes which are entitled to accept or reject the joint plan.

5.  The form of publication notice attached to this order as **Exhibit B** is approved.

6.  The plan proponents shall mail, pursuant to Local Rule 3017-1, solicitation packages containing copies of (i) the notice of disclosure statement approval substantially in the form attached to this order as **Exhibit C**; (ii) the approved form of the disclosure statement; (iii) the proposed joint plan of reorganization; and (iv) the applicable ballot, if any, with a postage prepaid return envelope. The solicitation packages will be mailed no later than August 21, 2018 to: (i) the attorneys for the committees and the U.S. Trustee; (ii) all persons or entities that filed proofs of claim on or before the date of the notice of disclosure statement approval, except to the extent that a claim was paid pursuant to, or expunged by, prior order of the court; (iii) all persons or entities listed in the debtor's schedules as holding liquidated, non-contingent, and undisputed claims, in an amount greater than zero; (iv) all parties to executory contracts listed in the schedules, (v) the Internal Revenue Service; (vi) any entity that has filed with the court a notice of transfer of a claim under Bankruptcy Rule 3001(e) prior to the date of the notice of disclosure statement approval; (vii) any other known holders of claims against the debtor, (viii) anyone against whom the debtor might hold a claim, and (ix) state and local taxing authorities; with the exception that the debtors are excused from mailing to entities from which notices of the disclosure statement hearing were returned as undeliverable by the United States Postal Service, unless the debtors are provided with accurate addresses for such entities on or before a date which is fifteen (15) days from the date of service.  Counsel for the debtor or the UCC, as appropriate, shall file proof of service in accordance with Local Rule 3017-1.

7. The plan proponents are authorized to mail the disclosure statement and plan in an electronic format on flash drives. Counsel for the plan proponents shall provide a paper copy of the disclosure statement and plan, upon request, to any party that receives them in electronic format.

8. Notwithstanding paragraph 6 above, the debtor may deliver one solicitation package to the counsel of record for all of such counsel's clients, provided that a separate ballot is received for each client entitled to vote. On request, the debtor will provide counsel with additional solicitation packages.

9. Each counsel receiving a single solicitation package under paragraph 10 shall provide each claimant represented by the attorney with a complete solicitation package, including the ballot, by personal delivery, mail, or electronic mail and shall file under seal a sworn affidavit of service with the bankruptcy court to evidence compliance with this paragraph. The debtor, the debtor's counsel, and the UCC's counsel shall be permitted to review any such certificate of service. Service under this paragraph shall be accomplished within ten calendar days following service of the solicitation package on such counsel.

10. With respect to ballots of holders of claims in Class 6, the ballot shall be executed by the claimant, or if a claimant cannot timely sign the ballot, by an individual competent to act with a specific, written power of attorney directing such individual to vote to accept or reject the joint plan as directed by such individual claimant. A copy of the power of attorney shall be attached to each ballot completed by such individual on behalf of the individual claimant.

11. In order to be counted as a vote to accept or reject the joint plan, a ballot must be properly executed, completed and delivered to the clerk of the bankruptcy court (i) by mail in a return envelope provided with each ballot, (ii) by overnight courier, or (iii) by personal delivery

so it is <u>actually</u> <u>received</u> by the clerk no later than **September 18, 2018.**  The plan proponents <u>must file</u> a ballot report with the court in accordance with Local Rule 3020-2.

12. In tabulating the ballots, the following additional procedures apply. (a) any ballot that is properly completed, executed, and timely received, but does not indicate an acceptance or rejection of the joint plan, or that indicates both an acceptance and rejection of the joint plan, shall not be counted; (b) if a creditor, or any person acting on behalf of a creditor under applicable law, casts more than one ballot voting the same claim or interest before the voting deadline, the latest dated ballot received before the voting deadline shall be deemed to reflect the voter's intent and thus supersede any prior ballots; (c) creditors must vote all of their claims within a particular class, either to accept or reject the joint plan and may not split their votes within a particular class; (d) the person signing the creditor's proof of claim may complete and sign the creditor's ballot, except as provided in paragraph 13 above; and (e) any Class 6 ballot that indicates either acceptance or rejection of the joint plan shall be counted as a vote to accept or reject the joint plan regardless of whether the releases and certifications portions of the ballot are completed, <u>provided however that</u> such claimant is not entitled to any distribution without complying with the terms of the joint plan, the confirmation order and the trust.

13. The debtor is not required to provide ballots to the holders of claims in Classes 1, 2, 4, 5, 10, 11, 16, 17, and 18.

14. The claims of each individual creditor in Class 6 of the joint plan are temporarily allowed for voting purposes in the amount of $2,000 each.

15. The claims of each individual creditor in Class 3A and Class 3B of the joint plan are temporarily allowed for voting purposes in the amount of $2,000 each.

16. Claims estimated for voting purposes under this order shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution.

17. The clerk will release Class 6 ballots to the counsel for the plan proponents upon request. Class 6 ballots will be treated as confidential and subject to the same confidentiality protocols in the Order Establishing Deadlines for Filing Proofs of Claim; Approving Proof of Claim Forms; Approving Form and Manner of Notice; and Approving Confidentiality Procedures entered on April 17, 2015 as Document No. 188. The plan proponents may provide access to Class 6 ballots to counsel for the parish committee, the U.S. Trustee, and the settling insurers, subject to the above confidentiality protocols.

18. The following ballots shall not be counted or considered for any purpose in determining whether the plan has been accepted or rejected:

   i. Any ballot received after the voting deadline unless the plan proponents shall have granted in writing an extension of the deadline with respect to such ballot;

   ii. Any ballot that is illegible or contains insufficient information to permit the identification of the creditor;

   iii. Any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the plan;

   iv. Any ballot cast for a claim scheduled in the amount of $0.00, or as unliquidated, contingent, or disputed for which no proof of claim was timely filed;

   v. Any unsigned ballot;

   vi. Any ballot that does not indicate an acceptance or rejection or indicates both; and

   vii. Any ballot transmitted to the debtor by facsimile, email or other electronic means unless the court has previously authorized such means in writing.

19. In addition to the plan proponents' right to solicit acceptance of the plan, the debtor and UCC shall be permitted to contact creditors in an attempt to cure the deficiencies specified herein.

20. A ballot received after the voting deadline in which the releases, certifications and elections are made and signed shall be effective as to such releases, certifications and elections contained in the ballot.

21. For purposes of determining whether the numerosity and claim or interest amount requirements of Bankruptcy Code §§ 1126(c) and 1126(d) have been satisfied, the plan proponents shall tabulate only those ballots cast by the voting deadline that comply with the terms of this order.

22. The debtor shall cause the publication notice to appear twice, in the non-legal notice sections, of the following newspapers:

    a. The USA Today;
    b. The Star Tribune;
    c. The Pioneer Press;
    d. The Catholic Spirit.

23. The debtor shall further cause the publication notice contemplated in paragraph 22 of this order to be published for the first time not less than twenty-one days prior to the confirmation hearing and the second time no later than fourteen days before the confirmation hearing (or, in each case, as soon thereafter as is possible based on publication schedules).

24. The debtor shall cause the publication notice to appear once, in the legal notice sections, of the following newspapers:

    a. The Post-Bulletin;
    b. The New York Times;
    c. The Chicago Tribune;
    d. The Los Angeles Times;

   e. Chisago County Press;
   f. Dakota County Tribune;
   g. Carver County News;
   h. Kenyon Leader;
   i. Shakopee Valley News;
   j. Le Sueur News Herald;
   k. Faribault Daily News;
   l. Wright County Journal Press;
   m. The Milwaukee Journal Sentinel;
   n. The Arizona Republic.

25. The debtor shall further cause the publication notice contemplated in paragraph 24 of this order to be published not less than twenty-one days prior to the confirmation hearing (or as soon thereafter as is possible based on publication schedules).

26. In addition to the foregoing, the debtor shall post this order and the accompanying order and notice for hearing on confirmation of joint plan electronically on the reorganization website maintained by the debtor at http://information.archspm.org/.

27. Mailing the solicitation packages in accordance with this order constitutes adequate notice of the confirmation hearing and the voting deadline under Bankruptcy Rule 3017(d).

28. The form and notice of the approval of the disclosure statement and the publication notice, and the form of summary notice providing instructions for accessing the plan and disclosure statement referenced in Paragraph 6 of this order (substantially in the forms attached to this order) are approved as constituting reasonable and adequate notice.

29. The plan proponents are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate this order.

Dated: *August 13, 2018*

/e/ Robert J. Kressel
Robert J. Kressel
United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 15-30125 |
| The Archdiocese of Saint Paul and Minneapolis, | Chapter 11 |
| Debtor. | |

**CONFIDENTIAL CLASS 6 BALLOT FOR ACCEPTING OR REJECTING**
**JOINT CHAPTER 11 PLAN OF REORGANIZATION**

The Archdiocese of Saint Paul and Minneapolis and the Official Committee of Unsecured Creditors (the "UCC") have filed a Joint Chapter 11 Plan of Reorganization (as amended, the "Joint Plan") for the Debtor in this case. The Court has approved a disclosure statement with respect to the Joint Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from

> Briggs and Morgan
> 2200 IDS Center
> 80 South 8th Street
> Minneapolis, MN  55402
> (612) 977-8400
> Attention:  Richard D. Anderson or Benjamin E. Gurstelle
>     or
> Stinson Leonard Street
> 50 South Sixth Street, Suite 2600
> Minneapolis, MN  55402
> (612) 335-1500
> Attention:  Robert T. Kugler or Edwin H. Caldie

Court approval of the Disclosure Statement does not indicate approval of the Joint Plan by the Bankruptcy Court.

Terms not otherwise defined in this ballot will be defined in accordance with the Joint Plan. **You should review the Disclosure Statement and the Joint Plan before you vote.  You may wish to seek legal advice concerning the Joint Plan and your classification and treatment under the Joint Plan.  Your claim has been placed in Class 6 under the Joint Plan.**

**THE JOINT PLAN PROVIDES THAT ALL TORT CLAIMS AND RELATED CLAIMS AGAINST THE ARCHDIOCESE, THE PROTECTED PARTIES, THE SETTLING INSURERS, AND CERTAIN RELATED ENTITIES (THE "SETTLING INSURER ENTITIES," AS SPECIFICALLY DEFINED IN THE JOINT PLAN) WILL BE CHANNELED TO THE TRUST, MEANING THAT THE TRUST WILL BE SOLE AND EXCLUSIVE SOURCE OF PAYMENT FOR ANY SUCH CLAIMS AGAINST THE ARCHDIOCESE, SETTLING INSURER ENTITIES, AND PROTECTED PARTIES.  AS PART OF THE JOINT PLAN, THE ARCHDIOCESE AND UCC WILL SEEK THE ENTRY OF AN ORDER PERMANENTLY ENJOINING AND BARRING ALL PERSONS AND ENTITIES FROM ASSERTING OR PURSUING TORT CLAIMS AND INSURANCE COVERAGE FOR SUCH CLAIMS AGAINST THE ARCHDIOCESE, PROTECTED PARTIES AND THE SETTLING INSURER ENTITIES, AND RELEASING THE ARCHDIOCESE, THE SETTLING INSURER ENTITIES AND THE PROTECTED PARTIES FROM ANY FURTHER LIABILITY RELATING TO TORT CLAIMS OR INSURANCE COVERAGE. THE PROTECTED PARTIES ARE DEFINED IN THE JOINT PLAN TO INCLUDE THE CATHOLIC ENTITIES (INCLUDING ALL PAST AND PRESENT PARISHES IN THE ARCHDIOCESE), THE CATHOLIC ANNUAL APPEAL FOUNDATION, THE CATHOLIC YOUTH CAMP, THE CATHOLIC YOUTH CENTER, BENILDE-ST. MARGARET SCHOOL, DE LA SALLE HIGH SCHOOL, TOTINO-GRACE HIGH SCHOOL, SAINT PAUL SEMINARY, ST. JOHN VIANNEY SEMINARY AND ALL INSUREDS UNDER INSURANCE POLICIES ISSUED OR ALLEGEDLY ISSUED TO THE ARCHDIOCESE, THE CATHOLIC ENTITIES, AND THE SEMINARIES BY THE SETTLING INSURER ENTITIES. IF THE JOINT PLAN IS APPROVED, THE ONLY SOURCE OF POTENTIAL RECOVERY FOR SUCH TORT CLAIMS AGAINST THE ARCHDIOCESE, PROTECTED PARTIES AND THE SETTLING INSURER ENTITIES WILL BE THE TRUST FORMED TO DISBURSE PLAN ASSETS TO TORT CLAIMANTS.  IN ADDITION, THE ARCHDIOCESE AND UCC WILL SEEK THE ENTRY OF AN ORDER PERMANENTLY BARRING ALL CLAIMS BY ANY PERSON OR ENTITY AGAINST THE SETTLING INSURER ENTITIES RELATING TO (A) ALL INSURANCE POLICIES ISSUED OR ALLEGEDLY ISSUED TO THE ARCHDIOCESE, THE CATHOLIC ENTITIES, OR A SEMINARY, OR (B) TORT CLAIMS RESULTING IN WHOLE OR IN PART FROM SEXUAL ABUSE OR MISCONDUCT.**

    **THIS DOCUMENT HAS TWO PARTS:**

    **(I)    A BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN; AND**

    **(II)    A RELEASE AND MEDICARE ACKNOWLEDGMENT.**

**ALTHOUGH WE ENCOURAGE YOU TO VOTE, UNDER THE TERMS OF THE JOINT PLAN AND THE ORDER OF THE BANKRUPTCY COURT, YOU DO NOT NEED TO VOTE TO ACCEPT OR REJECT THE JOINT PLAN TO RECEIVE FUNDS ON ACCOUNT OF YOUR TORT CLAIM, <u>BUT YOU MUST SIGN AND RETURN THIS BALLOT AS IT RELATES TO PART II IN ORDER TO RECEIVE ANY FUNDS ON ACCOUNT OF YOUR TORT CLAIM</u>.**

# PART I

## BALLOT FOR ACCEPTING OR REJECTING JOINT PLAN

**By signing this Ballot, I certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have been provided access to a copy of the Disclosure Statement and Joint Plan and the exhibits thereto.**

The undersigned, the holder of a Class 6 claim against the Debtor (check one box only):

| ☐ **ACCEPTS** the Joint Plan | ☐ **REJECTS** the Joint Plan |
|---|---|

This ballot is for voting purposes only and does not constitute and shall not be deemed a Proof of Claim or Interest or an admission of the validity of a Claim or Interest.

**IF YOUR BALLOT IS NOT RECEIVED BY THE CLERK OF THE BANKRUPTCY COURT ON OR BEFORE _____, 2018, AND SUCH DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT COUNT AS EITHER AN ACCEPTANCE OR REJECTION OF THE JOINT PLAN.**

TO BE COMPLETED BY TORT CLAIMANT:

Dated: _____
Print or type name: _____
Signature: _____
Address: _____
_____
_____

**Return this ballot to:**

Clerk of Court
Attention:  B. Montez
U.S. Bankruptcy Court
District of Minnesota
200 Warren E. Burger Federal Building and United States Courthouse
316 North Robert Street
St. Paul, MN  55101

## PART II

## <u>RELEASE AND MEDICARE CERTIFICATION</u>

**To be entitled to receive any compensation under the Joint Plan, you must execute and deliver this Release and the Medicare Certificate.**

1. All capitalized terms in this Release And Medicare Certification are defined terms in the Joint Plan and they have the meanings ascribed to them in the Joint Plan.

2. In consideration of the promise of the Trust to make me a distribution, the amount payable to me under the Trust Distribution Plan, and other valuable consideration, I, for myself and my heirs, successors, and assigns:

    a. Hereby fully, finally, and completely release, remise, acquit, and forever discharge the Settling Insurer Entities with respect to the Settling Insurer Entity Policies from any and all past, present, and future Claims that, directly or indirectly, arise out of, relate to, or are in connection with the i) Tort Claims; ii) Related Insurance Claims; iii) the Settling Insurer Entity Policies; and iv) all Claims that, directly or indirectly, arise from, relate to, or are in connection with the Reorganization Case.

    b. Hereby covenant (i) not to sue or seek recovery or relief of any kind from the Protected Parties or Settling Insurer Entities in connection with any and all past, present, and future Claims that, directly or indirectly, arise out of, relate to, or are in connection with the Tort Claims, Related Insurance Claims, the Settling Insurer Entity Policies, or the Reorganization Case; (ii) to forever and irrevocably discharge that fraction, portion or percentage of damages I claim to have suffered in connection with any Abuse which is by trial or other disposition determined to be the causal fault or responsibility, if any, of any Protected Party; (iii) to voluntarily reduce any judgment that I may ever obtain against any Person relating to the same Abuse as those at issue in the Tort Claims or other claims of abuse or neglect in an amount reflecting that fraction, portion or percentage of damage or injury that I suffered due to the causal fault or responsibility, if any, of any Protected Party; (iv) that filing of this Release and Medicare Certification with any court by any Protected Party shall satisfy that fraction, portion or percentage of any judgment that may be rendered in my favor attributable to any Protected Party's causal fault or  responsibility; (v) that I will not seek a reallocation of the causal fault or causal responsibility of any Protected Party to any other Person whether assessed by reason of judgment or settlement; and (vi) this Release and Medicare Certification extinguishes any potential liability of any Protected Party for contribution or indemnity to any Person who has been or may be held liable to me for any Tort Claim.

3. I have been provided with copies of the Disclosure Statement, the Joint Plan and the exhibits thereto and have been given an opportunity to review such documents.

4. I expressly reserve and retain my rights to recover from any Person for liability for any Abuse except as provided in this Release and Medicare Certification do not intend that payment by the Trust constitutes full compensation for the damage alleged in my Tort Claim(s).

5. I intend the foregoing undertakings to accord with the principles set forth in Pierringer v. Hoger, 124 N.W.2d 106 (Wis. 1963) and Frey v. Snelgrove, 269 N.W.2d 918 (Minn. 1978).

6. I understand and agree that any payment by the Trust to me does not constitute an admission of liability of any kind or nature by the Archdiocese, the Reorganized Debtor, the Trust, any Settling Insurer Entity or any Protected Party.

7. I consent to, and agree to be bound by, the Discharge and the Injunctions set forth in Article XIV of the Joint Plan, including the injunctive relief for the benefit of the Settling Insurer Entities and Protected Parties. I also approve of the Insurance Settlement Agreements embodied in the Joint Plan.

8. I understand that payment from the Trust constitutes damages on account of personal physical injuries or sickness arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

9. I represent and warrant that I have not assigned or otherwise transferred any interest in my Tort Claim(s).

10. I have or will provide for the payment and/or resolution of any obligations owing or potentially owing under the Medicare Secondary Payer Statue relating to my Tort Claim(s).

11. This Release and Medicare Certification shall be binding upon my successors, heirs, agents and representatives.

TO BE COMPLETED BY TORT CLAIMANT:

Dated: _____

Print or type name: _____

Signature: _____

Address: _____

_____

_____

**Return this ballot to:**

Clerk of Court
Attention:  B. Montez
U.S. Bankruptcy Court
District of Minnesota
200 Warren E. Burger Federal Building and United States Courthouse
316 North Robert Street
St. Paul, MN  55101

**EXHIBIT B**

TEXT OF NOTICE BY PUBLICATION:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

**The Archdiocese of Saint Paul and Minneapolis
Chapter 11 Reorganization Proceeding
(Case No. 15-30125)**

NOTICE OF (I) JOINT PLAN OBJECTION DEADLINE
AND (II) JOINT PLAN CONFIRMATION HEARING

**PLEASE TAKE NOTICE** that on June 28, 2018 The Archdiocese of Saint Paul and Minneapolis (the "Archdiocese"), the Debtor and Debtor-in-Possession in the captioned bankruptcy proceeding and the Official Committee of Unsecured Creditors (the "UCC") filed a joint chapter 11 plan of reorganization dated June 28, 2018 [Docket No. 1198], (as amended, the "Joint Plan") and a disclosure statement with respect to the Joint Plan dated June 28, 2018 [Docket No. 1199] (the "Disclosure Statement") under Section 1125 of the United States Bankruptcy Code (the "Bankruptcy Code"). On ____, 2018 the Bankruptcy Court approved the Disclosure Statement [Docket No. ____]. Terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Plan.

The Joint Plan provides the means for settling and paying all Claims asserted against the Archdiocese, including Tort Claims related to sexual abuse or misconduct. Under the Joint Plan a Trust will be established for the benefit of Tort Claimants. The Trust will be funded by contributions made by the Archdiocese, Protected Parties and Settling Insurers. The Protected Parties are defined in the Joint Plan to include the Catholic Entities (including all past and present Parishes in the Archdiocese), the Catholic Annual Appeal Foundation, the Catholic Youth Camp, the Catholic Youth Center, Benilde-St. Margaret School, DeLaSalle High School, Grace High School d/b/a Totino-Grace High School, Saint Paul Seminary, St. John Vianney Seminary and all insureds under insurance policies issued or allegedly issued to the Archdiocese, the Catholic Entities, and the Seminaries by the Settling Insurer Entities. The Settling Insurers are defined in the Joint Plan to include substantially all of the insurance companies issuing or allegedly issuing insurance policies to the Archdiocese, the Catholic Entities and Seminaries. Complete lists of Protected Parties and Settling Insurers are included in the Joint Plan. **IF YOU HOLD CLAIMS AGAINST THE ARCHDIOCESE, SETTLING INSURERS OR PROTECTED PARTIES, YOUR RIGHTS MAY BE AFFECTED.**

**THE JOINT PLAN PROVIDES THAT ALL TORT CLAIMS RELATED TO SEXUAL ABUSE OR MISCONDUCT AGAINST THE ARCHDIOCESE, THE PROTECTED PARTIES, THE SETTLING INSURERS, AND CERTAIN RELATED ENTITIES (THE "SETTLING INSURER ENTITIES," AS SPECIFICALLY DEFINED IN THE JOINT PLAN) WILL BE CHANNELED TO THE TRUST, MEANING THAT THE TRUST WILL BE THE SOLE AND EXCLUSIVE SOURCE OF PAYMENT FOR ANY SUCH CLAIMS AGAINST THE ARCHDIOCESE, SETTLING INSURER ENTITIES, AND PROTECTED PARTIES. AS PART OF THE JOINT PLAN, THE ARCHDIOCESE AND**

**UCC WILL SEEK THE ENTRY OF AN ORDER PERMANENTLY ENJOINING AND BARRING ALL PERSONS AND ENTITIES FROM ASSERTING OR PURSUING TORT CLAIMS OR CLAIMS OTHERWISE COVERED BY THE INSURANCE POLICIES BUT FOR THE INSURANCE SETTLEMENT AGREEMENTS, OR ANY OTHER CLAIM RELATED TO SEXUAL ABUSE OR MISCONDUCT AND INSURANCE COVERAGE FOR SUCH CLAIMS AGAINST THE ARCHDIOCESE, PROTECTED PARTIES AND THE SETTLING INSURER ENTITIES, AND RELEASING THE ARCHDIOCESE, THE PROTECTED PARTIES, AND THE SETTLING INSURER ENTITIES FROM ANY FURTHER LIABILITY RELATING TO TORT CLAIMS, INSURANCE COVERAGE, AND ANY CLAIMS OTHERWISE INSURED BY SUCH INSURANCE POLICIES.  IN ADDITION, THE ARCHDIOCESE AND UCC WILL SEEK THE ENTRY OF AN ORDER PERMANENTLY BARRING ALL CLAIMS BY ANY PERSON OR ENTITY AGAINST THE SETTLING INSURER ENTITIES RELATING TO (A) ALL INSURANCE POLICIES ISSUED OR ALLEGEDLY ISSUED TO THE ARCHDIOCESE OR PROTECTED PARTIES, OR (B) TORT CLAIMS RESULTING IN WHOLE OR IN PART FROM SEXUAL ABUSE OR MISCONDUCT.**

Copies of the Joint Plan and Disclosure Statement are on file with the Court, 200 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55101. Copies of the Joint Plan and Disclosure Statement may be obtained by (a) contacting J. Zahler at the Archdiocese at 777 Forest Street, Saint Paul, MN 55106, email: zahler@archspm.org, phone: (651) 291-4486, fax: (651) 290-1629 during normal business hours; (b) visiting the Archdiocese's website at: http://information.archspm.org/; or (c) visiting the website of United States Bankruptcy Court for the District of Minnesota at http://www.mnb.uscourts.gov/.  A PACER login and password are required to access documents on the Bankruptcy Court's website and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

Objections to the Joint Plan must be filed with the Bankruptcy Court for the District of Minnesota and served under the Minnesota Local Rules of Bankruptcy Procedure by no later than September 18, 2018.  If objections are timely filed, they will be considered at the hearing on confirmation of the Joint Plan and approval of the Insurance Settlement Agreements to be held on September 25, 2018, at 10:00 a.m. before the Honorable Robert J. Kressel, United States Bankruptcy Judge, Courtroom 15 East, United States Courthouse, 300 South Fourth Street, Minneapolis, MN.

THE ARCHDIOCESE OF SAINT PAUL AND MINNEAPOLIS

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>The Archdiocese of Saint Paul and Minneapolis,<br><br>                        Debtor. | Case No. 15-30125<br><br>Chapter 11 |

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT; AND**
**(II) ESTABLISHMENT OF PROCEDURES FOR SOLICITATION AND TABULATION**
**OF VOTES TO ACCEPT OR REJECT JOINT PLAN, INCLUDING ESTIMATION OF**
**CERTAIN CLAIMS FOR VOTING PURPOSES**

**PLEASE TAKE NOTICE THAT:**

      1.      The disclosure statement filed by The Archdiocese of Saint Paul and Minneapolis and the committee of unsecured creditors dated and filed August 10, 2018 relating to a Second Amended Joint Chapter 11 Plan of Reorganization of The Archdiocese of Saint Paul and Minneapolis dated and filed August 10, 2018 was approved by the bankruptcy court.

      2.      A hearing to consider confirmation of the plan will be held on **September 25, 2018 at 10:00 a.m.** in Courtroom 15 East of the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

      3.      If you hold a claim[1] against the debtor and are entitled to vote to accept or reject the plan, you have received with this notice a ballot and voting instruction appropriate for your claim. In order for your vote to accept or reject the plan to be counted, your ballot must be properly executed, completed and delivered to the clerk of the bankruptcy court (i) by mail in a return envelope provided with each ballot, (ii) by overnight courier, or (iii) by personal delivery so that they are actually received by the clerk no later than **September 18, 2018** (the "Voting Deadline").

      4.      Any failure to follow the instructions included with the ballot may disqualify your ballot and your vote. The attorneys for the plan proponents shall jointly count the ballots and file a report of the tabulation not later than 24 hours before the confirmation hearing under Local Rule 3020-2.

      5.      Objections, if any, to confirmation of the Joint Plan shall be made in accordance with Local Rule 3020-1 and shall be filed and served by no later than **September 18, 2018**.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Joint Plan.

6. **Holders of unimpaired Claims and Claims and Interests who will receive no distribution under the Joint Plan are not entitled to vote on the Joint Plan and have not received a ballot.** Unless otherwise set forth in an objection to a claim, claims that are the subject of an objection are not entitled to vote on the plan and, therefore, did not receive a ballot. If you disagree with the classification of, or objection to, your claim and believe that you should be entitled to vote on the plan, then you must (i) have timely filed a proof of claim by the applicable deadline and (ii) serve on the debtor and file with the court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the plan.

7. Enclosed with this notice is a flash drive containing the plan and disclosure statement. Any party in interest wishing to obtain (a) information about the solicitation procedures or (b) paper copies of the disclosure statement or the an should contact counsel for the debtor or the UCC.

8. Copies of the plan and disclosure statement are also on file with the bankruptcy court, 200 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55101. Copies of the plan and disclosure statement may also be obtained by (a) contacting J. Zahler at the Archdiocese at 777 Forest Street, Saint Paul, MN 55106, email: zahler@archspm.org, phone: (651) 291-4486, fax: (651) 290-1629 during normal business hours; (b) visiting the Archdiocese's website at: http://information.archspm.org/; or (c) visiting the website of United States Bankruptcy Court for the District of Minnesota at http://www.mnb.uscourts.gov/. A PACER login and password are required to access documents on the Bankruptcy Court's website and these can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.

| | |
|---|---|
| BRIGGS AND MORGAN | STINSON LEONARD STREET |
| Richard D. Anderson (#002306) | Robert T. Kugler (#194116) |
| Charles B. Rogers (#130588) | Edwin H. Caldie (#388930) |
| Lauren E. Lonergan (#143443) | Phillip J. Ashfield (#388990) |
| Benjamin E. Gurstelle (#0389968) | Brittany M. Michael (#397592) |
| 2200 IDS Center | 50 South Sixth Street, Suite 2600 |
| 80 South 8th Street | Minneapolis, MN 55402 |
| Minneapolis, MN 55402 | Telephone: 612-335-1500 |
| Telephone: 612-977-8400 | Facsimile: 612-335-1657 |
| Facsimile: 612-977-8650 | |
| | |
| Attorneys for The Archdiocese Of Saint Paul and Minneapolis, Debtor and Debtor in Possession | Attorneys for the Official Committee of Unsecured Creditors for the Archdiocese of Saint Paul and Minneapolis |

11003858v1