UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul
and Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

ORDER CONFIRMING PLAN

This case came before the court pursuant to the *Third Amended Joint Plan of Reorganization* proposed by the debtor and the committee of unsecured creditors. The court conducted the plan confirmation hearing on September 25, 2018.

Pursuant to findings, conclusions and statements of the court on the record at the confirmation hearing, the entire record and the orders approving the Archdiocese Insurance Settlement Agreements as defined in the joint plan, which are incorporated into this confirmation order by reference as if set forth fully herein, the court further finds and concludes as follows:

1. The joint plan satisfies and complies with each of the provisions of 11 U.S.C. § 1129 to the extent applicable to the joint plan and this case.

142350477.4

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *09/25/2018*
Lori Vosejpka, Clerk, by LH

2. Every class that voted, all of which are impaired, accepted the joint plan. As to the Class 6 Claimants, the overwhelming majority voted in favor of the plan.

3. This case presents the rare and unique circumstances in which the channeling injunctions, supplemental injunctions, and releases provided pursuant to the joint plan and the Insurance Settlement Agreements may be approved. The debtor has numerous and significant liabilities on which the Protected Parties as defined in the joint plan and Settling Insurer Entities as defined in the joint plan are also liable or possibly liable to some extent. Under the joint plan, the Protected Parties and Settling Insurers will make substantial contributions, as will the debtor, to provide for payment to the Tort Claimants, as defined in the joint plan. Such contributions are critical and significant contributions to the effective implementation of the joint plan, and the joint plan would not be feasible without such contributions. The debtor and the Protected Parties would not release their interests under the Settling Insurer Entity Policies, as defined in the joint plan, unless they obtained the benefits of the releases and injunctions under the joint plan. Resolution of the case would not have been possible without such releases and injunctions, and the Protected Parties and Settling Insurers would not have made contributions to the joint plan without the protections,

2

releases, and injunctions provided in the joint plan and the Insurance Settlement Agreements.

4. The creditors most affected by the releases and injunctions – the Tort Claimants – have indicated by an overwhelming majority that they accept such provisions; indeed, the committee is a proponent of the joint plan. The debtor provided specific and adequate notice of, among other things: (i) the releases and injunctions provided for in the joint plan and the Archdiocese Insurance Settlement Agreements, (ii) the manner in which a creditor or interested party could take steps to obtain additional information regarding, or object to such, releases or injunctions, and (iii) the names of the Settling Insurers and Protected Parties. The debtor published and mailed such notice broadly.

5. The court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b) to approve the exculpation, release, and limitation of liability provisions of the joint plan and to issue the channeling injunction and other injunctions as provided in Article XIV of the joint plan.

6. The *Future Tort Claims Representative's Report and Recommendation* has been considered by the court and is accepted. The future tort claims representative is qualified to make the analysis and conclusions set forth in the report as a result of his background and experience. The report is comprehensive, and

3

the future tort claims representative has acted diligently in examining the potential for Future Tort Claims, as defined in the joint plan. Accordingly, the findings and recommendations contained in the report are adopted by the court and incorporated herein.

    IT IS ORDERED:

    A.    CONFIRMATION. The joint plan filed and dated September 19, 2018 is confirmed.

    B.    BINDING EFFECT OF THE JOINT PLAN. Immediately upon the entry of this order, the terms of the joint plan are approved, effective and binding, including without limitation upon any and all entities acquiring property under the joint plan, any and all holders of claims and Interests as defined in the joint plan, any and all non-debtor parties to executory contracts, any and all Tort Claimants, including Future Tort Claimants, and other creditors, whether or not such creditor has filed a proof of claim, whether or not the claim of such creditor is impaired under the joint plan, and whether or not such creditor has accepted or rejected the joint plan. All entities shall act or refrain from acting as set forth in the joint plan.

    C.    VESTING OF ESTATES' ASSETS. Except as otherwise provided herein or in the joint plan, and as of the effective date of the joint plan, under 11 U.S.C. §§ 1141(b) and 1141(c), all property of the debtor's estate and all property dealt with

142350477.4

by the joint plan are vested in the trust or the reorganized debtor, or as may be otherwise set forth in the joint plan, free and clear of all liens, interests and claims of creditors of the debtor.

D. DISCHARGE. Except as otherwise expressly provided in the joint plan or in this order, on the effective date of the joint plan, the debtor is discharged and its liability is extinguished completely in respect to any claim and debt, including all Tort Claims as defined in the joint plan and Related Insurance Claims as defined in the joint plan, whether reduced to judgment or not, liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or future, that arose from any agreement the debtor entered into or obligation of the debtor incurred before the confirmation date, or from any conduct of the debtor prior to the confirmation date, or that otherwise arose before the confirmation date, including, without limitation, all interest, if any, on any such claims and debts, whether such interest accrued before or after the petition date, and including all claims and debts of the kind specified in 11 U.S.C. §§ 502(g), 502(h), and 502(i), whether or not a proof of claim is filed or is deemed filed under 11 U.S.C. § 501, such claim is allowed

5

under 11 U.S.C. § 502, or the holder of such claim has accepted the joint plan.

E. EXCULPATION AND LIMITATION OF LIABILITY. Except as expressly provided in the joint plan, none of the Exculpated Parties, as defined in the joint plan, will have or incur any liability to, or be subject to any right of action by, any claimant, any other party in interest, or any of their respective representatives, financial advisors, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the case, including the exercise of their respective business judgment and the performance of their respective fiduciary obligations, the pursuit of confirmation of the joint plan, or the administration of the joint plan or the property to be distributed under the joint plan or the trust created, except for their willful misconduct or gross negligence and in all respects such parties will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the joint plan or the reorganization case. Without limiting the generality of the foregoing, the debtor, its officers, board members, committee members, employees, financial advisors and other professionals shall be entitled to and granted the benefits of 11 U.S.C. § 1125(e). The Exculpated Parties, Protected Parties, the Settling Insurers and professionals

employed by the foregoing shall not have any liability to any entity, including any governmental entity or insurer, on account of payments made to a Tort Claimant, including any liability under the MSPA.

F. **CHANNELING INJUNCTION.**

**(a) In consideration of the undertakings of the Protected Parties and Settling Insurer Entities under the joint plan, their contributions to the trust, and other consideration, and pursuant to their respective settlements with the debtor and to further preserve and promote the agreements between and among the Protected Parties and any Settling Insurer Entities, and pursuant to 11 U.S.C § 105:**

(1) **any and all Channeled Claims, as defined in the joint plan, are channeled into the trust and shall be treated, administered, determined, and resolved under the procedures and protocols and in the amounts as established under the joint plan and the trust agreement as the sole and exclusive remedy for all holders of Channeled Claims; and**

(2) **all persons and entities who have held or asserted, hold or assert, or may in the future hold or assert any Channeled Claims are permanently stayed,**

7

142350477.4

**enjoined, barred and restrained from taking any action, directly or indirectly, for the purposes of asserting, enforcing, or attempting to assert or enforce any Channeled Claim against the Protected Parties or Settling Insurer Entities, including:**

(i) **commencing or continuing in any manner any action or other proceeding of any kind with respect to any Channeled Claim against any of the Protected Parties or Settling Insurer Entities or against the property of any of the Protected Parties or Settling Insurer Entities;**

(ii) **enforcing, attaching, collecting or recovering, by any manner or means, from any of the Protected Parties or Settling Insurer Entities, or the property of any of the Protected Parties or Settling Insurer Entities, any judgment, award, decree, or order with respect to any Channeled Claim against any of the Protected Parties, Settling Insurer Entities, or any other person or entity;**

(iii) **creating, perfecting or enforcing any lien of any kind relating to any Channeled Claim against any of the Protected Parties or the**

8

142350477.4

Settling Insurer Entities, or the property of the Protected Parties or the Settling Insurer Entities; and

(iv) asserting, implementing or effectuating any Channeled Claim of any kind against:

1.     any obligation due any of the Protected Parties or Settling Insurer Entities;

2.     any of the Protected Parties or Settling Insurer Entities; or

3.     the property of any of the Protected Parties or Settling Insurer Entities.

G.     **SUPPLEMENTAL INJUNCTION PREVENTING PROSECUTION OF CLAIMS AGAINST SETTLING INSURER ENTITIES.** Pursuant to 11 U.S.C. §§ 105(a) and 363 and in consideration of the undertakings of the Settling Insurers pursuant to the Insurance Settlement Agreements, including the Settling Insurers' purchases of insurance policies or Interests, as defined in the joint plan, in insurance policies from the debtor, Other Insured Entities, as defined in the joint plan, Seminaries, as defined in the joint plan, and Catholic Entities, as defined in the joint plan:

Any and all persons and entities who have held, now hold or who may in the future hold any Interests, including all

9

142350477.4

**debt holders, all equity holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, Tort Claimants, perpetrators, other insurers, and all others holding Interests of any kind or nature whatsoever, including those Claims released or to be released pursuant to the Insurance Settlement Agreements, against any of the Protected Parties or the Settling Insurer Entities, that, directly or indirectly, arise from, relate to or is in connection with any of the Settling Insurer Entity Policies, any claim that would have been covered under a Settling Insurer Entity Policy but for an Insurance Settlement Agreement, any Tort Claim, Related Insurance Claim, Class 3 Claims, Class 12 Claims, Class 13 Claims, Class 14 Claims (as each is defined in the joint plan) are hereby permanently stayed, enjoined, barred, and restrained from taking any action, directly or indirectly, to assert, enforce or attempt to assert or enforce any such Interest against the Settling Insurer Entities, the Settling Insurer Entity Policies, or Protected Parties, including:**

   **(a)   Commencing or continuing in any manner any action or other proceeding against the Settling Insurer Entities or the Protected Parties or the property of the Settling Insurer Entities or Protected Parties;**

**(b) Enforcing, attaching, collecting, or recovering, by any manner or means, any judgment, award, decree or order against the Settling Insurer Entities or Protected Parties or the property of the Settling Insurer Entities or Protected Parties;**

**(c) Creating, perfecting, or enforcing any lien of any kind against the Settling Insurer Entities or Protected Parties or the property of the Settling Insurer Entities or Protected Parties;**

**(d) Asserting or accomplishing any setoff, right of indemnity, subrogation, contribution, or recoupment of any kind against any obligation due the Settling Insurer Entities or Protected Parties or the property of the Settling Insurer Entities or Protected Parties; and**

**(e) Taking any action, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the joint plan.**

H. EFFECTIVENESS OF RELEASES AND INJUNCTIONS. Except as otherwise expressly provided in the joint plan, for the consideration described therein, all persons and entities who have held, hold, or may hold Channeled Claims or claims against the Protected Parties or Settling Insurer Entities under the

11

142350477.4

Settling Insurer Entity Policies, whether known or unknown, and their respective civil law and Canon Law officers, directors, officials, representatives, council members, employees, accountants, agents, attorneys, and all others acting for or on their behalf, will be permanently enjoined on and after the effective date from: (i) commencing or continuing in any manner any action or any other proceeding of any kind with respect to any claim, including, but not limited to, any Tort Claim, any Future Tort Claim, or any Channeled Claim against the Protected Parties and Settling Insurer Entities or the property of the Protected Parties and ; (ii) asserting a claim against any person if as a result of such claim such person has or may have a claim against one or more of the Protected Parties or Settling Insurer Entities; (iii) seeking the enforcement, attachment, collection, or recovery by any manner or means, from any of the Protected Parties or Settling Insurer Entities, or from property of any of the Protected Parties or Settling Insurer Entities, with respect to any such Channeled Claim, of any judgment, award, decree, or order against any of the Protected Parties or Settling Insurer Entities; (iv) creating, perfecting, or enforcing any lien of any kind against the Protected Parties or Settling Insurer Entities with respect to any discharged claim or Channeled Claim; (v) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation

12

due to the parties with respect to any discharged claim or Channeled Claim; and (vi) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the joint plan or the joint plan documents, including the trust agreement. Any and all currently pending court proceedings, the continuation of which would violate the provisions of this section, shall be dismissed with prejudice.

    I.    INJUNCTIONS ARE PERMANENT; EXISTING INJUNCTIONS AND STAYS REMAIN IN EFFECT UNTIL EFFECTIVE DATE. On the Effective Date as defined in the joint plan, the injunctions provided for in the joint plan shall be deemed issued, entered, valid and enforceable according to their terms and shall be permanent and irrevocable. All injunctions and stays provided for in the joint plan, the injunctive provisions of 11 U.S.C. §§ 524 and 1141, and all injunctions or stays protecting Settling Insurer Entities are permanent and will remain in full force and effect following the Effective Date and are not subject to being vacated or modified.

    J.    LIABILITY OF JOINT TORTFEASORS. Pursuant to the joint plan, any person or entity that is or was alleged to be a joint tortfeasor with the debtor or the Protected Parties in connection with any Tort Claim shall not be liable for the debtor's or Protected Parties' share of liability or fault for such claim.

13

142350477.4

K. REDUCTION. In any proceeding, suit, or action to recover or obtain insurance coverage or proceeds for a Tort Claim from an insurer that is an Other Insurer, as defined in the joint plan, the following shall apply:

    a. If the trust, a Protected Party, a Tort Claimant, or any other person or entity bound by the joint plan obtains a judgment against the Other Insurer, the judgment shall automatically be reduced by the amount, if any, that all Settling Insurer Entities would have been liable to pay such Other Insurer as a result of the Other Insurer's Related Insurance Claim against the Settling Insurer Entities. To ensure that such a reduction is accomplished, (a) the person or entity pursuing the Related Insurance Claim (whether the trust, the Protected Parties, a Tort Claimant, or any other person or entity bound by the joint plan) shall inform the Other Insurer of the existence of this judgment reduction provision at the time a claim is first asserted against the Other Insurer; (b) the Other Insurer's Related Insurance Claim against a Settling Insurer Entity may be asserted as a defense in any proceeding, suit, or action to obtain insurance coverage or proceeds from that Other Insurer for a Tort Claim;

14

and (c) to the extent the Other Insurer's Related Insurance Claim against a Settling Insurer Entity is determined to be valid by the court presiding over such action, the liability of the Other Insurer shall be reduced dollar for dollar by the amount so determined.

b. If, for any reason, any Other Insurer asserts a claim against a Settling Insurer Entity that it is entitled to obtain a sum certain from any of the Settling Insurer Entities as a result of a Related Insurance Claim, the person or entity who obtained a judgment or settlement against the Other Insurer shall reduce its judgment or claim against, or settlement with, such Other Insurer to the extent necessary to satisfy such Related Insurance Claims against the Settling Insurer Entities. To ensure that such a reduction is accomplished, the Settling Insurer Entities shall be entitled to assert this provision as a defense to any action against them brought by any Other Insurer and shall be entitled to request that the court or appropriate tribunal issue such orders as are necessary to effectuate the reduction to protect the Settling Insurer Entities from any liability for the Related Insurance Claim.

142350477.4

L.　PAYMENT OF PROFESSIONAL FEES. The trust shall pay all unpaid allowed professional claims within seven days after the later of the effective date of the joint plan or the court's order on such claims.

M.　MAILING OF NOTICE. The debtor shall forthwith mail copies of this order as notice of entry of this order and confirmation of the joint plan to the entities specified in Local Rules 9013-3 and to all creditors and other parties in interest.

Dated:　September 25, 2018

　　　　　　　　　　　　　　　　　　　　/e/ Robert J. Kressel　　　　　　　

　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

16

142350477.4