# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

The Archdiocese of Saint Paul
and Minneapolis,

Debtor.

Case No. 15-30125

Chapter 11

### AMENDED ORDER APPROVING SETTLEMENT AGREEMENT WITH CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND CERTAIN LONDON MARKET INSURANCE COMPANIES

This case is before the court on the *Joint Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 And 9019 for an Order (I) Approving Settlement Agreements Between the Debtor, the Catholic Entities, the Seminaries, the Official Committee Of Unsecured Creditors, and Certain Insurers and (II) Authorizing the Debtor to Sell Insurance Policies and Grant Related Releases* filed on August 3, 2018 [Doc. 1214] pursuant to sections 105(a) and 363(b), (f), and (m) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 7052, 9014, and 9019, and Local Rules 2002-1, 9013-1, and 9013-2 for entry of an order (1) approving the settlement agreement attached to the motion as exhibit D, (2) authorizing the debtor to sell the settling insurer entity policies under the settlement agreements, and (3) granting such other relief as is just and proper.

Based upon the motion and the settlement agreement, the court makes the following findings of fact and conclusions of law:

**I. FINDINGS OF FACT**

IT IS FOUND AND DETERMINED:

1. The debtor demonstrated sound business reasons for the sale of the transferred interests identified in the settlement agreement to the Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies.

2. The settlement agreement was negotiated extensively, at arms-length, and in good faith between the debtor and Certain Underwriters at Lloyd's, London, and Certain London Market

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *09/27/2018*
Lori Vosejpka, Clerk, by LH

Insurance Companies. The Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies are good faith purchasers in good faith within the meaning of Bankruptcy Code § 363(m), and are entitled to all of the protections of that statute.

3. The terms of the transactions contemplated by the settlement agreement, as well as the genesis and background of the settlement agreement, have been disclosed to the court.

4. The transactions contemplated by the settlement agreement are in the best interests of the debtor's bankruptcy estate, its creditors, and other stakeholders.

5. The Archdiocese parties and Catholic entities under the settlement agreement are parties to the relief sought in the motion, and hence are deemed to have consented to the sale within the meaning of Bankruptcy Code § 363(f)(2).

6. Class 6 and class 7 claims under the joint plan are subject to *bona fide* dispute, hence the transferred interests identified in the settlement agreement may be sold free and clear of such claims pursuant to § 363(f)(4).

7. The only potential holders of interests in or against the subject insurance policies identified in the settlement agreement are Archdiocese parties and Catholic entities under the settlement agreement and persons who hold claims against Archdiocese parties or Catholic entities under the settlement agreement, whose claims might be covered by the Subject Insurance Policies.

8. All holders of claims against the transferred interests identified in the settlement agreement could be compelled in a legal or equitable proceeding to accept a money satisfaction of such claims, therefore the transferred interests identified in the settlement agreement may be sold free and clear of such claims pursuant to § 363(f)(5).

9. The compromises and settlements embodied in the settlement agreement, including the consideration to be realized by the trust to be established under the joint plan [Doc. 1198] have been negotiated in good faith, and are reasonable, fair, and equitable.

10. In light of the: (1) probability of success in the litigation of the insurance coverage adversary proceeding;    (2)

difficulties, if any, to be encountered in the matter of collection; (3) complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) paramount interest of the creditors and a proper deference to their reasonable views, the settlement agreement is fair and equitable and in the best interest of the debtor's bankruptcy estate and its creditors.

11. The settlement payments are fair, adequate, and reasonable consideration for (1) the sale by Archdiocese parties and Catholic entities under the settlement agreement and buy-back by the Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies of all transferred interests identified in the settlement agreement and any interests of holders of class 6 and class 7 claims under the joint plan or other claims in the settling insurer entity policies under the settlement agreements, directly or indirectly, and (2) the release of Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies.

12. The debtor and the official committee of unsecured creditors provided due and adequate notice of the (1) sale of the transferred interests identified in the settlement agreement; (2) terms and conditions of the settlement agreement; and (3) hearing on the sale, in accordance with Bankruptcy Rules 2002 and 6004 to all known and unknown creditors.

13. It would be impractical to divide the settling insurer entity policies amongst the Archdiocese parties, Catholic entities, and holders of class 6 and class 7 claims under the joint plan; therefore, the sale of the transferred interests identified in the settlement agreement is necessary to realize the value of the settling insurer entity policies for the debtor's bankruptcy estate and the class 6 and class 7 claimants under the joint plan.

14. The sale of the transferred interests identified in the settlement agreement outside the ordinary course of business satisfies the requirements of Bankruptcy Code § 363(b).

15. The sale of the transferred interests identified in the settlement agreement free and clear of the interests of all persons satisfies the requirements of § 363(f).

16. The claims of any persons holding claims that would be covered by the settling insurer entity policies under the settlement agreements, which are being acquired by Certain

3

Underwriters at Lloyd's, London, and Certain London Market Insurance Companies pursuant to the settlement agreement, are deemed to be "interests" as that term is used in Bankruptcy Code § 363(f).

**II. CONCLUSIONS OF LAW**

IT IS ORDERED:

1. The motion is granted and the settlement agreement is approved pursuant to Bankruptcy Code §§ 363(b), (f), and (m), and 105(a), and Bankruptcy Rules 6004 and 9019.

2. The parties to the settlement agreement, as well as other implicated parties such as the trustee, shall perform their respective obligations pursuant to the terms and conditions of the settlement agreement.

3. In exchange for the payments contemplated in each settlement agreement, and upon payment of the same to the trust, and without any further action being required, the Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies shall be deemed to have bought back the settling insurer entity policies under the settlement agreements free and clear of all interests of all persons, including all interests, if any, arising under Minn. Stat. Chapter 60A, with all interests in and to, and claims against, the transferred interests identified in the settlement agreement being fully extinguished without reservation as to the Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies and channeled to the trust. All persons and entities shall be barred, estopped and enjoined from asserting any liabilities, rights, claims, suits or actions arising from such interests against Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies.

4. Such sale of the settling insurer entity policies under the settlement agreements is made by the debtor to the Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies pursuant to sections 363(b), (f), and (m) of the Bankruptcy Code.

5. The Certain Underwriters at Lloyd's, London, and Certain London Market Insurance Companies are *bona fide* good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code.

93686009.1

142157639.2

      6.    The terms and conditions of the settlement agreement, including the settlement amount of $6,000,000, constitute fair and reasonable settlements of the parties' disputes and of their respective rights and obligations relating to the settling insurer entity policies under the settlement agreements and constitute reasonably equivalent value.

      7.    The releases set forth in the settlement agreement comply with the Bankruptcy Code and applicable non-bankruptcy law.

      8.    The court retains jurisdiction to resolve any disputes that may arise in respect of the implementation of the settlement agreement, which shall be construed in accordance with Minnesota law, or the interpretation or enforcement of this order.

      9.    The settlement agreement and this order are binding upon the parties to the settlement agreement, the reorganized debtor, any trust or trustee for the debtor, its assets, or its liabilities, and shall survive the confirmation of any plan of reorganization for the debtor.

Dated: September 27, 2018     /e/ Robert J. Kressel
                                            United States Bankruptcy Judge

93686009.1

142157639.2